WILMER CUTLER PICKERING
 HALE AND DORR LLP
Eric Mahr (*admitted pro hac vice*)
Christopher E. Babbitt (*admitted pro hac vice*)
Christopher T. Casamassima (*admitted pro hac vice*)
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
eric.mahr@wilmerhale.com
christopher.babbitt@wilmerhale.com
chris.casamassimna@wilmerhale.com

STEPTOE & JOHNSON LLP
Paul K. Charlton (012449)
Karl M. Tilleman (013435)
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299
pcharlton@steptoe.com
ktilleman@steptoe.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| SolarCity Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Salt River Project Agricultural Improvement and Power District; Salt River Valley Water Users' Association,<br><br>Defendants. | Case No. 2:15-CV-00374-DLR<br><br>**DEFENDANT SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT'S REQUEST FOR JUDICIAL NOTICE OF JUDICIAL AND ADMINISTRATIVE FILINGS AND RECORDS, AND ONLINE PUBLICATIONS** |

# INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendant Salt River Project Agricultural Improvement and Power District (the "District") respectfully requests that this Court take judicial notice of eleven documents in connection with the District's Motion to Dismiss. These documents provide relevant facts that will assist the Court's understanding of SolarCity's claims and the dispositive legal arguments the District makes in its Motion. Taking notice of these judicially-noticeable facts will therefore substantially further the interests of justice and judicial economy.

A court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice— without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). And a court is not required to "accept as true allegations that contradict matters properly subject to judicial notice . . . ." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). All of the documents that are the subject of this Request are publicly available, directly relate to allegations in the Amended Complaint, and/or are incorporated by reference in the Amended Complaint. Each document meets the standard for judicial notice under Federal Rule of Evidence 201.

The eleven documents at issue in this Request are:

**(1)** the *SolarCity v. Arizona Department of Revenue* ("ADOR") complaint filed in the Arizona Tax Court, Superior Court of the State of Arizona (Case No. TX2014-000129) challenging ADOR's position that certain solar systems owned by SolarCity and Sunrun, Inc. are subject to property tax;

**(2)** SolarCity's Controverting Statement of Facts from the *SolarCity v. ADOR* litigation;

**(3)** SolarCity's Pre-Filed Witness Testimony that includes the testimony of SolarCity's CEO, Lyndon Rive, filed on August 24, 2009 by SolarCity in an

|   |     |   |
|---|---|---|
| 1 |  | administrative proceeding in the Arizona Corporation Commission ("ACC") in support of its request for a determination that SolarCity is not acting as a public service corporation (Docket No. E-20690A-09-0346); |
| 4 | **(4)** | ACC Decision No. 71795 in the ACC proceeding regarding SolarCity's request for a determination that it is not acting as a public service corporation (Docket No. E-20690A-09-0346); |
| 7 | **(5)** | a 2010 ACC Staff Report filed in two ACC proceedings related to electric restructuring issues (Docket Nos. E-00000A-02-0051 & E-00000A-01-0630); |
| 9 | **(6)** | a memorandum directing the opening of ACC Docket No. E-00000W-13-0135; |
| 10 | **(7)** | a memorandum directing the administrative closure of ACC Docket No. E-00000W-13-0135; |
| 12 | **(8)** | the District's Legal Notice of the proposed changes to electric rate schedules; |
| 13 | **(9)** | a pricing plan summary published on the District's website; |
| 14 | **(10)** | SolarCity's March 24, 2015 Notice of Claims Pursuant to A.R.S. § 12-821.01; and |
| 16 | **(11)** | the District's May 15, 2015 response letter to SolarCity's March 24, 2015 Notice of Claims. |

True and correct copies of these documents are attached as Exhibits 1 through 11, respectively.

## ARGUMENT

### I. LEGAL STANDARD

On a motion to dismiss, a court may take judicial notice of matters of public record outside the pleadings pursuant to Federal Rule of Evidence 201. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is "not subject to reasonable dispute" in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

| | |
|---|---|
| 1 | This scope of such noticeable facts includes "court filings and other matters of |
| 2 | public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th |
| 3 | Cir. 2006); *Hott v. City of San Jose*, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (taking |
| 4 | judicial notice of relevant memoranda and orders filed in state court cases), *aff'd*, 22 F. |
| 5 | App'x 799 (9th Cir. 2001). In addition, "[a] court may take judicial notice of documents |
| 6 | filed in judicial or administrative proceedings, and documents that are public record." |
| 7 | *Rupert v. Bond*, No. 12-CV-05292-BLF, 2014 WL 4775375, at *6 (N.D. Cal. Sept. 22, |
| 8 | 2014) (citing *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, |
| 9 | 971 F.2d 244, 248 (9th Cir. 1992)); *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, |
| 10 | 1282 (9th Cir. 1986) ("[A] court may take judicial notice of 'records and reports of |
| 11 | administrative bodies.'") (citation omitted)). |
| 12 | Courts may take judicial notice of the existence of a public document or of |
| 13 | representations in the document, when the document has a direct relation to the matters at |
| 14 | issue in the present case. *See Cactus Corner, LLC v. USDA*, 346 F. Supp. 2d 1075, 1099 |
| 15 | (E.D. Cal. 2004), *aff'd*, 450 F.3d 428 (9th Cir. 2006); *Reyn's Pasta Bella*, 442 F.3d at 746 |
| 16 | n.6 (taking judicial notice of documents related to a settlement in another case that bore |
| 17 | on whether the plaintiff was still able to assert its claims in the pending case); *Fadaie v.* |
| 18 | *Alaska Airlines, Inc.*, 293 F. Supp. 2d 1210, 1214-15 (W.D. Wash. 2003) (in deciding |
| 19 | motion to dismiss in a whistle blower retaliation action brought by employees, the district |
| 20 | court could take judicial notice of the administrative complaint filed with OSHA and |
| 21 | factual findings by Secretary of Labor, which formed the basis of the employees' claims |
| 22 | and were matters of public record). |
| 23 | For the reasons explained below, Exhibits 1 through 11 meet the applicable |
| 24 | standards for judicial notice and the Court should grant this Request. |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## II. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF THE *SOLARCITY V. ADOR* COMPLAINT AND SOLARCITY'S CONTROVERTING STATEMENT OF FACTS

This Court should take judicial notice of the *SolarCity v. ADOR* complaint and the Plaintiffs' Controverting Statement of Facts filed in the Arizona Tax Court, Superior Court of the State of Arizona, by SolarCity and Sunrun, Inc. Exhibit 1 (*SolarCity v. Ariz. Dep't of Revenue*, Case No. TX2014-000129 (Ariz. Super. Ct., T.C. June 30, 2014)); Exhibit 2 (Plaintiffs' Controverting Statement of Facts, *SolarCity v. Arizona Department of Revenue*, Case No. TX2014-000129 (Ariz. Super. Ct., T.C. Apr. 9, 2015)).

On June 30, 2014, SolarCity filed suit challenging the Arizona Department of Revenue's ("ADOR") position that certain solar systems owned by SolarCity and Sunrun are subject to property tax. Since that initial filing, SolarCity has made additional filings that are now part of the public record, including Plaintiffs' Controverting Statement of Facts, which was filed on April 9, 2015 in support of SolarCity's cross-motion for summary judgment. Federal courts consistently allow notice of such court filings. *See, e.g.*, *Reyn's Pasta Bella*, 442 F.3d at 746 n.6.

Moreover, *SolarCity v. ADOR* concerns issues that are "directly related" to the issues in this action. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (taking judicial notice of documents from California state-court proceedings that were "directly related" to issues raised by petitioner's habeas petition); *Cactus Corner*, 346 F. Supp. 2d at 1092 ("Federal courts may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.'") (citation omitted). Specifically, both the complaint and the Controverting Statement of Facts raise the issue of whether SolarCity sells retail electricity to consumers and therefore competes with the District. Ex. 1 ¶ 5; Ex. 2 ¶ 70.

In this case, SolarCity's federal antitrust standing, *see Somers v. Apple, Inc.*, 729 F.3d 953, 962 (9th Cir. 2013), and many of its claims are based on its assertion that it directly competes with the District. *See, e.g.*, First Amended Complaint, *SolarCity v. Salt*

*River Project*, Case No. 2:15-cv-00374-DLR, Dkt. No. 39 ¶¶ 50-51 (D. Ariz. May 20, 2015) (hereinafter "First Amended Complaint") ("SolarCity directly competes with SRP in the retail market . . . . SRP fully recognizes that SolarCity and other distributed solar providers are competitors."). SolarCity, however, took the *opposite* position in *SolarCity v. ADOR*, where it argues that it does *not* compete with local electric utilities. *See* Ex. 2 ¶ 70 ("Simply put, there is no issue as to whether either of the Plaintiffs 'compete' with local utilities in any sense of that word."). SolarCity's positions are flatly inconsistent on competition, an issue that is directly related to this action. Judicial notice is therefore appropriate in this case.

### III. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF FILINGS AND RECORDS IN ACC PROCEEDINGS

On July 2, 2009, SolarCity filed an administrative proceeding in the Arizona Corporation Commission (the "ACC"), requesting that SolarCity not be designated a public service corporation because it does not furnish electricity in Arizona. *See* SolarCity's Application and Request for Expedited Ruling at 7-8, ACC Dkt. No. E-20690A-09-0346 (July 2, 2009). One of SolarCity's administrative filings in Docket E-20690A-09-0346 is the testimony of SolarCity's CEO, Lyndon Rive. Exhibit 3 (Notice of Filing of Applicant, SolarCity's Pre-Filed Witness Testimony and Exhibits, ACC Dkt. No. E-20690A-09-0346 (Aug. 24, 2009), Testimony of Lyndon Rive (Aug. 20, 2009)). The District requests that this Court take judicial notice of the testimony of Lyndon Rive publicly filed by SolarCity in the ACC's administrative proceeding.

The filed testimony of Mr. Rive is particularly relevant to the present case because in it Mr. Rive states unequivocally that SolarCity does not compete against public service corporations. *See* Ex. 3 at 8 ("Does SolarCity compete against public service corporations? No. SolarCity is not an electric utility/public service corporation."). In its First Amended Complaint, however, SolarCity alleges just the opposite: that it "directly competes with SRP in the retail market because SolarCity offers equipment and services that provide electricity—specifically solar-generated electricity—to customers." First

| | |
|---|---|
| 1 | Amended Complaint ¶ 50. Therefore, Exhibit 3, like Exhibits 1-2 discussed above, |
| 2 | demonstrates the inconsistency between SolarCity's current allegations and SolarCity's |
| 3 | position in prior proceedings. |

The District also requests that this Court take judicial notice of the ACC's filed decision in Docket E-20690A-09-0346, regarding the determination of whether SolarCity is acting as a public service corporation. Exhibit 4 (Decision No. 71795, Opinion and Order, ACC Dkt. No. E-20690A-09-0346 (July 12, 2010)). This ACC filing is relevant because it shows that SolarCity prevailed in its request to *not* be designed a public service corporation that furnishes electricity in Arizona.

In addition, the District requests that this Court take judicial notice of a 2010 ACC Staff Report filed in two ACC proceedings related to electric restructuring issues. Exhibit 5 (Staff Report for Generic Proceedings Concerning Electric Restructuring Issues, ACC Dkt. Nos. E-00000A-02-0051 & E-00000A-01-0630 (Aug. 12, 2010)). Finally, the District requests that this Court take judicial notice of two memoranda related to the opening and administrative closure of Docket No. E-00000W-13-0135, titled "In the Matter of the Commission's Inquiry into Retail Electric Competition." Exhibit 6 (Jodi Jerich, Memorandum Directing Opening of Docket, ACC Dkt. No. E-00000W-13-0135, May 14, 2013); Exhibit 7 (Jodi Jerich, Memorandum Directing Administrative Closure of this Docket, ACC Dkt. No. E-00000W-13-0135, Sept. 24, 2013). These filings relate to an ACC docket that was briefly opened to reexamine whether Arizona should pursue restructuring of the electric industry. Therefore, these ACC filings are relevant to the present case because they directly relate to the issue of competition in the electric industry.

Documents filed in administrative proceedings may be judicially noticed. *See Rupert*, 2014 WL 4775375, at *6 ("A court may take judicial notice of documents filed in judicial or *administrative proceedings*, and documents that are public record.") (emphasis added) (citations omitted); *Jimenez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, 246 (C.D. Cal. 2006) ("The content of records and reports of administrative bodies are proper

subjects for judicial notice under Rule 201(d)."). In the past, this Court has taken judicial notice of public filings with the Arizona Corporation Commission. *See Robinson v. Heritage Elementary Sch.*, No. CV–09–0541–PHX–LOA, 2009 WL 1578313, at *1 n.3 (D. Ariz. June 3, 2009) ("A district court may properly take judicial notice of public records filed with the Arizona Corporation Commission because such filings are 'not subject to reasonable dispute.'") (citation omitted).

Likewise here, the SolarCity ACC filing of Lyndon Rive's testimony, the ACC's filed decision in the same administrative proceeding, and the ACC Staff Report relate to electric restructuring issues, are public filings, and are not subject to reasonable dispute. Therefore, this Court should take judicial notice of the ACC administrative proceeding filings and records.

## IV. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF DOCUMENTS PUBLISHED ON THE DISTRICT'S WEBSITE

Federal courts in the Ninth Circuit and elsewhere have consistently permitted judicial notice of web-based documents as long as their authenticity is not subject to reasonable dispute. *See Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) ("For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'"); *Blue Lake Rancheria v. United States*, No. 08–4206 SC, 2010 WL 144989, at *2 n.4 (N.D. Cal. Jan. 8, 2010) (taking judicial notice of a website maintained by a party to the action as reliable), *rev'd and remanded on other grounds*, 653 F.3d 1112 (9th Cir. 2011); *O'Toole v. Northrop Grumman Corp.*, 499 F. 3d 1218, 1225 (10th Cir. 2007) (judicial notice of proof of earnings from Northrop Grumman's website); *In re Agribiotech Sec. Litig.*, No. CV-S-990144 PMP (LRL), 2000 WL 35595963, at *2 (D. Nev. Mar. 2, 2000) ("In this new technological age, official government or company documents may be judicially noticed insofar as they are available via the worldwide web."). The following requests should be granted because the documents found on the

District's website are two official District documents that are publicly available and not subject to reasonable dispute.

### *1.  District's Legal Notice Of Proposed Price Changes*

The District also requests that this Court take judicial notice of the Legal Notice prepared by the District regarding proposed changes to its standard electric rate schedules (Dec. 12, 2014) (Exhibit 8[1]), available to the public on the District's website: http://www.srpnet.com/prices/priceprocess/pdfx/PPN.pdf. In accordance with A.R.S. § 48-2334(B), the District must "provide public notice of proposed changes" to its rates. The District did so through the Legal Notice at issue here, which, among other forms of distribution, was made available to the general public on the District's website. This document relates to the District's public pricing process and provides important background to understand the claims at issue in the present case. The Legal Notice is publicly available online, is easily verifiable, and not subject to reasonable dispute. Therefore, the Court should take judicial notice of the Legal Notice.

### *2.  Executive Summary Of 2014 Price Proposal*

Before the District introduced the new pricing plans that are at the core of SolarCity's Amended Complaint (*see, e.g.*, First Amended Complaint at ¶ 4), the District's Management prepared an executive summary of the 2014 price proposal and published it on its website. The District requests that this Court take judicial notice of the Executive Summary of the 2014 Price Proposal and Customer Generation Price Plan prepared by the District's Management' (Feb. 9, 2015) (Exhibit 9[2]), and available to the public in the District's website: http://www.srpnet.com/prices/priceprocess/pdfx/ExecSummary.pdf. This document relates to the public pricing process and provides important background to understand the claims at issue in the present case. This document is available in the District's website

---

[1] Exhibit 8 includes a screenshot of the webpage where the document is available in addition to the full document.

[2] Exhibit 9 includes a screenshot of the webpage where the document is available in addition to the full document.

and is noticeable because it is publicly available and not subject to reasonable dispute. *See Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983 (N.D. Cal. 2010) (finding printouts from Defendant's own website judicially noticeable and citing to *Blue Lake Rancheria*, 2010 WL 144989 at *2 n.4, where the court took judicial notice of printout from tribe's website in part because it was reliable since it was maintained by the tribe). Therefore, this Court should take judicial notice of the District's Executive Summary.

## V. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF SOLARCITY'S NOTICE OF CLAIMS AND THE DISTRICT'S RESPONSE TO SOLARCITY'S NOTICE OF CLAIMS

On March 24, 2015, pursuant to A.R.S. § 12-821.01, SolarCity sent the District a Notice of Claims notifying the District of its intention to seek damages under Arizona state law. On May 5, 2015, SolarCity and the District filed a stipulation regarding, *inter alia*, a date for the District to respond to SolarCity's Notice of Claims. On May 6, 2015, this Court filed an Order directing the District to respond to SolarCity's March 24, 2015 Notice of State Law Damages claims by May 15, 2015. Accordingly, on May 15, 2015, the District sent a letter to SolarCity responding to SolarCity's Notice of Claims under A.R.S. § 12-821.01.

The District requests that this Court take judicial notice of SolarCity's March 24, 2015 Notice of Claims (Exhibit 10) and the District's Response to SolarCity's Notice of Claims (Exhibit 11). SolarCity's Notice of Claims and the District's Response should be judicially noticed by the Court because SolarCity specifically referred to its March 24, 2015 Notice of Claims in its First Amended Complaint in this action. *See* First Amended Complaint ¶ 104. A court can consider documents under the incorporation by reference doctrine if they are referenced in the complaint and their authenticity has not been questioned. *See No. 84 Employer-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 (9th Cir. 2003); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily

relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."). And given the direct connection of the District's Response to the Notice of Claims, the Response should also be deemed as incorporated by reference. Its authenticity cannot be questioned and, per A.R.S. § 12-821.01, the Notice process—which includes the Response—is essential to the authorization to pursue state law claims for damages against the District.

In addition, these two documents form part of the Court's record in the present action because they are one of the subjects of the Court's May 6, 2015 order. *See* Order, *SolarCity v. Salt River Project*, Case No. 2:15-cv-00374-DLR, Dkt. No. 31 (D. Ariz. May 6, 2015). It is clear that courts may take judicial notice of their own records. *See United States v. Author Servs., Inc.*, 804 F.2d 1520, 1523 (9th Cir. 1986), *overruled on other grounds by United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997); *Kruska v. Perverted Justice Found. Inc.*, No. CV 08-00054-PHX-SMM, 2010 WL 1875514, at *2 (D. Ariz. May 7, 2010) ("It is also well established that a federal district court can take judicial notice of its own records."). These two documents form part of the Court's record under the Court's Order and, pursuant to A.R.S. § 12-821.01, the Notice of Claims is required before initiating the type of state law claims in the present action to recover damages against the District.

Accordingly, the Court should take judicial notice of Exhibits 10-11.

## VI. CONCLUSION

For the foregoing reasons, the District respectfully requests that the Court take judicial notice as requested herein.

1  RESPECTFULLY SUBMITTED this 23rd day of June, 2015.

2

3                                                    _s/Christopher E. Babbitt_____
   Steptoe & Johnson LLP                             Wilmer Cutler Pickering Hale and Dorr LLP
4  Paul K. Charlton                                  Eric Mahr
5  Karl M. Tilleman                                  Christopher E. Babbitt
   201 East Washington Street, Suite 1600            Christopher T. Casamassima
6  Phoenix, AZ 85004                                 1875 Pennsylvania Avenue NW
7  Telephone: (602) 257-5200                         Washington, DC 20006
   Facsimile: (602) 257-5299                         Telephone: (202) 663 6000
8  pcharlton@steptoe.com                             Facsimile: (202) 663 6363
   ktilleman@steptoe.com                             eric.mahr@wilmerhale.com
9                                                    christopher.babbitt@wilmerhale.com
10                                                   chris.casamassima@wilmerhale.com

11
                                                     Attorneys for Defendants
12

# CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Richard J. Pocker (012548)

BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
William A. Isaacson (*admitted pro hac vice*)
Karen L. Dunn (*admitted pro hac vice*)

BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Steven C. Holtzman
John F. Cove, Jr.
Kieran P. Ringgenberg
Sean P. Rodriguez

COPPERSMITH BROCKELMAN PLC
2800 North Central Avenue, Suite 1200
Phoenix, AZ 85004
Keith Beauchamp
Roopali H. Desai

            s/ Christopher E. Babbitt