# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SolarCity Corporation,<br><br>      Plaintiff,<br><br>v.<br><br>Salt River Project Agricultural Improvement and Power District, et al.,<br><br>      Defendants. | No. CV-15-00374-PHX-DLR<br><br>**STIPULATED PROTECTIVE ORDER** |

  The Court, having reviewed the Parties' Stipulation for Entry of a Protective Order, (Doc. 50), and good cause appearing, hereby enters the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c):

  1. This Protective Order shall be applicable to and govern all depositions, documents, information or things produced by a Party or third party in connection with this litigation in response to requests for production of documents, requests for inspections of things, answers to interrogatories, responses to requests for admissions, answers to deposition questions and all other discovery taken pursuant to the Federal Rules of Civil Procedure (hereinafter, "Discovery Material") that the Designating Party designates as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only." A Party (or, if applicable, non-party) designating Discovery Material as "Confidential Information" or "Highly Confidential Information – Attorneys'

Eyes Only" shall be referred to for purposes of this Protective Order as the "Designating Party."

2. Any Party (or, if applicable, non-party) receiving Discovery Material designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" shall be referred to for purposes of this Protective Order as the "Receiving Party." Counsel for any Designating Party (or a Designating Party itself, if unrepresented) may designate any Discovery Material as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" under the terms of this Protective Order only if such counsel or party in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c). The designation by any Designating Party of any Discovery Material as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" shall constitute a representation that the Designating Party or its counsel reasonably believes there is a valid basis for such designation.

3. For purposes of this Protective Order, "Confidential Information" shall include all non-public information or matter related to: financial or business plans or projections; acquisition offers or expressions of interest; proposed strategic transactions or other business combinations; compensation plans; proprietary technical information and specifications; current or future business and marketing information, plans, and strategies; studies or analyses by internal or outside experts; customer information, data or lists; confidential financial data or results; tax data; confidential information regarding assets and liabilities; valuation analyses; competitive analyses; confidential personnel information; personal financial information; personal information subject to protection under California or Arizona or other applicable law; critical infrastructure information, critical energy infrastructure information, information subject to the critical infrastructure reliability protection standards; or other commercially or personally

sensitive or proprietary information. Notwithstanding the foregoing, Confidential Information shall not mean information or documents produced or disclosed that are or become, without violating this Protective Order, and apart from production or disclosure in connection with this action, a matter of public record, publicly available by law or otherwise, or voluntarily disclosed to a third party without a contractual or fiduciary duty of confidentiality.

4. For purposes of this Protective Order, "Highly Confidential Information" shall include only extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or other highly confidential information directly concerning current or future business plans, strategies, or costs, the disclosure of which to the Receiving Parties or non-parties (other than the Designating Party) would be likely to cause significant competitive or business injury to the Designating Party (other than injury to the Designating Party's position in this Action). Highly Confidential Information shall be designated as "Highly Confidential Information – Attorneys' Eyes Only" or "Highly Confidential Information – AEO" and the use and disclosure of such information shall be restricted as set forth below. Notwithstanding the foregoing, Highly Confidential Information shall not mean information or documents produced or disclosed that are or become, without violating this Protective Order, and apart from production or disclosure in connection with this action, a matter of public record, publicly available by law or otherwise, or voluntarily disclosed to a third party without a contractual or fiduciary duty of confidentiality.

5. Any Discovery Material designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only," whether such information is provided orally or by a document or in electronic form, shall be maintained as set forth in the Protective Order, and shall not be used or disclosed to any person or entity, except as permitted in the Protective Order.

6. All Discovery Material, whether or not filed or lodged with the Court, that a Designating Party contends constitutes "Confidential Information" or "Highly Confidential Information" shall be designated by the Designating Party as follows:

a. Documents or other tangible Discovery Material shall, at the time of their production, be designated by stamping or labeling the same with the legend "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" on each page of a document or material containing such information.

b. Deposition testimony shall be designated "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" (i) at the taking of the deposition by a statement on the record, by counsel at the time of such disclosure, or (ii) by written notice sent to counsel of record for all Parties within ten (10) business days after receiving a copy of the final, hard copy transcript thereof, identifying the specific pages thereof designated as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only."  In both of the foregoing instances, counsel for the Designating Party shall direct that the legend "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" be affixed to the portions of the original and all copies of the transcript. Counsel shall treat deposition transcripts as "Highly Confidential Information - Attorneys' Eyes Only" in their entirety until the relevant period for the designation has expired.  The Parties may modify this procedure for any particular deposition through agreement on the record at such depositions without further order of the Court.

c. Non-documentary and non-testimonial material, such as oral statements, shall be designated as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" at the time of disclosure and promptly confirmed in writing.

7. Inadvertent failure to designate Discovery Material as "Confidential

Information" or "Highly Confidential Information - Attorneys' Eyes Only" shall not constitute a waiver of such claim and may be corrected by prompt written notice designating such Discovery Material as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" in a manner consistent with Paragraph 6. The Party or non-party receiving such written notice shall thereafter mark and treat materials so designated as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" as the case may be, and such materials shall be fully subject to this Protective Order as if they had been initially so designated. A person disclosing Discovery Material that is subsequently designated as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" shall in good faith assist the Designating Party in retrieving such Discovery Material from all recipients not entitled to receive such Discovery Material under the terms of this Protective Order and prevent further disclosures except as authorized under the terms of this Protective Order.

8. Except as the Designating Party or its counsel may otherwise agree in writing, or as the Court may otherwise order, all Discovery Material marked or otherwise identified as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" and received by any Receiving Party pursuant to this Protective Order: (a) shall be disclosed only to such persons and in such manner as set forth in this Protective Order; (b) shall be used solely for the purposes of the prosecution or defense of this Action (including any appeals) and no other; and (c) shall not be used by the Receiving Party for any other purposes, including, without limitation, any business or commercial purpose. The prohibitions on the use of Confidential Information and Highly Confidential Information as set forth in this Protective Order shall survive the termination of this Action.

9. Counsel for a Receiving Party may disclose or make available any

Discovery Material designated as "Confidential Information" and/or any information derived from such Discovery Material only to the following persons:

      a.       Counsel to the Parties in this Action (outside counsel of record in this Action, and in-house counsel, including members of the outside counsel firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees), and consultants and vendors of such Counsel to the Parties (including trial consultants, jury consultants, and service vendors such as outside copying services, outside litigation support services, translation services or graphics, design, or document handling services/consultants retained in connection with this Action for purposes of preparing demonstrative or other exhibits for deposition, motion practice, trial, or other court proceedings and excluding consulting or testifying subject-matter experts) ("Consultants and Vendors"), provided that no Discovery Material designated as "Confidential Information" shall be disclosed to any Consultants and Vendors or temporary employee of Counsel to the Parties unless and until such person has executed a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A;

      b.       The Parties, including directors or employees of the Parties, to the extent reasonably necessary in the prosecution or defense of this Action;

      c.       Trial witnesses and deponents ("Witnesses"), and their counsel, during the course of and, only to the extent necessary, in preparation for and in the course of depositions or testimony in this Action, subject to the provisions of Paragraph 11 below;

      d.       Retained experts and expert consultants assisting counsel for the Parties in this Action, and only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action, subject to the provisions of Paragraph 13 below;

        e.      The Court and its staff and administrative personnel, and Court reporters, videographers and stenographers employed to take depositions, and any essential personnel retained by the Court; and

        f.      Any other person only upon order of the Court or upon stipulation of the Designating Party.

    10.    Counsel for a Receiving Party may disclose or make available any Discovery Material designated as "Highly Confidential Information – Attorneys' Eyes Only" and/or any information derived from such Discovery Material only to the following persons:

        a.      Counsel to the Parties in this Action (outside counsel of record in this Action, including members of such outside counsel firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees), and Consultants and Vendors of such outside counsel to the Parties, provided that no Discovery Material designated as "Highly Confidential Information – Attorneys' Eyes Only" shall be disclosed to any Consultants and Vendors or temporary employee of Counsel to the Parties unless and until such person has executed a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A;

        b.      From each Party, four (4) in-house counsel who are employed by the legal department for a Party and who are not substantially involved in competitive decisionmaking for the Party, as well as designated in-house counsels' necessary secretarial, clerical, administrative or support staff, provided that such staff are not substantially involved in competitive decisionmaking for the Party.[1] Either Party may

---

[1] To avoid doubt, "competitive decisionmaking" is used as a term of art referencing a body of case law on protective orders. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) (defining "competitive decisionmaking" to mean "advising on decisions about pricing or design 'made in light of similar or corresponding information about a competitor'"). The parties' chief legal

- 7 -

change the in-house counsel so designated by proposing such a designation or change in writing to (i) all counsel of record in this action, including providing a detailed description of the proposed designee's present and past roles and responsibilities as an employee of the Party over the prior five (5) years, and (ii) counsel of record for all third-parties, if any, that have produced documents or materials designated as "Highly Confidential Information – Attorneys' Eyes Only" pursuant to this Protective Order. Consent to such proposed amendment will be deemed given by the other parties (including third parties) if objection is not made within ten (10) business days;

        c.     The author of the Discovery Material or the original source of the entirety of the information contained therein, and any individuals who are recipients thereof;

        d.     Witnesses and their counsel, during the course of and, only to the extent necessary, in preparation for and in the course of depositions or testimony in this Action, subject to the provisions of Paragraph 11 below, and only if either (1) that Witness had previously received or seen, independent of this Action, the specific documents or materials designated as "Highly Confidential Information – Attorneys' Eyes Only"; or (2), except for individuals who are present employees of the Party or non-party that produced the Discovery Material, that Witness has executed a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A acknowledging that the deponent will treat documents designated "Highly Confidential Information – Attorneys Eyes Only" in accordance with the Protective Order and that the Witness agrees to be bound by the terms of this Protective Order, or the Witness shall agree on the record to be bound by the terms of this Protective Order and the Declaration

---

officers are deemed to be involved with "competitive decisionmaking" for purposes of this Protective Order. However, the parties recognize that this case involves merits issues concerning "competition." The parties' stipulation to this Protective Order's provisions concerning "competitive decisionmaking" has no bearing on any merits issue regarding competition, and will not be used by either party on any merits issues.

of Compliance attached hereto as Exhibit A. If a Witness does not satisfy either (1) or (2) above, the deposition may cease and the parties may seek an appropriate ruling from the Court, or the parties may continue with the deposition with respect to other matters and seek a ruling from the Court after the deposition is concluded and reopen the deposition to implement the Court's ruling;

  e. Retained experts and expert consultants assisting counsel for the Parties in this Action, and only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action, subject to the provisions of Paragraphs 12 and 13 below;

  f. The Court and its staff and administrative personnel, and Court reporters, videographers and stenographers employed to take depositions, and any essential personnel retained by the Court; and

  g. Any other person only upon order of the Court or upon stipulation of the Designating Party.

 11. Counsel for any Party to this litigation or counsel for the Witness may exclude from the room during any deposition any person who is not entitled under the provisions of Paragraph 9 or 10 to receive or review "Confidential Information" or "Highly Confidential Information - Attorneys Eyes' Only" Discovery Material during the time that such information is being disclosed or discussed in the deposition.

  a. No Witness may be shown or examined on any "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material unless he or she is entitled to receive or review such material under the provisions of Paragraph 9 or 10, or unless otherwise agreed by counsel for the Designating Party for the Discovery Material at issue. In the event that counsel for the Designating Party of the Discovery Material that has been designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" agrees that

the Witness may be shown or examined on any such "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Materials, the Witness must first be advised of the confidential nature of the Discovery Material, and be informed that any unauthorized disclosure of the information contained in the Discovery Material may constitute a contempt of this Court.

    b. At the deposition of any third party at which "Confidential" or "Highly Confidential – Attorneys Eyes Only" material will be used as an exhibit, the third-party deponent must be asked to execute a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A. If before testifying the third-party deponent refuses to sign the Declaration of Compliance Counsel for the Party seeking to depose the third party shall (i) provide the third-party deponent a copy of this Protective Order; (ii) state on the record that the Discovery Material about which the third-party deponent is to be questioned is subject to the terms of this Protective Order; and (iii) inform the third-party deponent on the record that unauthorized disclosure of the information contained in the Discovery Material may constitute a contempt of this Court.

  12. "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" Discovery Material may be provided to retained experts and/or expert consultants assisting counsel for the Parties in this Action (excluding Consultants and Vendors), and only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action, provided that such expert or expert consultant: (i) is not currently a partner, director, officer, or employee of a landline utility, distributed solar company, utility-scale solar provider, battery-technology developer or provider, or solar panel developer or manufacturer; (ii) is not currently an employee or elected official of any public utilities commission or other electricity regulator; (iii) is

using said "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material solely in connection with this Action; and (iv) signs a Declaration of Compliance in the form attached to this Protective Order as Exhibit A. Counsel for the Party using the expert or expert consultant shall be responsible for obtaining the signed undertaking and retaining the original, executed copy.

13. At least five (5) business days before providing an expert or expert consultant for the first time with any information that has been designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" by the opposing Party, Counsel must first identify the expert in writing to opposing counsel. This written identification need not specify the information the expert will be provided but shall include a current resume or curriculum vitae, and shall be served by electronic mail. Should the opposing Party object to the disclosure of its "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" to the designated expert or expert consultant, it shall provide written notice within five (5) business days. Such objection may only be made on the grounds that the objecting Party faces a substantial likelihood of significant prejudice because the designated expert or expert consultant's current employment creates a substantial likelihood that the information will result in inevitable disclosure to the detriment of the objecting Party. The objecting Party shall meet and confer with the Party identifying the expert on that objection within two (2) business days of the written objection being served on counsel. If the meet and confer does not resolve the dispute, the Parties agree to seek the Court's intervention pursuant to page 6 of the Court's March 19, 2015 Order (Doc. 24). Further, upon service of a written objection to an expert or expert consultant pursuant to this Paragraph 13, no information designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" by the objecting Party may be disclosed to the expert or expert consultant subject to objection unless and until

the Court has ruled on the objection.  In the event an objection under this paragraph is sustained, the Parties will work in good faith so that the non-objecting Party may identify an alternative expert or expert consultant, including by not opposing reasonable requests to modify outstanding deadlines in order to avoid prejudice to the non-objecting Party.

14. This Protective Order has no effect upon, and shall not apply to, the Designating Parties' use of their own Confidential Information or Highly Confidential Information for any purpose.  Nothing in this Protective Order shall:  (i) prevent a Designating Party from disclosing its own "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material to officers, directors, employees, agents, or advisors, including investment bankers and accountants, of the Designating Party; or (ii) impose any restrictions on the use or disclosure by a Designating Party of documents, materials, or information designated "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" if such documents, materials, or information were both lawfully obtained by and lawfully retained in the possession of such Designating Party independently of the discovery proceedings in this Action.

15. Nothing in this Order shall be construed as automatically permitting a party to file under seal.  Before any party files any document under seal, such party shall seek leave of Court and shall show compelling reasons (dispositive motions) and good cause (non-dispositive motions) for filing under seal.  *See Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).  Additionally, such party shall seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response, or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.

16. The inadvertent production of any Discovery Material shall be without

prejudice to any claim that such Discovery Material is privileged or protected from discovery as work-product or by reason of any other applicable privilege or immunity, including without limitation the attorney-client privilege, and no Party or non-party shall be held to have waived any otherwise applicable privilege or protection by such inadvertent production.  If the claim of inadvertent production is made pursuant to this Paragraph with respect to information then in the custody of another Party or non-party, except as provided by Fed. R. Civ. P. 26(b)(5)(B), such Party or non-party shall promptly return to the claiming Party or non-party that material as to which the claim of inadvertent production has been made and all copies thereof, and the receiving Party or non-party shall not use such information for any purpose.  Where the Designating and Receiving Parties agree in writing with regard to particular requested materials, a Designating Party may provide those requested materials for initial examination by the Receiving Party in connection with the Action without waiving any privilege or protection in this case or any other Federal or State proceeding.

17.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the Designating Party discloses the designation.

a.   A Receiving Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by having its counsel confer directly with counsel for the Designating Party.  In conferring, the challenging Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

change in designation is offered, to explain the basis for the chosen designation. The Designating Party shall respond within 48 hours. A challenging Receiving Party may proceed to the next stage of the challenge process only if it first has engaged in this meet and confer process.

       b. Challenges to confidentiality designations that cannot be resolved through the meet and confer process set forth in Paragraph 17(a) shall be brought to the Court's attention pursuant to page 6 of the Court's March 19, 2015 Order (Doc. 24).

       c. The burden of proof in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. This provision applies only to challenge proceedings, and shall not be construed to affect the burden of proof for a motion to seal.

    18. Entering into, agreeing to, producing, or receiving "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material pursuant to, and/or otherwise complying with the terms of, this Protective Order, or the taking of any action pursuant to this Protective Order shall not:

       a. Constitute or operate as an admission by any Designating or Receiving Party that any particular document, material, testimony, or thing does or does not contain, reflect, or constitute a trade secret or any other type of Confidential Information or Highly Confidential Information;

       b. Prejudice in any way the rights of any Designating or Receiving Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any Designating or Receiving Party that the restrictions and procedures set forth in this Protective Order constitute adequate protection for any particular information deemed by any Designating Party to be Confidential Information or Highly Confidential Information – Attorneys' Eyes Only;

      c.      Prejudice in any way the rights of any Designating or Receiving Party to object to the relevancy, authenticity, or admissibility into evidence of any document, material, testimony, or thing subject to this Protective Order, or otherwise constitute or operate as an admission by any Designating or Receiving Party that any particular document, material, testimony, or thing is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing;

      d.      Prejudice in any way the rights of a Designating or Receiving Party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Protective Order;

      e.      Prejudice in any way the rights of a Designating Party to petition the Court for a further protective order relating to any purportedly Confidential Information or Highly Confidential Information;

      f.      Prejudice in any way the rights of a Designating or Receiving Party to oppose another Party's or non-party's motion to seal; and/or

      g.      Prevent the Parties to this Protective Order from agreeing, in writing, to alter or waive the provisions or protections of this Protective Order with respect to any particular Discovery Material for which one or both of them are the Designating Parties;

      h.      Restrict the Parties in connection with issuing public records requests pursuant to Arizona law or making any use of materials provided in response to such requests.

19.    In the event additional persons or entities become Parties to this Action, none of such Parties' counsel, experts or expert consultants retained to assist said counsel, shall have access to Confidential Information or Highly Confidential Information produced by or obtained from any Designating Party until said Party has executed and filed with the Court its agreement to be fully bound by this Protective

Order.  No "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material may be provided to such Parties' counsel, experts or expert consultants unless and until such person has executed a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A, and such Declaration of Compliance has been served on counsel for all parties.

20. It is the present intention of the Parties that the provisions of this Protective Order shall govern discovery in this Action, but each of the Parties to this Protective Order shall be entitled to seek modification of this Protective Order, or relief from it, by application to the Court on notice to the other Parties here.

21. The provisions of this Protective Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of this Action, including without limitation any appeals in this Action.  Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Action, including the exhaustion of all permissible appeals, all persons and entities having received "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material, shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party or destroy all such "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material and copies thereof (including summaries and excerpts) and certify that fact to counsel for the Designating Party.  Outside counsel for the Parties shall be entitled to retain all filings, court papers, deposition and trial transcripts and videos, deposition and trial exhibits, and attorney work product (regardless of whether such materials contain or reference Discovery Materials designated as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" by any Designating Party), provided that such outside counsel, and employees and agents of such outside counsel, shall not

disclose any Confidential Information or Highly Confidential Information contained or referenced in such materials to any person except pursuant to court order or agreement with the Designating Party. All materials, if any, returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph. This Court shall have continuing jurisdiction to enforce the terms of this Protective Order, including without limitation during any appeals in this Action.

22. If any Receiving Party is: (a) subpoenaed in or (b) served with a demand in another proceeding to which he, she or it is a party, or (c) served with any other legal process by one not a party to this Action seeking Discovery Material that was produced or designated as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" by someone other than the Receiving Party, the Receiving Party shall give actual written notice, by email transmission, within five (5) business days of receipt of such subpoena, demand, or legal process, to the Designating Party. The Receiving Party shall not produce any of the Designating Party's "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material, until the Designating Party gives notice to the Receiving Party that the Designating Party consents to production, or opposes production of its "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material, and has had a reasonable opportunity to object to the production. The Designating Party shall be solely responsible for asserting any objection to the requested production. Nothing in this Paragraph shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material covered by this Protective Order, or to subject such person to any penalties for non-compliance with any legal process or order, or to seek any relief from this or any Court. The foregoing shall not apply to requests for

information from law enforcement that are required to be kept confidential.

23. Any Designating or Receiving Party seeking enforcement of this Protective Order against any other Designating or Receiving Party may petition the Court by properly noticed motion, pursuant to this Court's rules, including a concise statement of the specific relief sought.

24. Violation by any person of any term of this Protective Order shall be punishable as a contempt of court. No provision of this Protective Order shall require any person, corporation, or other entity not a Party to this Action to respond to any discovery request, except as may otherwise be required by law.

Dated this 25th day of June, 2015.

_____
Douglas L. Rayes
United States District Judge

**Exhibit A**

DECLARATION OF COMPLIANCE

  I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Arizona on _____ [date] in the case of *SolarCity Corporation v. Salt River Project Agricultural Improvement and Power District, et al.*, Case No. 2:15-CV-00374-DLR (the "Order").

  I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject the Order to any person or entity except in strict compliance with the provisions of the Order.

  I further agree to submit to the jurisdiction of the United States District Court for the District of Arizona for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____