COPPERSMITH BROCKELMAN PLC
KEITH BEAUCHAMP (#012434)
ROOPALI H. DESAI (#024295)
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone:  (602) 381-5490
kbeauchamp@cblawyers.com
rdesai@cblawyers.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM A. ISAACSON *(admitted pro hac vice)*
KAREN L. DUNN *(admitted pro hac vice)*
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone:  (202) 237-2727
wisaacson@bsfllp.com
kdunn@bsfllp.com

STEVEN C. HOLTZMAN *(admitted pro hac vice)*
JOHN F. COVE, JR. *(admitted pro hac vice)*
KIERAN P. RINGGENBERG *(admitted pro hac vice)*
SEAN P. RODRIGUEZ *(admitted pro hac vice)*
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
sholtzman@bsfllp.com
jcove@bsfllp.com
kringgenberg@bsfllp.com
srodriguez@bsfllp.com

*Attorneys for Plaintiff SolarCity Corporation*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SolarCity Corporation, | No.  2:15-CV-00374-DLR |
| Plaintiff, | |
| vs. | **PLAINTIFF SOLARCITY CORPORATION'S RESPONSE TO DEFENDANT SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT'S REQUEST FOR JUDICIAL NOTICE** |
| Salt River Project Agricultural Improvement and Power District; Salt River Valley Water Users' Association, | |
| Defendants. | |

1

**INTRODUCTION**

2      Defendant Salt River Project Agricultural Improvement and Power District ("the

3   District") seeks judicial notice of eleven documents, numbered as Exhibits 1-11 to the

4   District's Request for Judicial Notice ("D-RJN" or "Request").[1]  SolarCity hereby objects

5   to judicial notice of any of these documents except Exhibit 10.  If any of Exhibits 1-7 are

6   noticed for any purpose, SolarCity alternatively requests judicial notice of the attached

7   Exhibit A.[2]

8

**SUMMARY**

9      The District's Exhibits 1-7 are publicly filed documents from tax litigation and

10  regulatory proceedings.  The District's Request is ambiguous about the propositions for

11  which the District seeks notice of these documents.  Documents filed in public

12  proceedings may be noticeable on a motion to dismiss for certain propositions under some

13  limited circumstances.  However, Exhibits 1-7 are not noticeable because they do not

14  directly relate to the matters at issue.  In addition, Exhibits 1-7 are not noticeable to the

15  extent the District seeks to establish substantive factual propositions.  Alternatively, if any

16  of Exhibits 1-7 are noticed for any purpose, SolarCity requests judicial notice of the

17  document attached hereto as Exhibit A.

18     Exhibits 8-9 and 11 appear to be self-serving documents created by the District.

19  The truth of the matters asserted is disputed, and they are not noticeable for any purpose.

20     Exhibit 10 is SolarCity's notice-of-claim pursuant to A.R.S. § 12-821.01.

21  SolarCity does not object to notice of the statements in this document for the limited

22  purpose of evaluating the § 12-821.01 issue raised in the District's motion to dismiss.

23

24

25  [1] "Complaint" means the Amended Complaint.  Dkt. 39.  Citations preceded by "¶"
    without other qualification refer to the Complaint.  "SolarCity" refers to plaintiff
26  SolarCity Corporation.  "SO-MTD" refers to SolarCity's opposition to the District's
    motion to dismiss.

27  [2] Salt River Project Agricultural Improvement and Power District's Closing Brief,
    Arizona Corporation Commission Dkt. E-20690A-09-0346, Doc. No. 0000106865 (Jan.
28  15, 2010), *available at* http://images.edocket.azcc.gov/docketpdf/0000106865.pdf

1

**LEGAL STANDARD**

2

Subject to two types of exceptions, there is a "general rule" against judicial notice

3

on a motion to dismiss. *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir.

4

2011). *First*, a document not attached to the complaint may be considered, but only if the

5

complaint "necessarily relies" on it and "(1) the complaint refers to the document; (2) the

6

document is central to the plaintiff's claim; and (3) no party questions the authenticity of

7

the document." *Id.* at 999. The "mere mention of the existence of a document" does not

8

satisfy the "necessarily relies" requirement. *Coto Settlement v. Eisenberg*, 593 F.3d 1031,

9

1038 (9th Cir. 2010).

10

*Second*, Federal Rule of Evidence 201 provides the Court discretion to consider

11

extrinsic evidence by taking notice of a fact "not subject to reasonable dispute because it:

12

(1) is generally known within the trial court's territorial jurisdiction; or (2) can be

13

accurately and readily determined from sources whose accuracy cannot reasonably be

14

questioned."[3]

15

Under FRE 201's second branch, a "high degree of indisputability is the essential

16

prerequisite." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005). Thus,

17

some "matters of public record" are noticeable, but only if they are not "subject to

18

reasonable dispute." *Corinthian*, 655 F.3d 999. For example, filings made with a

19

regulatory body may be noticeable for the indisputable fact that they exist or contain a

20

statement, but not for the truth of the facts the statement asserts if those facts are capable

21

of any reasonable dispute. *Id.* (rejecting attempt to dismiss a complaint based on a letter

22

filed with a regulator). In addition, the Court's discretion under FRE 201 is properly

23

[3] By contrast, so-called "legislative facts"—those with "relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body"—are not subject to FRE 201. Adv. Comm. Note (a). They include the facts about the District's legislative purposes and prior courts' reasoning and legal conclusions about the District's limited public-entity status. *E.g.*, *Ball v. James*, 451 U.S. 355, 357-60 & 368 (1981) (discussing the District's legislative history and Arizona courts' repeated recognition that entities including the District "remain essentially business enterprises"); *Gorenc v. Salt River Project Agr. Imp. & Power Dist.*, 869 F.2d 503, 504-05 (9th Cir. 1989) (citing previous courts' conclusions regarding the District's status and the reasoning therefor when reviewing a motion to dismiss).

24

25

26

27

28

1  exercised only when the noticed proceedings have a "direct relation to the matters at

2  issue." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (quoting precedent;

3  collecting authority).

4        Any ambiguity concerning judicial notice must be resolved in the plaintiff's favor

5  at the motion to dismiss stage. *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F. Supp. 2d

6  1096, 1102 (D. Ariz. 2003).[4]

7                               **ARGUMENT**

8  **I.    Documents Concerning The Tax Case Are Not Noticeable (Exhibits 1 And 2)**

9        The District seeks notice of 153 pages from the record in a tax case that SolarCity

10  and Sunrun, Inc. (an independent distributed solar company) filed against the Arizona

11  Department of Revenue ("ADOR").  Exhibits 1-2.  The District specifically references

12  two paragraphs in the tax case's record, asserting that they stand for the proposition that

13  SolarCity is not a "competitor" in the antitrust sense.  D-RJN 4-5.  As explained below,

14  neither paragraph means what the District says.  The propositions the District seeks to

15  establish with Exhibits 1-2 are in dispute and not noticeable.  In addition, neither

16  paragraph directly relates to any issues at the pleading stage.

17        The first-cited paragraph addresses specific types of leases.  Exhibit 1 ¶ 5.  That

18  paragraph, and the rest of Exhibit 1, explain why those leases and their structure do or do

19  not meet various definitions in specific tax statutes.  Exhibit 1 ¶¶ 3-7, 18-24.  SolarCity

20  disputes that the subject leases represent all distributed solar systems at issue here.

21  *Compare* Exhibit 1 ¶¶ 3-6 (concerning property owned and leased under certain terms)

22  *with* Complaint ¶ 16 (explaining that SolarCity engages in a variety of activities, including

23

24  [4] The District's use of the term "antitrust standing" instead of "antitrust injury" may be an attempt to suggest that the market definition arguments it styles as "antitrust standing"

25  raise jurisdictional issues.  *E.g.*, D-RJN 4:25; *but see* D-MTD 18:11-12 ("failure to adequately allege antitrust injury compels dismissal under Fed. R. Civ. P. 12(b)(6)").  By

26  contrast to motions under Rule 12(b)(6), jurisdictional motions under Rule 12(b)(1) may consider extrinsic evidence.  Antitrust injury, though often called "antitrust standing," is

27  not a jurisdictional issue; it is an antitrust merits issue that must be evaluated under Rule 12(b)(6).  *Klein v. Am. Land Title Ass'n*, 926 F. Supp. 2d 193, 197 n.5 (D.D.C. 2013);

28  *MBR Const. Svcs., Inc. v. Reading*, 2012 WL 4478384, at *2 n.7 (E.D. Pa. Sept. 28, 2012); *see also* Areeda & Hovenkamp, Antitrust Law ¶ 335a (Lexis 2015).

1  sales and leases).  SolarCity also disputes that the statements made in the context of the
2  tax dispute have any relevance, let alone any estoppel effect, with regard to the sufficiency
3  of the Complaint in this case.

4  The second is a statement of disputed facts explaining that the ADOR was asserting
5  facts that were "not relevant to any issue before the Court" in that case.  Exhibit 2 ¶ 70.
6  The paragraph explains that, contrary to ADOR's assertion, that case involved "no issue
7  as to whether" SolarCity and Sunrun "compete" with utilities because the only issues
8  concerned whether specific tax statutes controlled the case.  *Id.* ¶ 70; *see also* A.R.S. § 42-
9  14151(B).  It also discusses "competition" in various senses of the word—none of which
10  govern antitrust market definition.  *Id.*; SO-MTD § III.A.  In short, SolarCity argued
11  merely that *competition was irrelevant to the statutes in the ADOR case*.  The District's
12  assertion that SolarCity's statements show that it in fact does not compete with utilities is
13  plainly wrong—and disputed.

14  In addition, neither cited paragraph, nor anything else in the ADOR case, directly
15  relates to the matters at issue here.  Most important, the statutory and regulatory
16  provisions at issue in the ADOR case have no bearing on antitrust market definition.  As
17  the parties agree, antitrust market definition is governed by the standards of consumer
18  interchangeability, cross-elasticities, and whether the parties can deprive one another of
19  significant amounts of business.  SO-MTD § III.A.  The ADOR matter did not concern
20  "competition" in any such sense.  Exhibit 2 ¶ 70 (providing examples of "competition" in
21  various senses).

22  **II.    The ACC Documents Are Not Judicially Noticeable (Exhibits 3-7)**

23  **A.    The Documents From ACC Docket E-20690A-09-0346 (Exhibits 3 And
24        4) Are Not Noticeable**

25  The District seeks notice of two documents from a matter that SolarCity filed with
26  the Arizona Corporation Commission ("ACC") in docket E-20690A-09-0346.  Exhibit 3
27  contains testimony of SolarCity's CEO in that matter.  Exhibit 4 is the ACC's decision in
28  that matter.

Illustrating why judicial notice of other proceedings is so dangerous, the District's opening sentence mischaracterizes the ACC proceeding.  D-RJN at 5:12-14 (asserting that SolarCity requested "not to be designated a public service corporation because it does not furnish electricity in Arizona").  In actuality, in that 2009-2010 proceeding, SolarCity sought an ACC determination that entering into a specific type of solar service agreement, with a specific type of customer, did not invoke ACC jurisdiction.[5]  The ACC's determination included analyzing whether SolarCity met the definition of an entity subject to ACC regulation (a "public service corporation" that primarily "furnishes" electricity).  That definition, in turn, is informed by an eight-factor test established in *Natural Gas Serv. Co. v. Serv-Yu Coop.,* 70 Ariz. 235, 237-38 (1950).

The eighth *Serv-Yu* factor is "actual or potential competition" with the public service corporations that the ACC regulates.  *Id.* at 238.  As the District points out, SolarCity's CEO testified that SolarCity in 2009 did not compete against public service corporations in the sense that it "is not an electric utility/public service corporation."  D-RJN 5 (citing Exhibit 3 p.8).  SolarCity disputes that the testimony is relevant to the District's motion to dismiss both because of the narrow factual and statutory context, and because of the date of the statement (six years ago in a rapidly changing industry).

Moreover, the District fails to mention what <u>it</u> said to the ACC in that same proceeding about the same factor.  SolarCity attaches one of the District's filings in the ACC matter as Exhibit A.  The District stated:

> "Nonetheless, <u>the electricity service provided by SolarCity is directly competitive with energy sales by the incumbent distribution utility.</u>  SolarCity argues that it is not, as the utilities must meet renewable standards.  (SolarCity's Initial Post-Hearing Brief dated December 15, 2009, p. 15, 11.11-16) ("SolarCity Brief")[.] <u>But once again this is a function of this particular point in time</u>, and cannot be said to be universally true for any type of distributed generation at any time."  Exhibit A, p.13.

Concerning the "competition" factor, the ACC accepted the District's assertion that

---

[5] The captions to the District's exhibits even explain that the matter was an application "For A Determination That When [SolarCity] Provides Solar Service To Arizona Schools, Governments, And Non-Profit Entities It Is Not Acting As A Public Service Corporation Pursuant To Art. 15, § 2 Of The Arizona Constitution."  *E.g.*, Exhibit 3, at 2.

1  as of 2009, SolarCity was more of a facilitator of utility renewable goals than a

2  competitor:

3      "At this point in time, solar providers, like SolarCity, are more a means of helping

4      the incumbents reach their distributed generation goals than they are competitors."
       Exhibit 4, p.52 (emphasis added).

5      Exhibits 3 and 4 should not be noticed for the propositions the District asserts.

6  They come from proceedings in a complex regulatory environment (indeed, one that does

7  not apply to the District) and use specific regulatory definitions.  Their significance is, and

8  will be in this case, subject to dispute.

9      The District says notice is appropriate because it wants to use these statements as

10  part of a judicial estoppel argument.  To apply the harsh doctrine of judicial estoppel, a

11  party's "later position must be clearly inconsistent with its earlier position."  *New*

12  *Hampshire v. Maine*, 532 U.S. 742, 750 (2001).  In addition, the Court considers (2)

13  whether the first adjudicator was misled into accepting that position; and (3) whether there

14  would be unfairness without estoppel.  *Id.*; *Malaney v. UAL Corp.*, 2011 WL 6845773, at

15  *3 (N.D. Cal. Dec. 29, 2011) (rejecting estoppel on antitrust market definition), *aff'd on*

16  *this ground at* 552 F. Appx. 698, 701-02 (9th Cir. 2014); *Am. Realty Capital Props. Inc. v.*

17  *Holland*, 2014 WL 5023004, at *4 (D. Ariz. Oct. 8, 2014).

18     The District's Exhibits satisfy none of the foregoing.  Nothing in SolarCity's

19  assertions about the correct regulatory analysis, including with respect to the

20  "competition" factor in the specific regulatory context, is inconsistent with its antitrust

21  market-definition analysis in this case.  The issue in antitrust is consumer

22  interchangeability and cross-elasticity of demand under market conditions at the time of

23  the alleged violations and so long as they continue—not whether an entity is a "public

24  service corporation" (as Mr. Rive pointed out) or whether distributed solar can help

25  incumbent utilities meet renewable-energy goals (as SolarCity also argued before the

26  ACC, Exhibit A p.13).  SO-MTD § III.A.  *See Malaney*, 2011 WL 6845773, at *3

27  (rejecting estoppel on antitrust market definition).

28     Markets change over time.  *Malaney*, 552 F. Appx. at 701 (recognizing that

1  antitrust market definition positions will change with industry circumstances).  It is more

2  than plausible that SolarCity did not meaningfully compete with utilities in 2009 (as

3  recognized by SRP's policy at the time of providing large incentives for the deployment of

4  distributed solar systems in its territory) but did in 2014 (as illustrated by the thousands of

5  solar installations that year in SRP territory, despite the elimination of SRP financial

6  incentives).  This is, in fact, what SolarCity expressly pleads in the Complaint.  ¶¶ 8-9, 72-

7  104.  Accordingly, SolarCity's prior statement is consistent with its current position and

8  the current market facts.

9          Nor is there any suggestion that the ACC was or could have been misled in any

10  sense.  In fact, the ACC's reasoning was consistent with the District's argument on

11  competition (*i.e.*, that utilities at that specific "point in time" appreciated the short-term

12  benefits of distributed solar).  Exhibit 4 p.52; Exhibit A p.13.  This is also consistent with

13  subsequent events, as alleged in the Complaint:  The District previously recognized that

14  solar providers help it achieve a number of goals and provide benefits to its business,

15  including energy efficiency.  Now, the District has recognized solar's increasing

16  competition and imposed the solar penalties as a result.  ¶¶ 8-9, 72-104.

17          Indeed, if there is any basis for judicial estoppel here at all, it is with respect to the

18  District's prior inconsistent statement.  Having asserted in 2009 that "the electricity

19  service provided by SolarCity is directly competitive with energy sales by the incumbent

20  distribution utility" and argued that points to the contrary were limited only to "a

21  particular point in time," Exhibit A p.13, the District cannot now, in 2015, retreat and

22  claim that there can be no "competition" in any sense as a matter of law.  D-MTD 21-22.

23  The District's prior statement is irreconcilably inconsistent with the position it takes in its

24  current motion to dismiss.

25          Accordingly, SolarCity in the alternative requests judicial notice of the attached

26  Exhibit A in the event any of Exhibits 1-7 are noticed for any purpose.

27

28

1

2

**B.** **The ACC Materials Regarding "Energy Restructuring" Are Not Noticeable For Any Purpose (Exhibits 5-7)**

3

4

5

The District requests notice of an ACC "Staff Report" about "restructuring" its regulations to encourage more competition, and two "administrative memoranda related to the opening and administrative closure" of an ACC docket.  D-RJN 6 & Exhibits 5-7.

6

7

8

9

10

The District says these Exhibits "directly relate to the issue of competition in the electric industry."  D-RJN 6.  They do use the words "electric competition," but in a regulatory context that applies neither to SolarCity nor the District.  Regulatory concepts about "competition" do not control antitrust market definition—and regulations that do not apply to either party cannot "directly relate" to the matter.  SO-MTD § III.A.3.

11

12

13

14

15

16

Moreover, the Staff Report contains multiple levels of hearsay and opinions by non-experts.  It can be more than reasonably disputed.  FRE 201.  Its therefore cannot be noticed for any substantive purpose.  *See Corinthian*, 655 F.3d at 999.  The administrative memoranda, Exhibits 6-7, lack any substance other than opening and closing a regulatory docket.  They could be noticed for that purpose, but they are irrelevant to the District's motion.

17

18

**III.** **The District's Self-Serving Documents Posted On Its Website Are Not Proper Subjects Of Judicial Notice (Exhibits 8-9)**

19

20

The District seeks notice of documents it created and posted on its website, Exhibits 8 and 9.  Neither is noticeable for any purpose.

21

22

23

24

The first, Exhibit 8, is a document created by the District that appears to be a mailed notice that "SRP" or the "Board of Directors of SRP" intended to adopt new rate plans.  Both the exhibit and the District's request for judicial notice call this document a "legal notice."  D-RJN 8.

25

26

27

28

The District does not specify whether it seeks judicial notice (1) merely of the fact that the document is posted on its website; (2) of the truth of any or all of the matters asserted; (3) that Exhibit 8 was mailed (or otherwise distributed) to the District's customers; or (4) that the District made the statements in the Exhibit.  *See id.*

SolarCity agrees that Exhibit 8 was posted on the District's website before the District filed its motion in this case. Nearly every other fact is disputed. For example:

- SolarCity has no knowledge of whether the mailer at Exhibit 8 was actually provided to every District customer, or when it may have been provided to every customer, and therefore disputes those assertions.[6]

- SolarCity does not know (and the District does not say) whether Exhibit 8 was posted prior to the District's vote on the Standard Electric Price Plans ("SEPPs").

- The District's motion to dismiss says that Exhibit 8's reference to an Electric Power Competition Act ("EPCA") statute means that the District acted according to EPCA. But the District did not and could not impose the solar penalties at issue under EPCA. SO-MTD § III.A.3. The District agrees that EPCA does not apply to SolarCity or the matters at issue. D-MTD nn.17 & 18; 19:3-13.[7]

- The District may have made the statements in Exhibit 8, but Exhibit 8 speaks almost exclusively in terms of "SRP" and "SRP's Board of Directors." This case involves a dispute whether only District or both *alter egos* constituting SRP acted when "SRP" and "SRP's Board of Directors" adopted the anticompetitive rate plans. ¶¶ 19-31.

Exhibit 9 purports to be an "executive summary" that contains examples of some of the District's false, misleading, and simply pretextual justifications for the solar penalties, which form a central dispute in this case. The District says its employees ("District's Management") created this document on some unspecified date and that it was posted to the District's website at some unspecified time. D-RJN 8. Again, the District does not explain the proposition(s) for which it seeks notice. *See id.* Neither the document nor any statement in it is noticeable for any purpose because its self-serving contents are disputed (indeed, in numerous respects, simply false) and facts about whether that the District may have created the document, or made any statement therein, are irrelevant to deciding the motions to dismiss.[8]

---

[6] This fact is also not noticeable because it has no relationship to the matters at issue in the District's motion to dismiss.

[7] For the same reasons, this fact is not noticeable because it has no direct relationship to the matters at issue in the District's motion to dismiss.

[8] The District cites a case explaining that documents on a defendant's website may be "noticeable for the fact that they exist" under some circumstances. *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010). Exhibit 9 may exist, but its existence is irrelevant to deciding the District's motion.

**IV.    SolarCity Does Not Object To Notice Of Its Notice-Of-Claim Under A.R.S. § 12-821.01 (Exhibit 10)**

Exhibit 10 contains a copy of SolarCity's notice-of-claim to the District under A.R.S. § 12-821.01.  Issues concerning such notices' contents appear most commonly resolved at summary judgment.  *See, e.g.*, *Auble v. Maricopa Cnty.*, 2009 WL 2188378, at *3-4 (D. Ariz. Sept. 30, 2009) (Murguia, D.J.).

However, SolarCity does not object to notice of Exhibit 10 limited to the fact that SolarCity made the statements therein, solely for the purposes of this motion to dismiss. To be clear, SolarCity reserves all rights, including under FRE 403, to object to any other use of Exhibit 10.

**V.    The District's Letter At Exhibit 11 Is Not Noticeable For Any Purpose**

Exhibit 11 is a copy of the District's letter in response to Exhibit 10.  The Complaint neither mentions nor necessarily relies on the District's letter at Exhibit 11. The District says Exhibit 11 is incorporated by reference into the Complaint because ¶ 104 mentions a *different letter* to which Exhibit 11 responds.  This is not even a "mere mention" of Exhibit 11.  *See Coto*, 593 F.3d at 1038 (a "mere mention" in a complaint does not incorporate a document by reference).

The District also puts a unique twist on the incorporation-by-reference doctrine, arguing that the Court incorporated Exhibit 11 into the record because Exhibit 11 is connected in some tenuous way to the "subject" of a stipulated order about page limits and deadlines.  D-RJN 11 (citing Dkt. No. 31).  Exhibit 11 is not referenced in the order. Exhibit 11 did not exist as of the order's date.  None of the deadlines in the order required Exhibit 11 to come into existence.  A.R.S. § 12-821.01(A).  In sum, Exhibit 11 was not part of the Court's record in any sense whatsoever before the District filed its request for judicial notice.

Again, the District does not specify what propositions it seeks to establish with Exhibit 11.  The truth of most matters asserted in Exhibit 11 are vigorously disputed. Exhibit 11 contains yet more examples of the District's false, misleading, and pretextual

1    justifications for the solar penalties.  Exhibit 11 is not noticeable.

2                                **CONCLUSION**

3          Of the documents submitted by the District for judicial notice, only Exhibit 10 may

4    be judicially noticed, for limited purposes in connection with the District's motion to

5    dismiss.  Accordingly, SolarCity respectfully requests that the Court deny the District's

6    request for judicial notice of Exhibits 1-9 and 11.  Alternatively, if any of Exhibits 1-7 are

7    noticed for any purpose, SolarCity respectfully requests judicial notice of Exhibit A to this

8    filing.

9    Dated:  July 24, 2015                    Respectfully Submitted,
                                               BOIES, SCHILLER & FLEXNER LLP
10

11                                            By:   s/Steven C. Holtzman

12                                                  Steven C. Holtzman

13                                            *Attorneys for Plaintiff SolarCity Corporation*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on July 24, 2015, I electronically transmitted the attached

3   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4   Notice of Electronic Filing to the following CM/ECF registrants:

5        WILMER CUTLER PICKERING HALE & DORR LLP
         1875 Pennsylvania Ave. NW
6        Washington, DC 20006
         Eric J. Mahr (admitted pro hac vice)
7        Christopher E Babbitt (admitted pro hac vice)
         350 South Grand Ave.
8        Los Angeles, CA 90071
         Christopher T. Casamassina (*admitted pro hac vice*)
9

10       STEPTOE & JOHNSON LLP
11       201 East Washington Street, Suite 1600
         Phoenix, Arizona 85004-2382
12       Paul K. Charlton (012449)
         Karl M. Tilleman (013435)
13       Quintin Cushner (027303)
         Jason M. Porter (027475)
14

15

16

17                                          s/Steven C. Holtzman
                                            Steven C. Holtzman
18

19

20

21

22

23

24

25

26

27

28