WILMER CUTLER PICKERING
  HALE AND DORR LLP
Eric Mahr (*admitted pro hac vice*)
Christopher E. Babbitt (*admitted pro hac vice)*
Christopher T. Casamassima (*admitted pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
eric.mahr@wilmerhale.com
christopher.babbitt@wilmerhale.com
chris.casamassima@wilmerhale.com

STEPTOE & JOHNSON LLP
Paul K. Charlton (012449)
Karl M. Tilleman (013435)
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299
pcharlton@steptoe.com
ktilleman@steptoe.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| SolarCity Corporation<br><br>          Plaintiff,<br><br>     vs.<br><br>Salt River Project Agricultural Improvement and Power District; Salt River Valley Water Users' Association<br><br>          Defendants. | Case No. 2:15-CV-00374-DLR<br><br>**DEFENDANT SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT'S REPLY IN SUPPORT OF DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF JUDICIAL AND ADMINISTRATIVE FILINGS AND RECORDS, AND ONLINE PUBLICATIONS** |

1    Pursuant to Federal Rule of Evidence 201, Defendant Salt River Project Agricultural

2   Improvement and Power District (the "District") has respectfully requested that this Court

3   take judicial notice of eleven documents in connection with the District's Motion to Dismiss.

4   Plaintiff SolarCity Corporation ("SolarCity") opposes the request as to all but Exhibit 10 on

5   the ground that the remaining documents either do not "directly relate" to the matters at

6   issue, or because they contain disputed matters of fact and are therefore not properly subject

7   to judicial notice.  (Opp. RJN (Dkt. 59) at 1).  As explained below, notice is proper with

8   respect to each of the documents for which the District seeks notice.[1]  Notice is not,

9   however, necessary for the District to prevail on any of the dispositive arguments made in its

10  Motion to Dismiss, save judicial estoppel.

11                                              **ARGUMENT**

12  **I.    THIS COURT SHOULD TAKE JUDICIAL NOTICE OF THE *SOLARCITY V.***
13  ***ADOR* VERIFIED COMPLAINT, SOLARCITY'S CONTROVERTING**
    **STATEMENT OF FACTS IN THAT MATTER, AND FILINGS AND**
14  **RECORDS FROM RELEVANT ACC PROCEEDINGS**

15       As explained in the District's Motion to Dismiss, SolarCity's federal antitrust claims

16  must be dismissed because SolarCity has suffered no "antitrust injury" and therefore lacks

17  "antitrust standing" under controlling Ninth Circuit case law.  (D-MTD at 18-20).  In *Somers*

18  *v. Apple, Inc.*, 729 F.3d 953, 963 (9th Cir. 2013), the Ninth Circuit reaffirmed its

19  longstanding requirement that to establish the requisite "antitrust injury" to sue under the

20  federal antitrust laws, "the party alleging the injury must be either a consumer . . . or a

21  competitor of the alleged violator in the restrained market." *Id.* (internal quotation marks

22  omitted).  Because SolarCity does not claim injury as a customer of the District, the only

23  question before the Court is whether SolarCity qualifies as a competitor.

24

25  [1]    Because the Request for Judicial Notice is not specifically mentioned in the operative
26  Scheduling Order in this case, the District is submitting this reply within the deadlines set
    forth in LRCiv 7.2(d).  The District and the Salt River Valley Water Users' Association will
27  submit their replies in support of their respective Motions to Dismiss on August 12, as per
    the operative Scheduling Order.
28

1    The District contends that SolarCity does not compete with the District as a matter of

2  law for three principal reasons.  First, SolarCity does not "furnish electricity" in Arizona

3  because it lacks the necessary certificate from the Arizona Corporation Commission (the

4  "ACC").  *See, e.g., Barton & Pittinos, Inc. v. SmithKline Beecham Corp.*, 118 F.3d 178, 180

5  (3d Cir. 1997) (Alito, J.) (plaintiff not a competitor in relevant market because it "lacked the

6  required [regulatory] license.").  Second, SolarCity offers a product that is different than

7  retail electricity.  SolarCity sells (or leases) *equipment*, not electricity—and it no more

8  competes with the District than do companies that manufacture gasoline generators (or than

9  the hardware stores that sell them to retail customers).  Third, SolarCity's First Amended

10  Complaint ("FAC") fails to allege facts supporting its bald claim of injury to competition,

11  particularly given that SolarCity does not compete in the relevant retail electricity market

12  and indeed cannot do so because it has not been certified by the ACC.  (*See* D-MTD at 13,

13  18-20).

14    While none of those grounds for dismissal requires the Court to take notice of any of

15  the documents that are the subject of the District's Request, Exhibits 1 through 4 fortify the

16  District's first and second arguments above because they show that *SolarCity itself*, in

17  connection with proceedings during which it had an obligation to be truthful, has taken the

18  position that it does not compete with the District.  Moreover, because SolarCity prevailed in

19  persuading the ACC of its position that it does not furnish electricity as necessary to compete

20  with public service corporations (as reflected in Exhibits 3 and 4), the District has also

21  argued that SolarCity should be judicially estopped from taking the opposite position in this

22  Court.  (D-MTD 53 at 19-20, n.30).  Exhibits 3 and 4 are essential to the District's estoppel

23  argument, but to that argument alone—and, although the Court may resolve the standing

24  question on estoppel grounds, it need not do so.

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A.     Exhibits 1-4 Directly Relate To Whether SolarCity Has Experienced Antitrust Injury Necessary To Establish Antitrust Standing

Each of Exhibits 1 through 4 relates to whether SolarCity has antitrust standing under *Somers* as a competitor of the District.  Exhibits 1 through 4 to the District's Request for Judicial Notice are filings from proceedings before the Superior Court of the State of Arizona and the Arizona Corporation Commission.  As readily verifiable court and administrative filings, these documents are proper subjects of judicial notice under Fed. R. Evid. 201(b).  *See, e.g. Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noting that court documents are "readily verifiable and, therefore, the proper subject of judicial notice").  In Exhibit 1, SolarCity states that it is "expressly prohibit[ed]" from obtaining the license it would need to supply retail electricity, and therefore compete with the District.  (D-RJN Ex. 1, ¶ 5).  In Exhibit 2, in a statement made after the filing of its Complaint in this action, SolarCity told the Arizona Superior Court in a different pending case that "there is no issue as to whether [SolarCity or Sunrun] 'compete' with local utilities *in any sense of that word*."  (D-RJN Ex. 2 at 15:24-25, ¶ 70).  In Exhibit 3, in a proceeding before the ACC in 2009, SolarCity's CEO, Lyndon Rive, testified:

> **6. Does SolarCity compete against public service corporations?** No. . . . The systems that SolarCity finances and installs do not replace the customer's need for service from their traditional utility. SolarCity offers a *completely different set of products and services* from a traditional public service corporation.  (D-RJN Ex. 3 at 8) (emphasis added).

Finally, Exhibit 4 is the ACC's final decision in the 2009 proceeding, and holds that "SolarCity is not in the business of selling electricity."  (D-RJN Ex. 4 at 25).  *See Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 435 (9th Cir. 1992) (taking judicial notice of decisions of the California Public Utility Commission pursuant to Fed. R. Evid. 201(b)).

SolarCity suggests that these documents are not subject to judicial notice because the proceedings to which they relate concerned statutory and regulatory provisions that "have no bearing on antitrust market definition."  (Opp. RJN at 4:14-16).  But the District has not

-3-

1   presented these materials only to challenge SolarCity's definition of the relevant antitrust

2   market in this case; it has presented them to demonstrate that SolarCity cannot satisfy the

3   independent, threshold requirement of antitrust injury.  Indeed, "antitrust market definition"

4   is not the test for antitrust injury under controlling Ninth Circuit precedent: whether the party

5   alleging the injury is a "competitor of the alleged violator" is.  *Somers*, 729 F.3d at 963.  And

6   these documents demonstrate several times over that SolarCity is not a competitor of the

7   District "in any sense of that word."  (D-RJN Ex. 2 at 15:25, ¶ 70).

8          In addition, SolarCity argues that, because markets change over time, its prior

9   statements concerning whether it competed with the District are not relevant to the present

10  litigation.  While markets change over time, SolarCity's basic business has not.  Both at the

11  time of the prior proceedings and today, SolarCity sells (or leases) solar panels.  At no point

12  has it furnished electricity to consumers, and it may not do so under Arizona law.  While

13  more of the District's customers may use SolarCity solar panels to generate their own

14  electricity than was the case six years ago, that does not change the fact that SolarCity does

15  not furnish electricity and, therefore, does not in any sense compete with the District.  And

16  even if its argument is credited—and it should not be—Exhibit 2 postdates the filing of

17  SolarCity's Complaint in this case.

18          **B.      Judicial Notice Of Exhibits 1-4 Is Necessary For The Court To Apply The**

19                  **Doctrine Of Judicial Estoppel**

20          Judicial estoppel prevents a party from taking a position inconsistent with one taken

21  before a different tribunal where (1) the "party's later position [is] clearly inconsistent with

22  its earlier position"; (2) "the party has succeeded in persuading a court to accept the party's

23  earlier position"; and (3) "the party seeking to assert an inconsistent position would derive an

24  unfair advantage or impose an unfair detriment on the opposing party if not estopped."

25  *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001).  Because all

26  three elements are present here, SolarCity should be estopped from arguing it competes with

27

28

-4-

-5-

1    the District.  Once SolarCity is so estopped, it cannot establish antitrust standing, requiring

2    dismissal of its federal antitrust claims.

3            First, SolarCity's prior positions are clearly inconsistent with the position it is now

4    taking.  Although SolarCity argues that it is a competitor of the District, it expressly told the

5    ACC in a prior proceeding that it did not "compete against public service corporations" and

6    that it offered a "completely different set of products and services" than traditional public

7    service corporations did.  (D-RJN Ex. 3 at 8).  That position is the opposite of SolarCity's

8    current position that it "directly competes with [the District] in the retail market."  (FAC at

9    ¶ 50).  Second, SolarCity succeeded in persuading the ACC to adopt its position, as

10   evidenced in Exhibit 4, a final decision in which the Commission concluded that SolarCity

11   did not furnish electricity.  (D-RJN Ex. 4 at 25).  The judicial estoppel doctrine applies

12   equally to administrative bodies acting in a quasi-judicial capacity as it does to courts, and

13   therefore applies here.  *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 604 (9th

14   Cir. 1996); *see also In re Spirtos*, 270 F. App'x 540, 542 n.1 (9th Cir. 2008) (granting

15   request for judicial notice where materials were relevant to party's judicial estoppel claim).

16   And, third, if it does not apply the doctrine, this Court will grant SolarCity an unfair

17   advantage, allowing it to take inconsistent positions in different forums on whether it

18   furnishes electricity.

19           SolarCity asserts that, if this Court takes judicial notice of Exhibits 1 through 4, it

20   must also take judicial notice of SolarCity's Exhibit A and apply judicial estoppel to prevent

21   the District from arguing it does not compete with SolarCity.  (Opp. RJN at 7:17-24).

22   SolarCity's Exhibit A is a filing by the District in the same ACC matter that gave rise to the

23   District's Exhibits 3 and 4.  While this document may be eligible for judicial notice, it

24   provides no grounds for judicial estoppel against the District.  An essential element of the

25   test for judicial estoppel is "whether the party *has succeeded in persuading a court* to accept

26   the party's earlier position."  *Hamilton*, 270 F.3d at 782 (emphasis added).  In other words,

27   estoppel applies to the victor—and only the victor—in the prior proceeding.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.    THIS COURT SHOULD TAKE JUDICIAL NOTICE OF CERTAIN ACC DOCUMENTS

The Court should also take judicial notice of three ACC documents attached as Exhibits 5 through 7 of the District's Request for Judicial Notice: a 2010 ACC Staff Report filed in two ACC proceedings, and two memoranda reporting the opening and closing of an administrative docket concerning competition in the retail electric market.  As administrative filings not subject to reasonable dispute and directly related to issues at hand, these documents are proper subjects of judicial notice under Fed. R. Evid. 201(b).  *See Rupert v. Bond*, 68 F. Supp. 3d 1142, 1154 (N.D. Cal. 2014).  SolarCity claims both that these documents do not directly relate to this case and that they are subject to reasonable dispute. (Opp. RJN at 8:3-16).

Although these documents certainly are not *necessary* for the Court to hold that the state action immunity doctrine immunizes the District from antitrust liability (D-MTD at 9-16), they are relevant to that inquiry because they illustrate that, in the wake of the Arizona Court of Appeals' decision in *Phelps Dodge Corp. v. Arizona Electric Power Cooperative, Inc.*, 207 Ariz. 95, 100-101 (Ct. App. 2004), *as amended on denial of reconsideration* (Mar. 15, 2004), the ACC has declined to certify any retail electricity competitor in Arizona and that, as a result, the State of Arizona has a policy in favor of regulation, not competition, under the state action immunity doctrine.  In *Phelps Dodge*, the Court of Appeals held that the "fair value" provision of the Arizona Constitution required the ACC to set retail electric rates so as to "provide for the needs of all whose interests are involved," and that rates set by competition (as had been proposed by the ACC) did not fulfill that mandate.  207 Ariz. at 108, ¶ 39.

Where, as here, a state legislature makes the introduction of competition into a market conditional on the relevant regulator taking certain actions, and the regulator fails to take those actions, the "clearly articulated" standard of the state action doctrine is met and "any activity" by the state-sanctioned utility is immune from antitrust liability.  *Cal. CNG, Inc. v. S. Cal. Gas Co.*, 96 F.3d 1193, 1200 (9th Cir. 1996).  Exhibits 5 through 7 relate directly to

-6-

1   the fact that the ACC has not taken the actions necessary to introduce competition among

2   retail electric generators, and indeed has been prevented from doing so by the Arizona

3   Constitution, as interpreted by the Arizona Court of Appeals in *Phelps Dodge*.  Exhibit 5, a

4   2010 ACC Staff Report that has been filed in two ACC proceedings, explains that *Phelps*

5   *Dodge* "largely halted the movement to . . . provide for retail electric competition."  (D-RJN

6   Ex. 5, at 1).  Similarly, Exhibits 6 and 7 reflect the opening and closing of an ACC inquiry

7   into retail electric competition in the State without further action to introduce such

8   competition.  Exhibit 6 is a memorandum directing the opening of a docket, while Exhibit 7

9   is a memorandum directing that the docket be closed.  SolarCity does not dispute that the

10   documents may be noticed for the limited purpose of establishing the opening and closing of

11   that docket.  (Opp. RJN at 8:15-16).

12          Nonetheless, SolarCity generally denies the relevance of these documents by arguing

13   that "competition" in this context is irrelevant to antitrust market definition, and therefore

14   irrelevant to this case.  (Opp. RJN at 8:6-10).  But, as with SolarCity's failure to establish

15   antitrust injury, the District's immunity under the state action doctrine does not depend on

16   antitrust market definition; rather, it depends on the State's policy towards competition,

17   which is demonstrated here by the ACC's failure to take the action necessary to permit retail

18   electric competition.

19          SolarCity also suggests that the content of the ACC Staff Report cannot be judicially

20   noticed because "[i]t can be more than reasonably disputed" as containing hearsay and non-

21   expert opinions.  (Opp. RJN at 8).  A document, however, is not "subject to reasonable

22   dispute" because it may contain inadmissible or non-credible statements of fact; rather, the

23   question is whether the text of that document "can be accurately and readily determined from

24   sources whose accuracy cannot reasonably be questioned."  *Vivid Entm't, LLC v. Fielding*,

25   774 F.3d 566, 581 n.7 (9th Cir. 2014) (finding that district court properly took notice of a

26   letter referred to in a legislative enactment because the text of the letter could be accurately

27   and readily acquired from credible sources).

28

1

2

3

In any event, the District is not seeking judicial notice of these documents for their content, but rather for the fact that the ACC opened and closed an administrative docket without acting to introduce retail electric competition after *Phelps Dodge*.[2]

4

5

**III.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF DOCUMENTS PUBLISHED ON THE DISTRICT'S WEBSITE**

6

7

8

9

10

11

12

13

14

Applying Federal Rule of Evidence 201(b), courts in the Ninth Circuit and elsewhere have permitted judicial notice of official online documents so long as their authenticity is not subject to reasonable dispute.  *See Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) ("For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'"); *In re Agribiotech Sec. Litig.*, No. CV-S-990144 PMP (LRL), 2000 WL 35595963, at *2 (D. Nev. Mar. 2, 2000) ("[O]fficial government or company documents may be judicially noticed insofar as they are available via the worldwide web.").

15

16

17

18

19

20

21

22

23

Consistent with this standard, the District seeks judicial notice of two documents published on the District's website pursuant to the requirement set forth in A.R.S § 48-2234(B): (1) a Legal Notice regarding proposed changes to the District's standard electric rate schedules (D-RJN Ex. 8) and (2) the Executive Summary of the District's 2014 Price Proposal and Customer Generation Price Plan (D-RJN Ex. 9).  While judicial notice of these documents is not necessary for the Court to grant the District's Motion to Dismiss, they provide background information regarding the public pricing process the District undertook before its Board adopted the rate plans that SolarCity challenges here, and which SolarCity characterizes in its Amended Complaint.  (*See, e.g.* FAC at ¶ 89 (public announcement of

24

25

26

27

28

[2]     And, again, while these documents support the arguments made in the District's Motion to Dismiss, they are not necessary for the Court to rule in the District's favor on the state action doctrine.  That determination can be made on the cited statutes and case law alone.  *See Cal. CNG*, 96 F.3d at 1198; *Phelps Dodge*, 207 Ariz. at 108; *see generally* D-MTD at 9-16.

1  pricing process to consider adoption of proposed rate plans), *id.* ¶ 91 (public hearings on

2  proposed rate plans), *id.* ¶ 97 (Board's approval of new rate plans, as modified by Board over

3  the course of the pricing process)).

4       SolarCity suggests that Exhibits 8 and 9 cannot be noticed because SolarCity disputes

5  several facts contained in those Exhibits.  (Opp. RJN at 9:1-22).  But the existence of

6  disputed facts in an otherwise authentic document does not prevent that document from

7  being judicially noticed.  Further, the District does not seek judicial notice of these

8  documents to establish any of the disputed facts identified by SolarCity.  It seeks judicial

9  notice only for the limited background information identified in the District's  Motion to

10  Dismiss—for example, that the Legal Notice was posted to its website and that it included

11  instructions on how to participate in the rate-setting process and background information on

12  the District's proposal.  (D-MTD at 4:25-5:3).  Judicial notice for this limited purpose is

13  entirely proper.  *See United States v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir. 2008)

14  (finding district court properly took judicial notice of background information contained in

15  administrative materials).

16  **IV.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF SOLARCITY'S**

17  **NOTICE OF CLAIMS AND THE DISTRICT'S RESPONSE TO
    SOLARCITY'S NOTICE OF CLAIMS**

18       Finally, the Court should take notice of Exhibits 10 and 11: SolarCity's March 24,

19  2015 Notice of Claims and the District's Response to SolarCity's Notice of Claims.[3]

20  SolarCity does not object to the Court's taking notice of Exhibit 10, but contends that Exhibit

21  11 cannot be incorporated by reference into the Complaint because the Complaint mentions

22  only SolarCity's Notice of Claims, not the District's Response.  (Opp. RJN at 10:12-25).

23  But under the Court's May 6, 2015 Order granting the parties' stipulated schedule for

24  responding to SolarCity's Amended Complaint, the District was required to respond to

25

26

27  ³   As is the case for Exhibits 8 and 9, while Exhibit 11 is directly relevant to this case,
    judicial notice of that Exhibit is not necessary for the court to grant the District's motion to

28  dismiss.

1  SolarCity's Notice of Claims by May 15, 2015.  (Dkt. 31).  That Response is provided in

2  Exhibit 11, which is judicially noticeable for the limited purposes of demonstrating

3  compliance with that Order and demonstrating that SolarCity was put on notice of defects in

4  its Notice of Claim well within the 180-day notice period imposed by A.R.S. § 12-

5  821.01(A).

6                                                    **CONCLUSION**

7          For the foregoing reasons, the District respectfully requests that the Court take

8  judicial notice as requested herein.

9

10  RESPECTFULLY SUBMITTED this 3rd day of August, 2015.

11

12

13

14                                                   s/Christopher E. Babbitt

15  Steptoe & Johnson LLP                            Wilmer Cutler Pickering Hale and Dorr LLP
     Paul K. Charlton                                 Eric Mahr
16  Karl M. Tilleman                                 Christopher E. Babbitt
     201 East Washington Street, Suite 1600          Christopher T. Casamassima
17  Phoenix, AZ 85004                                1875 Pennsylvania Avenue NW
18  Telephone:  (602) 257-5200                       Washington, DC 20006
     Facsimile:  (602) 257-5299                       Telephone:  (202) 663 6000
19  pcharlton@steptoe.com                            Facsimile:  (202) 663 6363
20  ktilleman@steptoe.com                            eric.mahr@wilmerhale.com
                                                      christopher.babbitt@wilmerhale.com
21                                                   chris.casamassima@wilmerhale.com

22

23                                                   Attorneys for Defendant

24

25

26

27

28
                                                    -10-

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Richard J. Pocker (012548)

BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
William A. Isaacson (*admitted pro hac vice*)
Karen L. Dunn (*admitted pro hac vice*)

BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Steven C. Holtzman
John F. Cove, Jr.
Kieran P. Ringgenberg
Sean P. Rodriguez

COPPERSMITH BROCKELMAN PLC
2800 North Central Avenue, Suite 1200
Phoenix, AZ 85004
Keith Beauchamp
Roopali H. Desai

s/Christopher E. Babbitt

-11-