WILMER CUTLER PICKERING
    HALE AND DORR LLP
Molly S. Boast (*admitted pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
molly.boast@wilmerhale.com

Christopher E. Babbitt (*admitted pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
christopher.babbitt@wilmerhale.com

Christopher T. Casamassima (*admitted pro hac vice*)
350 South Grand Ave.
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400
chris.casamassima@wilmerhale.com

STEPTOE & JOHNSON LLP
Paul K. Charlton (012449)
Karl M. Tilleman (013435)
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299
pcharlton@steptoe.com
ktilleman@steptoe.com

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| SolarCity Corporation<br><br>                    Plaintiff,<br><br>    vs.<br><br>Salt River Project Agricultural Improvement and Power District<br><br>                    Defendants. | Case No. 2:15-CV-00374-DLR<br><br>**SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT'S ANSWER TO SOLARCITY'S AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

For its answer to Plaintiff SolarCity Corporation's Amended Complaint (ECF No. 39), Defendant[1] Salt River Project Agricultural Improvement and Power District ("the District"), through its undersigned counsel, states as follows:

**[INTRODUCTION][2]**

1.     The allegations in paragraph 1 constitute Plaintiff's characterization of this action or legal conclusions to which no response is required.  To the extent a response is required, deny.

2.     The allegations in paragraph 2 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

3.     The District admits the first sentence of paragraph 3.  Deny the remaining allegations in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4.     The allegations in paragraph 4 constitute Plaintiff's characterization of this action to which no response is required.  To the extent a response is required, the District denies the first sentence of paragraph 4.  The District admits that solar customers cannot completely disconnect from the District's grid because they still need power during the evening hours and at other times when their energy demands exceed what their solar energy systems produce.  Except as expressly admitted, deny.

5.     Deny the allegations in paragraph 5 because they are not sufficiently specific about the SEPPs at issue to permit an informed response.  The District admits that the District approved an overall average annual price increase of 3.9% for all residential customers in February 2015.  Except as expressly admitted, deny.

---

[1] This Answer is submitted only on behalf of Defendant Salt River Project Agricultural Improvement and Power District. The claims against Defendant Salt River Valley Water Users' Association ("the Association") were dismissed in the Court's October 27, 2015 order (ECF No. 77).  The Amended Complaint improperly conflates the Association and the District by referring to them collectively as "SRP," when they are in fact distinct legal entities.  Any allegation regarding "SRP" is denied on that basis.

[2] The headings in the Amended Complaint do not constitute legally operative allegations that require a response.  To the extent a response is required, any allegations contained in the headings are denied.

6.      Deny the allegations in paragraph 6 because they are not sufficiently specific about the SEPPs at issue to permit an informed response.  To the extent a further response is required, deny.

7.      Deny.

8.      Deny.

9.      Deny.

10.     Deny.

11.     Deny.

12.     The allegations in the first two sentences of paragraph 12 constitute legal conclusions and Plaintiff's characterization of this action, to which no response is required.  To the extent a response is required, deny.  Deny the remaining allegations in paragraph 12 because they are not sufficiently specific about the SEPPs at issue to permit an informed response.  To the extent a further response is required, deny.

13.     The allegations in paragraph 13 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

14.     The allegations in paragraph 14 constitute Plaintiff's characterization of this action to which no response is required.  To the extent a response is required, deny.

15.     The District admits that SolarCity is a publicly traded company.  Deny the remaining allegations in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16.      Deny the allegations in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17.     The District admits that SolarCity has customers in the District's service territory.  As to the remaining allegations in paragraph 17, deny  for lack of knowledge or information sufficient to form a belief as to their truth.

18.     To the extent the allegations in paragraph 18 accurately describe the District's legal status, that status speaks for itself and no response is required.  Deny the allegations in paragraph 18 because they are not sufficiently specific as to what is meant by "power-and-

water utility" to permit an informed response.  The District avers that it is an agricultural improvement district under Arizona law.  The District admits that it has over 900,000 electricity customers.  Except as expressly admitted, deny.

19.    To the extent the allegations in paragraph 19 accurately describe the referenced 2015 Annual Report, that document speaks for itself and no response is required.  Deny the remaining allegations in paragraph 19.

20.    To the extent the allegations in the first sentence of paragraph 20 accurately describe the referenced 2015 Annual Report, that document speaks for itself and no response is required.  Deny the remaining allegations in the first sentence of paragraph 20 because they are not sufficiently specific about the "numerous other SRP documents" referenced to permit an informed response.  The allegations in the third sentence of paragraph 20 constitute legal conclusions to which no response is required.  To the extent a response is required, deny the allegations in the third sentence of paragraph 20.  Deny the remaining allegations in paragraph 20.

21.    The allegations in paragraph 21 are no longer at issue in this case following the Court's October 27, 2015 ruling granting the Association's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, the District admits that the same individuals currently serve in the positions of President, Vice President, and on the Executive Management team for both the Association and the District.  The District further admits that nine of the fourteen individuals currently serving as District Board members also serve on the Association's Board.  Deny that all 30 members of the Association Council serve on the District Council.  Aver that 29 individuals serving as current members of the Association Council also serve on the District Council.  Aver that the responsibilities of the positions identified in paragraph 21 differ with respect to the District and the Association.  Except as expressly admitted, deny.

22.    The allegations in paragraph 22 are no longer at issue in this case following the Court's October 27, 2015 ruling granting the Association's motion to dismiss (ECF No. 77)

and no response is required.  Further, the allegations in paragraph 22 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

23.     The allegations in paragraph 23 are no longer at issue in this case following the Court's October 27, 2015 ruling granting the Association's motion to dismiss (ECF No. 77) and no response is required.  Further, the allegations in paragraph 23 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

24.     The allegations in paragraph 24 are no longer at issue in this case following the Court's October 27, 2015 ruling granting the Association's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

25.     The allegations in paragraph 25 are no longer at issue in this case following the Court's October 27, 2015 ruling granting the Association's motion to dismiss (ECF No. 77) and no response is required.  Further, to the extent the allegations in paragraph 25 accurately describe Scott Harelson's April 2015 statement, that quotation speaks for itself and no response is required.  To the extent a response is required, deny.

26.     The allegations in paragraph 26 are no longer at issue in this case following the Court's October 27, 2015 ruling granting the Association's motion to dismiss (ECF No. 77) and no response is required.  To the extent the allegations in paragraph 26 accurately describe the referenced reports, those reports speak for themselves and no response is required.  To the extent a response is required, the District avers that the Association is a quasi-public Arizona corporation whose shareholders are the subscribing landowners.  *See* Dkt. 52 at 3.  Except as expressly admitted, deny.

27.     The allegations in paragraph 27 are no longer at issue in this case following the Court's October 27, 2015 ruling granting the Association's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny the allegations in the first sentence of paragraph 27 because they are not sufficiently specific about the source of the referenced statements to permit an informed response.  The District admits that the District and the Association issue combined financial statements.  The District admits that the Association was formed in 1903 by a group of Salt River Valley landowners as a quasi-

public corporation under Arizona law to enter into contracts with the federal government for the irrigation of their land.  Except as expressly admitted, deny.

28.    The allegations in paragraph 28 are no longer at issue in this case following the Court's October 27, 2015 ruling granting the Association's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, the District admits that it was created in 1937 as a political subdivision of the state of Arizona.  The District further admits that it was empowered to issue municipal bonds, the proceeds from which were long ago used to redeem outstanding higher-interest bonds.  The District admits that it is responsible for power delivery and water storage, and that the Association manages water delivery as an agent of the District.  Except as expressly admitted, deny.

29.    The allegations in paragraph 29 are no longer at issue in this case following the Court's October 27, 2015 ruling granting the Association's motion to dismiss (ECF No. 77) and no response is required.  Moreover, the allegations in paragraph 29 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

30.    The allegations in paragraph 30 are no longer at issue in this case following the Court's October 27, 2015 ruling granting the Association's motion to dismiss (ECF No. 77) and no response is required.  Moreover, the allegations in paragraph 30 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

31.    Deny the allegations in the first sentence of paragraph 31 because it is insufficiently specific as to the meaning of  "private markets" and "private economic interests" to permit an informed response.  To the extent a further response is required, deny.  The allegations in the second sentence of paragraph 31 constitute legal conclusions to which no response is required.  To the extent the second sentence of paragraph 31 characterizes unspecified decisions of other courts in other contexts, those decisions speak for themselves and no response is required.  To the extent a response is required, deny.

32.    The District admits that participation in the District's elections, as defined by Arizona statutes, is limited to individuals who own qualified land or who are appointed by trustees to vote qualified land held in a qualifying trust.  The District avers that the Board

consists of ten members elected from voting divisions and four members elected at large. The District further avers that, except for the four at-large Board seats, the President, Vice President and Board and Council members are elected on an acreage-based voting system. For the at-large Board seats, each landowner within the District has one vote.  Except as expressly admitted, deny.

33.    Deny.

34.    Deny the allegations in paragraph 34 because they are not sufficiently specific about the "online biography" referenced to permit an informed response.  To the extent the allegations in paragraph 34 accurately describe the "online biography," that document speaks for itself and no response is required.  Further deny the allegations in paragraph 34 because they are not sufficiently specific as to what is meant by "interests in agricultural businesses" to permit an informed response.  Deny the remaining allegations in paragraph 34.

35.    The allegations in paragraph 35 and subparagraphs 35(a)-(c) reference statements in documents that speak for themselves and/or constitute legal conclusions and no response is required.  Further deny the allegations in paragraph 35 and subparagraphs 35(a)-(c) because they are not sufficiently specific about the source of the referenced statements to permit an informed response.  Deny the remaining allegations in paragraph 35.

36.    To the extent the allegations in paragraph 36 accurately describe the referenced Standard and Poor's document, that document speaks for itself and no response is required. Deny the remaining allegations in paragraph 36.

37.    To the extent the allegations in the first and second sentences of paragraph 37 characterize the terms of agreements between the District and solar energy providers, those agreements speak for themselves and no response is required.  The District admits that it sells output from solar facilities.  Except as expressly admitted, deny.

38.    The allegations in paragraph 38 and subparagraphs 38(a)-(b) are not relevant to this litigation, are designed to embarrass or harass, are speculative, or constitute legal conclusions.  Therefore, no response is required.  Further, the allegations in paragraph 38 are

no longer at issue in this case following the Court's October 27, 2015 ruling on the District's Motion to Dismiss (ECF No. 77) and no response is required.

39.    Deny the allegations in the first sentence of paragraph 39 because they are insufficiently specific as to the meaning of "other market participants" to permit an informed response.  The District admits that the District Board has met in closed and/or executive sessions to discuss matters related to competitive activity, including trade secrets or privileged or confidential commercial or financial information.  To the extent the referenced agenda item is accurately described, the agenda speaks for itself and no response is required. Deny the allegations in the last sentence of paragraph 39.  Except as expressly admitted, deny.

40.    The allegations in paragraph 40 constitute legal conclusions to which no response is required.  To the extent a response is required, the District avers that it is a political subdivision of the State of Arizona.

41.    To the extent the allegations in paragraph 41 characterize an April 16, 2015 written statement from an attorney for the District, that statement speaks for itself and no response is required.  To the extent a response is required, admit, except "SRP" should be replaced with "the District."

42.    The allegations in paragraph 42 constitute legal conclusions to which no response is required.  To the extent a response is required, aver that the District's Board is authorized under Arizona law to set and regulate rates within its service territory and that, under certain circumstances, the United States Department of the Interior may exercise review authority over the District.  Deny the remaining allegations in paragraph 42.

## [JURISDICTION AND VENUE]

43.    The allegations in paragraph 43 constitute legal conclusions or characterizations of this action to which no response is required.  To the extent a response is required, deny.

44.    The allegations in paragraph 44 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

45.     The allegations in paragraph 45 constitute legal conclusions to which no response is required.  To the extent a response is required, the District admits that venue is proper.

46.     Deny the allegations in the first sentence of paragraph 46.  Deny the allegations in the second sentence of paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47.     The allegations in paragraph 47 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

## [RELEVANT MARKETS AND MARKET POWER]

48.     Deny.

49.     Deny.

50.     Deny.

51.     To the extent the allegations in paragraph 51 accurately describe the referenced report from Edison Electric Institute, that document speaks for itself and no response is required.  Deny the remaining allegations in paragraph 51.

52.     Deny.

53.     The allegations in paragraph 53 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

54.     The allegations in paragraph 54 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

55.     Deny.

56.     Admit, except that "SRP" should be replaced with "the District."

57.     Deny.

58.     Deny.

59.     The allegations in paragraph 59 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

60.     The allegations in paragraph 60 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

61.     The allegations in paragraph 61 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent the graphic is accurately reproduced from a document created by the District, that document speaks for itself and no response is required.  To the extent a response is required, deny.

62.     The allegations in paragraph 62 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

63.     The District admits that  "virtually all" of its customers who self-generate a portion of their electricity continue to purchase a portion of their electricity from the District. The allegations in the second sentence of paragraph 63 constitute legal conclusions to which no response is required.  To the extent a response is required, deny that retail electricity and grid access are separate products, and deny the remainder of the allegations in the second sentence of paragraph 63.  Except as expressly admitted, deny.

64.      The District admits that a speaker from the Electric Power Research Institute made the statements quoted in the second sentence of paragraph 64 at a hearing.  Deny the substance of those statements for lack of knowledge or information sufficient to form a belief as to their truth.  Except as expressly admitted, deny.

65.     The allegations in paragraph 65 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

66.     The allegations in paragraph 66 constitute legal conclusions to which no response is required.  Further, to the extent the allegations of paragraph 66 accurately describe the content of Arizona statutes, those statutes speak for themselves and no response is required.  To the extent a response is required, deny.

67.     Deny the allegations in the first sentence of paragraph 67 for lack of knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in the second paragraph of paragraph 67 accurately describe the 2014 Annual Report, that report speaks for itself and no response is required.  To the extent a response is required, the District admits the allegations in the second sentence of paragraph 67, except that "SRP" should be replaced with "the District."  Except as expressly admitted, deny.

68.     The allegations in paragraph 68 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

69.     The allegations in paragraph 69 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

## [GENERAL ALLEGATIONS]

### [*Industry Background*]

70.     The District admits that distributed solar systems generate electricity when the sun shines on them, and that, depending on their orientation and other factors, generation may continue for hours and may peak during mid-day.  Except as expressly admitted, deny.

71.     Deny the allegations in paragraph 71 because they are not sufficiently specific as to what is meant by "distributed solar" or "benefit" or about the time period in question to permit an informed response. Subject to said denial, the District avers that under certain situations, energy generated by solar power can assist utilities with meeting environmental goals or requirements.

### [*SRP'S Prior Course of Conduct*]

72.     Deny the allegations in the first sentence of paragraph 72 because they are not sufficiently specific as to what is meant by "benefit," "solar generation," "solar power," or "it" to permit an informed response.  Deny the allegations in the second sentence because they are not sufficiently specific as to what is meant by "incentives," "encourage," "distributed solar systems," or the time period at issue to permit an informed response.  To the extent a response to the second sentence is required, that District admits that it provided "incentives" (as the District understands the term) in the past with respect to programs

-11-

related to distributed generation.  The District admits that it has committed to buy the output from at least three substantial solar facilities and owns at least three facilities outright. Except as expressly admitted, deny.

73.     The allegations in paragraph 73 constitute legal conclusions to which no response is required.  Further, the allegations in paragraph 73 are insufficiently specific as to what is meant by "distributed solar investments," "rational," and "justified" to permit an informed response.  To the extent a response is required, the District admits that its programs with respect to distributed generation were "justified" (as the District understands the term) for a variety of reasons, including the ability to obtain renewable energy credits.  Except as expressly admitted, deny.

74.     The District admits that it has offered and offers "net metering" to residential and small-to-medium sized commercial customers.  The District further admits that, under its "net metering" policy, the District offers its customers a bill credit for excess solar production when the customer's distributed solar system produces more energy than the customer uses.  Except as expressly admitted, deny.

75.     Deny the allegations in paragraph 75 because they are not sufficiently specific as to which particular "net metering" program (if any) they refer to permit an informed response.  To the extent a response is required, the District admits that, under the District's current net metering policy, excess electricity from a customer's distributed solar system is transferred onto the grid, including for distribution to other customers, and that a distributed solar customer is billed for the customer's "net" electricity use (i.e. the customer's total energy usage minus the energy produced by the customer's distributed solar).  Except as expressly admitted, deny.

76.     The District admits that it adopted a net metering program, but denies the remainder of the allegations in the first sentence of paragraph 76.  Deny the allegations concerning benefits to customers for lack of knowledge or information sufficient to form a belief as to their truth.  Except as expressly admitted, deny.

77.     To the extent the quotations in paragraph 77 are accurate, those quotations speak for themselves and no response is required.  Deny the remaining allegations in paragraph 77.

**[*SRP Begins to Change Course to Eliminate Competition*]**

78.     Deny.

79.     The District admits that the District developed a "Community Solar" program that permits its customers to purchase solar-generated electricity.  Except as expressly admitted, deny.

80.     Deny.

81.     Deny.

82.     Deny.

83.     Deny the allegations in the first sentence of paragraph 83.  To the extent the second sentence of paragraph 83 accurately describes John Tucker's statement, that statement speaks for itself and no response is required.  Deny the remaining allegations in the second sentence of paragraph 83.  Deny the allegations in the third sentence of paragraph 83 for lack of knowledge or information sufficient to form a belief as to their truth.

84.     Deny.

85.     Deny.

86.     Deny the allegations in paragraph 86 because they are not sufficiently specific about the source of the quotations to permit an informed response.  To the extent the quotations are accurate, they speak for themselves and no response is required.  To the extent a response is required, deny.

87.     To the extent the quotation in Paragraph 87 is accurate, that quotation speaks for itself and no response is required.  Deny the remaining allegations in paragraph 87.

**[*SRP Changes Course*]**

88.     Deny.

89.     The District admits that the District opened a public pricing process on December 12, 2014 to consider a proposed overall average annual price increase, as well as a

-13-

new price plan for residential customers who self-produce a portion of their energy using rooftop solar panels or other technologies.  Except as expressly admitted, deny.

90.     The District admits that the District spent approximately $1.7 million on advertising and communications between December 2014 and February 2015, some of which was in connection with the public pricing process and some of which supported other initiatives.  The District admits that these communications included notifications about proposed pricing changes and a communication regarding a new Community Solar plant, among other topics.  Except as expressly admitted, deny.

91.     The District admits that, following notice to customers in November 2014, the District initiated a series of hearings and disclosures in December 2014 in accordance with its obligations under Arizona law.  The allegations in the second sentence of paragraph 91 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.  Except as expressly admitted, deny.

92.     To the extent the allegations in paragraph 92 refer to a statement by a spokesperson for the District, they are not sufficiently specific as to the source of those statements to permit an informed response.  To the extent a response is required, the District admits that a spokesperson for the District described an "informal process to allow participants to gather information and ask questions of Management."  The District admits that SolarCity does not contract directly with the District to provide solar systems to customers.  Except as expressly admitted, deny.

93.     The allegations in paragraph 93 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

94.     The allegations in paragraph 94 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

95.     Deny the allegations in paragraph 95 because they are not sufficiently specific as to what is meant by "late in the process" to permit an informed response.  To the extent a response is required, the District avers that it followed the protocols set forth in the published

1   notice regarding deadlines for the submission of written comments and deadlines in

2   connection with the pricing process opened on December 12, 2014.

3       96.     To the extent the allegations in the first sentence of paragraph 96 accurately

4   describe the referenced letter, that letter speaks for itself and no response is required.  The

5   District admits that SolarCity's attorneys met with certain Board members concerning

6   SolarCity's threats of litigation.  The District further admits that the District was aware of

7   SolarCity's threatened litigation and held an executive session of the Board during the

8   February 26, 2015 meeting.  Except as expressly admitted, deny.

9       97.     Deny the allegations in paragraph 97 because they are not sufficiently specific

10   as to what is meant by "minor" to permit an informed response.  To the extent a response is

11   required, the District admits that its Board modified and approved changes to its SEPPs on

12   February 26, 2015.

13      98.     Deny.

14      99.     Deny.

15      100.    Deny.

16      101.    Deny the allegations in paragraph 101 and subparagraphs 101(a) and (b).

17      102.    Deny the allegations in the of the first sentence of paragraph 102 because they

18   are not sufficiently specific about the SEPPs at issue or the time period in question to permit

19   an informed response.  The allegations in the second sentence of paragraph 102 constitute

20   legal conclusions to which no response is required.  To the extent a response is required to

21   the allegations in the second sentence of paragraph 102, deny; aver that the rehearing process

22   is set forth in A.R.S. § 30-810.   Further deny the allegations in the second sentence of

23   paragraph 102 relating to SolarCity's search for evidence for lack of knowledge or

24   information sufficient to form a belief as to their truth.

25      103.    To the extent the quotation in paragraph 103 accurately quotes a statement

26   made by a Board member, that quotation speaks for itself and no response is required.  Deny

27   the remaining allegations in paragraph 103.

28

104.   To the extent the allegations in paragraph 104 accurately describe the referenced letter, that letter speaks for itself and no response is required.  Deny the remaining allegations in paragraph 104.

[*Anticompetitive Impact And Tortious Conduct*]

105.   Deny the allegations in the first sentence of paragraph 105 because they are not sufficiently specific about the emails referenced to permit an informed response.  The District admits that, for certain customers who purchase all of their electricity from the District, the residential SEPPs adopted by the District's Board on February 26, 2015 include a fixed monthly service charge of $20 as well as a per-kWh electricity usage rate.  The District admits that the changes to the residential SEPPs adopted on February 26, 2015 were projected to result in an average 3.9% increase in a residential customer's monthly bill beginning in April 2016 and avers that the average increase for the first year the new SEPPs are in place were projected to be 3.3%.  Except as expressly admitted, deny.

106.   The District admits that most of the District's self-generating (or "partial requirements") residential customers are distributed solar customers.  Deny the allegations in the last sentence of paragraph 106 because they are not sufficiently specific about the emails referenced to permit an informed response.  Except as expressly admitted, deny.

107.   The District admits that the District grandfathered existing distributed solar users into its prior pricing plans.  Except as expressly admitted, deny.

108.   To the extent the allegations in paragraph 108 and subparagraphs 108(a)-(c) accurately describe the SEPPs approved by the District's Board on February 26, 2015, those SEPPs speak for themselves and no response is required.  Further, the allegations in subparagraphs 108(a)-(b) constitute legal conclusions to which no response is required.  To the extent a response is required, deny the allegations in paragraph 108 and subparagraphs 108(a)-(c).

109.   Deny the allegations in the first sentence of paragraph 109.  To the extent the allegations in the second sentence of paragraph 109 accurately describe the referenced

consultant's statements, those statements speak for themselves and no response is required. Deny the remaining allegations in paragraph 109.

110.    Deny the allegations in paragraph 110 for lack of knowledge or information sufficient to form a belief as to their truth.  Further deny the allegations in paragraph 110 because they are not sufficiently specific about the SEPPs at issue to permit an informed response.

111.    Deny.

112.    Deny.

113.    Deny.

114.    Deny.

115.    To the extent the quotation in paragraph 115 is accurate, that quotation speaks for itself and no response is required.  Deny the remaining allegations in paragraph 115.

116.    The District admits that it received about 500 distributed solar applications per month from May through October 2014.  The District further admits that it received 75 distributed solar applications between December 8, 2014 and April 15, 2015.  Except as expressly admitted, deny.

117.    Deny the allegations in the first sentence of paragraph 117.  Deny the allegations in the second sentence of paragraph 117 because they are not sufficiently specific about the studies referenced to permit an informed response.  Deny the remaining allegations in paragraph 117.

118.    The allegations in paragraph 118 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

119.    The allegations in paragraph 119 and in subparagraphs 119(c) and (d) constitute legal conclusions to which no response is required.  The remaining allegations in paragraph 119, including subparagraphs 119(a) and 119(b), are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No.

77) and no response is required.  To the extent a response is required to paragraph 119 or subparagraphs 119(a)-(d), deny.

120.   Deny the allegations in paragraph 120 and subparagraph 120(a). Deny the allegations in subparagraphs 120(b)-(e) related to SolarCity's interactions with third parties for lack of knowledge or information sufficient to form a belief as to their truth.  Deny any remaining allegations in subparagraphs 120(b)-(e).

121.   Deny the allegations in paragraph 121 and subparagraphs 121(a) and (b).

**[*Harm and Damage*]**

122.   The allegations in paragraph 122 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.  Deny the remaining allegations in paragraph 122.

123.   Deny the allegation in the first sentence of paragraph 123.  Deny the allegations in the second sentence of paragraph 123 because they are not sufficiently specific as to the relevant benchmark or time period to permit an informed response.  To the extent a response is required, deny.

124.   Deny the allegations in the first sentence of paragraph 124 for lack of knowledge or information sufficient to form a belief as to their truth.  Further deny the allegations in paragraph 124 because they are not sufficiently specific about the SEPPs at issue to permit an informed response.  Deny that the District's SEPPs are punitive.  Deny that the quotations included illustrate the effect of the SEPPs.  To the extent the quotations are accurate, they speak for themselves and no response is required.  Deny the remaining allegations in paragraph 124.

125.   Deny the allegations in paragraph 125 for lack of knowledge or information sufficient to form a belief as to their truth.

**[*SRP's Conduct Has No Legitimate Justification*]**

126.   The allegations in paragraph 126 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

127.   The allegations in paragraph 127 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

128.   The allegations in paragraph 128 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

129.   The allegations in paragraph 129 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

130.   To the extent the quotation in paragraph 130 is accurate, that quotation speaks for itself and no response is required.  Deny the remaining allegations in paragraph 130.

131.   Deny, except as to the second sentence of paragraph 131.  With respect to the second sentence of paragraph 131, the District admits it offers some customers Community Solar through bill credits that result in selling Community Solar power to those customers at cost; except as expressly admitted, deny.

132.   The allegations in the first sentence of paragraph 132 constitute legal conclusions to which no response is required.  To the extent the quotation in the second sentence of paragraph 132 is accurate, that quotation speaks for itself and no response is required.  To the extent a response is required, deny.

133.   The allegations in the first sentence of paragraph 133 constitute legal conclusions to which no response is required.  To the extent a response is required, deny. Deny the remaining allegations in paragraph 133.

134.   The District admits that the E-27 price plan applies only to self-generating customers.  Except as expressly admitted, deny.

135.   Deny.

136.   To the extent the quotation in paragraph 136 is accurate, that quotation speaks for itself and no response is required.  Deny the remaining allegations in paragraph 136.

137.   Deny.

138.   To the extent the allegations in paragraph 138 describe actions taken by other utilities, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.  Deny the remaining allegations in paragraph 138.

139.    The allegations in paragraph 139 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

140.    To the extent the allegations in paragraph 140 accurately describe the referenced Standard and Poor's document, that document speaks for itself and no response is required.  Deny the remaining allegations in paragraph 140.

141.    Deny.

142.    Deny.

## [COUNT I]

143.    The District incorporates by reference its responses to paragraphs 1 through 142 above.

144.    The allegations in paragraph 144 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

145.    The allegations in paragraph 145 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

146.    Deny.

147.    Deny.

148.    Deny.

149.    The allegations in paragraph 149 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

150.    The allegations in paragraph 150 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

151.    Deny.

## [COUNT II]

152.    The District incorporates by reference its responses to paragraphs 1 through 151 above.

153.   The allegations in paragraph 153 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

154.   The allegations in paragraph 154 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

155.   The allegations in paragraph 155 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

156.   The allegations in paragraph 156 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

157.   The allegations in paragraph 157 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

158.   The allegations in paragraph 158 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

159.   Deny.

### [COUNT III]

160.   The District incorporates by reference its responses to paragraphs 1 through 159 above.

161.   The allegations in paragraph 161 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

162.   The allegations in paragraph 162 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

163.   The allegations in paragraph 163 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

164.    The allegations in paragraph 164 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

165.    The allegations in paragraph 165 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

166.    The allegations in paragraph 166 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

167.    The allegations in paragraph 167 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

**[COUNT IV]**

168.    The District incorporates by reference its responses to paragraphs 1 through 167 above.

169.    The allegations in paragraph 169 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

170.    The allegations in paragraph 170 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

171.    The allegations in paragraph 171 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

172.    The allegations in paragraph 172 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

173.   The allegations in paragraph 173 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

174.   The allegations in paragraph 174 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

175.   The allegations in paragraph 175 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

**[COUNT V]**

176.   The District incorporates by reference its responses to paragraphs 1 through 175 above.

177.   The allegations in paragraph 177 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

178.   The allegations in paragraph 178 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

179.   The allegations in paragraph 179 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

180.   The allegations in paragraph 180 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

181.   Deny.

182.   The allegations in paragraph 182 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

183.   The allegations in paragraph 183 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

184.   Deny.

**[COUNT VI]**

185.    The District incorporates by reference its responses to paragraphs 1 through 184 above.

186.    The allegations in paragraph 186 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

187.    The allegations in paragraph 187 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

188.    Deny.

189.    The allegations in paragraph 189 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

190.    The allegations in paragraph 190 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

191.    The allegations in paragraph 191 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

192.    Deny.

**[COUNT VII]**

193.    The District incorporates by reference its responses to paragraphs 1 through 192 above.

194.    The allegations in paragraph 194 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

195.    The allegations in paragraph 195 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

196.    The allegations in paragraph 196 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

197.   The allegations in paragraph 197 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

198.   The allegations in paragraph 198 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

199.   The allegations in paragraph 199 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

200.   The allegations in paragraph 200 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required.  To the extent a response is required, deny.

201.   The allegations in paragraph 201 are no longer at issue in this case following the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77) and no response is required. To the extent a response is required, deny.

**[COUNT VIII]**

202.   The District incorporates by reference its responses to paragraphs 1 through 201 above.

203.   The allegations in paragraph 203 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.  Further deny the allegations in paragraph 203 for lack of knowledge or information sufficient to form a belief as to their truth.

204.   Deny.

205.   The allegations in paragraph 205 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

206.   Deny.

207.   The allegations in paragraph 207 constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

208. The allegations in paragraph 208 constitute legal conclusions to which no response is required. To the extent a response is required, deny.

209. Deny.

**[COUNT IX]**

210. The District incorporates by reference its responses to paragraphs 1 through 209 above.

211. Deny the allegations in paragraph 211 for lack of knowledge or information sufficient to form a belief as to their truth

212. Deny.

213. The allegations in paragraph 213 constitute legal conclusions to which no response is required. To the extent a response is required, deny.

214. Deny.

215. The allegations in paragraph 215 constitute legal conclusions to which no response is required. To the extent a response is required, deny.

216. The allegations in paragraph 216 constitute legal conclusions to which no response is required. To the extent a response is required, deny.

217. Deny.

**[PRAYER FOR RELIEF]**

218. The District incorporates by reference its responses to paragraphs 1 through 217 above.

219. Deny that Plaintiff is entitled to any of the relief requested in the prayer for relief. Aver that the Court dismissed all of Plaintiff's claims for damages in its October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77).

220. Deny each and every allegation of the Amended Complaint, and each part or subpart thereof, that is not expressly admitted above.

# AFFIRMATIVE DEFENSES

The District incorporates by reference the foregoing paragraphs in their entirety. Without assuming any burden of proof it would not otherwise bear, the District asserts the following affirmative defenses.  The Amended Complaint does not describe the claims or events with specific particularity for the District to ascertain other defenses that may exist. The District, therefore, reserves its right to assert such defenses as may pertain to the claims and allegations contained in the Amended Complaint once the claims and allegations are ascertained.  The District reserves the right to assert further defenses as discovery proceeds.

1. Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

3. Plaintiff's claims are barred, in whole or in part, because any and all of the District's conduct has been the result of the exercise of reasonable, independent judgment based on legitimate business and economic justifications.

4. Plaintiff's claims are barred, in whole or in part, because it has not suffered actual, cognizable injury under the antitrust laws.

5. Plaintiff's claims are barred, in whole or in part, by the state action immunity doctrine.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

7. Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

8. Plaintiff's claims are barred, in whole or in part, because the conduct at issue is not anticompetitive.

9. Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine.

10. Plaintiff's state law damages claims are barred by A.R.S. § 12-820.01.

11. The Court should abstain from deciding this case under the *Burford* doctrine.

12. Plaintiff's claims are barred, in whole or in part, for failure to comply with Arizona's notice of claims statute, A.R.S. § 12-821.01.

13. Plaintiff's claims are barred, in whole or in part, for failure to seek rehearing as required under A.R.S. § 30-810.

14. Plaintiff's claims are barred, in whole or in part, because granting injunctive relief in this case is inconsistent with Arizona state policy.

15. Plaintiff's claims are barred, in whole or in part, because primary jurisdiction over this dispute rests with the District's Board.

16. Plaintiff lacks standing to assert the claims of the Amended Complaint.

17. Plaintiff has not suffered any damages as a result of the conduct described in the Amended Complaint, and Plaintiff's claims are barred by its failure to mitigate any damages it has alleged.

18. The relief sought by Plaintiff is barred, in whole or in part, because the alleged competitive injury is too speculative and uncertain.

19. Plaintiff's claims are barred, in whole or in part, because the Court lacks subject matter jurisdiction.

20. Plaintiff's claims are barred, in whole or in part, because any injuries or damages Plaintiff may have suffered were caused solely or proximately by the acts and omissions of others.

21. Plaintiff's claims are barred, in whole or in part, because the District's actions cause no injury to competition.

22. Plaintiff's claims are barred, in whole or in part, for failure to join an indispensable party.

23. The District reserves all affirmative defenses  under Fed. R. Civ. P. 8(c) and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## DEMAND FOR JUDGMENT

WHEREFORE, the District requests that this Court enter judgment in its favor by adjudging and decreeing that:

A.   Plaintiff's claims be dismissed with prejudice;

B.   The District has not engaged in anticompetitive conduct in violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2; the Clayton Antitrust Act, 15 U.S.C. § 14; or the Arizona Uniform State Antitrust Act, A.R.S. §§ 44-1402, 1403;

C.   The District has not tortuously interfered with Plaintiff's contracts or prospective economic advantage;

D.   Plaintiff is not entitled to recover any damages from the District;

E.   Plaintiff is not entitled to equitable or injunctive relief;

F.   The District recover its costs of this suit, including reasonable attorney's fees as provided by law; and

G.   The District receive other or further relief as may be just and proper.

## JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38(b), the District demands a trial by jury of all of the claims asserted in SolarCity's Amended Complaint so triable.  The District avers that a jury trial is not available for the determination of injunctive relief, to the extent available, for any and all claims remaining from the Court's October 27, 2015 ruling on the District's motion to dismiss (ECF No. 77), or any subsequent ruling that may further limit or dispose of SolarCity's claims.

RESPECTFULLY SUBMITTED this 13th day of November, 2015.


                                        /s/ Christopher E. Babbitt
                                        _____

STEPTOE & JOHNSON LLP                   WILMER CUTLER PICKERING HALE AND
Paul K. Charlton                            DORR LLP
Karl M. Tilleman                        Molly S. Boast
201 East Washington Street, Suite 1600  7 World Trade Center
Phoenix, AZ 85004                       250 Greenwich Street
Telephone:  (602) 257-5200              New York, NY 10007
Facsimile:  (602) 257-5299              Telephone: (212) 230-8800
pcharlton@steptoe.com                   Facsimile: (212) 230-8888
ktilleman@steptoe.com                   molly.boast@wilmerhale.com

Christopher E. Babbitt
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone:  (202) 663 6000
Facsimile:  (202) 663 6363
christopher.babbitt@wilmerhale.com

Christopher T. Casamassima
350 South Grand Ave.
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400
chris.casamassima@wilmerhale.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2015, I electronically transmitted the attached

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

Notice of Electronic Filing to the following CM/ECF registrants:

BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Richard J. Pocker (012548)

BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
William A. Isaacson (*admitted pro hac vice*)
Karen L. Dunn (*admitted pro hac vice*)

BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Steven C. Holtzman
John F. Cove, Jr.
Kieran P. Ringgenberg
Sean P. Rodriguez

COPPERSMITH BROCKELMAN PLC
2800 North Central Avenue, Suite 1200
Phoenix, AZ 85004
Keith Beauchamp
Roopali H. Desai

/s/ Christopher E. Babbitt