| | |
|---|---|
| 1 | WILMER CUTLER PICKERING |
|   |    HALE AND DORR LLP |
| 2 | Molly S. Boast (*admitted pro hac vice*) |
|   | 7 World Trade Center |
| 3 | 250 Greenwich Street |
|   | New York, NY 10007 |
| 4 | Telephone: (212) 230-8800 |
|   | Facsimile: (212) 230-8888 |
| 5 | molly.boast@wilmerhale.com |
| 6 | Christopher E. Babbitt (*admitted pro hac vice*) |
|   | 1875 Pennsylvania Avenue NW |
| 7 | Washington, DC 20006 |
|   | Telephone: (202) 663-6000 |
| 8 | Facsimile: (202) 663-6363 |
|   | christopher.babbitt@wilmerhale.com |
| 10 | Christopher T. Casamassima (*admitted pro hac vice*) |
|   | 350 South Grand Ave. |
|   | Los Angeles, CA 90071 |
| 11 | Telephone: (213) 443-5300 |
|   | Facsimile: (213) 443-5400 |
| 12 | chris.casamassima@wilmerhale.com |
| 13 | STEPTOE & JOHNSON LLP |
|   | Paul K. Charlton (012449) |
| 14 | Karl M. Tilleman (013435) |
|   | 201 East Washington Street, Suite 1600 |
| 15 | Phoenix, Arizona 85004-2382 |
|   | Telephone: (602) 257-5200 |
| 16 | Facsimile: (602) 257-5299 |
|   | pcharlton@steptoe.com |
| 17 | ktilleman@steptoe.com |
| 18 | *Attorneys for Defendant* |

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| SolarCity Corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>Salt River Project Agricultural Improvement and Power District,<br><br>                Defendant. | Case No. 2:15-CV-00374-DLR<br><br>**DEFENDANT SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT'S NOTICE OF APPEAL** |

Notice is hereby given that Defendant Salt River Project Agricultural Improvement and Power District (the "District") appeals to the United States Court of Appeals for the Ninth Circuit from the Order Granting in Part and Denying in Part Defendant's Motion to Dismiss, entered in this action by the Honorable Douglas L. Rayes in the United States District Court for the District of Arizona on October 27, 2015, ECF No. 77.

The Court correctly held that "[a]s a matter of law, the District is a political subdivision of the state [of Arizona] created by state law and the state constitution," and that "SolarCity's allegations do not undermine the District's status." ECF No. 77 at 23. Accordingly, the Court held that, as a political subdivision, the District was immune from antitrust damages under the Local Government Antitrust Act, 15 U.S.C. § 35(a). ECF No. 77 at 22-23. The Court also dismissed Plaintiff's claims under Section 1 of the Sherman Act and its state law analogue for failure to state a claim. ECF No. 77 at 16-18. The Court, however, denied the District's motion to dismiss asserting immunity from suit under both the state action immunity doctrine and A.R.S. § 12-820.01, ECF No. 77 at 23, 24-25, thereby allowing to proceed Plaintiff's claim under Section 2 of the Sherman Act (and its state law analogue), as well as claims for tortious interference under state law. ECF No. 77 at 19-20, 22.

Ninth Circuit precedent holds that denials of immunities from suit are subject to immediate appellate review. *See DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015 (9th Cir. 2013). The state action doctrine provides such an immunity from suit and therefore should be treated as immediately appealable. *See* Phillip E. Areeda & Herbert Hovenkamp, Fundamentals of Antitrust Law, § 2.04b, at 2-51 (4th ed. 2011, 2015 Supp.) (state action doctrine "is designed to be an immunity, not merely a defense that can be offered at trial"); *see also N.C. State Bd. of Dental Exam'rs v. FTC*, 135 S. Ct. 1101, 1110 (2015) (state action doctrine "confer[s] immunity on anticompetitive conduct by the States when acting in their sovereign capacity"). Thus, two circuits have concluded that a denial of state action immunity, as an immunity from suit, constitutes an immediately appealable collateral order. *See Commuter Transp. Sys., Inc. v. Hillsborough Cty. Aviation Auth.*, 801 F.2d 1286, 1289

(11th Cir. 1986) (denial of state action immunity is immediately appealable as an immunity from suit); *Martin v. Mem'l Hosp. at Gulfport*, 86 F.3d 1391, 1397 (5th Cir. 1996) (same). Two other circuits have noted that state action immunity is immediately appealable in dicta. *See We, Inc. v. City of Philadelphia*, 174 F.3d 322, 329 (3d Cir. 1999); *Segni v. Commercial Office of Spain*, 816 F.2d 344, 346 (7th Cir. 1987). However, two other circuits have held that the denial of state action immunity is not immediately appealable. *See S.C. State Bd. of Dentistry v. FTC,* 455 F.3d 436, 443 (4th Cir. 2006); *Huron Valley Hosp., Inc. v. City of Pontiac,* 792 F.2d 563, 567-68 (6th Cir. 1986).

      A.R.S. § 12-820.01 provides public entities such as the District "absolute immunity" from suits for damages under state law. *Kohl v. City of Phoenix*, 160 P.3d 170 (Ariz. 2007) (en banc); *Acevedo by Acevedo v. Pima Cty. Adult Probation Dep't*, 690 P.2d 38, 41 (Ariz. 1984) (en banc) (Arizona provides absolute immunity to those entities and officials who "require protection from suit to carry out their duties"). And Arizona courts permit immediate appellate review of denials of immunity under Title 12. *See Tucson Unified Sch. Dist. v. Borek*, 322 P.3d 181, 184 (Ariz. Ct. App. 2014); *see also Pinal County v. Cooper ex rel. Cty. of Maricopa*, --- P.3d ----, 2015 WL 6157397, at *2 (Ariz. Ct. App. Oct. 20, 2015) (immediate appeal of immunity claims appropriate "because a party who claims immunity from suit loses the benefit of the immunity if he is forced to stand trial, and therefore has no adequate remedy by direct appeal"). The Arizona courts' treatment of Title 12 illustrates that it is an immunity from suit, the denial of which is immediately appealable. *See DC Comics*, 706 F.3d at 1016; *Godin v. Schencks*, 629 F.3d 79, 85 (1st Cir. 2010) (availability of immediate appeal under state law indicates whether claimed immunity is a true immunity or a defense to liability).

      In accordance with Fed. R. App. P. 12(b) and Ninth Circuit Rule 3-2(b), a Representation Statement is also attached hereto.

| | | |
|---|---|---|
| 1 | RESPECTFULLY SUBMITTED this 20th day of November, 2015 | |
| 2 | | |
| 3 | |   /s/   Christopher E. Babbitt      |
| 4 | STEPTOE & JOHNSON LLP<br>Paul K. Charlton | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 5 | Karl M. Tilleman<br>201 East Washington Street, Suite 1600 | Molly S. Boast<br>7 World Trade Center |
| 6 | Phoenix, AZ 85004 | 250 Greenwich Street |
| 7 | Telephone: (602) 257-5200<br>Facsimile: (602) 257-5299 | New York, NY 10007<br>Telephone: (212) 230-8800 |
| 8 | pcharlton@steptoe.com<br>ktilleman@steptoe.com | Facsimile: (212) 230-8888<br>molly.boast@wilmerhale.com |
| 9 | | |
| 10 | | Christopher E. Babbitt<br>1875 Pennsylvania Avenue NW |
| 11 | | Washington, DC 20006 |
| 12 | | Telephone: (202) 663 6000<br>Facsimile: (202) 663 6363 |
| 13 | | christopher.babbitt@wilmerhale.com |
| 14 | | Christopher T. Casamassima |
| 15 | | 350 South Grand Ave.<br>Los Angeles, CA 90071 |
| 16 | | Telephone: (213) 443-5300 |
| 17 | | Facsimile: (213) 443-5400<br>chris.casamassima@wilmerhale.com |
| 18 | | |
| 19 | | Attorneys for Defendant |

# CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Richard J. Pocker

BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
William A. Isaacson
Karen L. Dunn

BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Steven C. Holtzman
John F. Cove, Jr.
Kieran P. Ringgenberg
Sean P. Rodriguez

COPPERSMITH BROCKELMAN PLC
2800 North Central Avenue, Suite 1200
Phoenix, AZ 85004
Keith Beauchamp
Roopali H. Desai

          /s/Christopher E. Babbitt