COPPERSMITH BROCKELMAN PLC
KEITH BEAUCHAMP (#012434)
ROOPALI H. DESAI (#024295)
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 381-5490
kbeauchamp@cblawyers.com
rdesai@cblawyers.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM A. ISAACSON *(admitted pro hac vice)*
KAREN L. DUNN *(admitted pro hac vice)*
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
wisaacson@bsfllp.com
kdunn@bsfllp.com

STEVEN C. HOLTZMAN *(admitted pro hac vice)*
JOHN F. COVE, JR. *(admitted pro hac vice)*
KIERAN P. RINGGENBERG *(admitted pro hac vice)*
SEAN P. RODRIGUEZ *(admitted pro hac vice)*
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
sholtzman@bsfllp.com
jcove@bsfllp.com
kringgenberg@bsfllp.com
srodriguez@bsfllp.com

*Attorneys for Plaintiff SolarCity Corporation*

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SolarCity Corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>Salt River Project Agricultural Improvement and Power District,<br><br>        Defendant. | No.  2:15-CV-00374-DLR<br><br>**UPDATED JOINT PROPOSED DISCOVERY PLAN** |

The original Rule 16 conference was held in this case on May 29, 2015. It concluded with an order concerning the scope of discovery pending resolution of the motions to dismiss in this matter. Dkt. No. 46. The motions to dismiss have been resolved (Dkt. No. 77; hereafter "the MTD Order"), and the parties will appear to continue the Rule 16 conference on November 24, 2015. Dkt. No. 72.

Developments since May 29 have changed the positions in the parties' original discovery plan. Dkt. No. 43. The parties therefore jointly submit this Updated Joint Discovery Plan.[1]

## 1. The parties who attended the meeting and assisted in developing the Plan.

Plaintiff SolarCity Corporation ("SolarCity") and Defendant Salt River Project Agricultural Improvement and Power District ("the District") attended the original March 19 meeting through their counsel of record at that time. On November 12, 2015, counsel for SolarCity and the District engaged in a discovery meet-and-confer session during which they agreed to submit an Updated Joint Discovery Plan.[2]

## 2. A short statement of the nature of the case (3 pages or less), including a description of each claim and defense.

Plaintiff's Statement.

The Court is familiar with the nature of the case from the motion to dismiss briefing and SolarCity's statement in the original Discovery Plan, which SolarCity incorporates by reference.

---

[1] SolarCity understands that the Court inquired today about the timing of this submission. SolarCity notes that it proposed a joint statement to the District by email on November 10 and provided a draft of its portions of the submission to the District on Monday, November 16. Despite follow-up requests from SolarCity, the District delayed sending its draft until 10:41am today, November 20, at that time adding arguments on the merits that SolarCity believes go beyond the scope of this statement but nonetheless required a response. SolarCity thereafter endeavored to revise the statement as quickly as possible to permit its submission today.

[2] The District states that SolarCity's revisions to this plan (as described by SolarCity above in footnote 1) contain improper argument and factual mischaracterizations. The District reserves the right to respond as necessary.

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

O A K L A N D ,   C A L I F O R N I A

1   As narrowed by the MTD Order, the District's conduct at issue constitutes a

2   scheme to monopolize or attempt to monopolize in violation of the Sherman Act (15

3   U.S.C. § 2) and the Arizona Uniform State Antitrust Act A.R.S. § 44-1403, as well as

4   intentional interference with SolarCity's contracts and business expectancies.

5   The MTD Order applies the federal Local Government Antitrust Act ("LGAA") to

6   foreclose antitrust damages under both federal and state law. The remaining tort damages

7   are more limited. Accordingly, in the absence of injunctive relief (the only relief the

8   Court's Order leaves available to SolarCity as a matter of either federal or state antitrust

9   law), the District's continuation of the near-complete exclusion of SolarCity and other

10  competitors from the relevant market causes SolarCity irreparable harm.

11  In light of the foregoing, and while reserving its right to appeal the LGAA and

12  other decisions, SolarCity is prepared to forgo tort damages, streamline discovery

13  (including because damages discovery and expert reports will not be necessary in the

14  current posture), and proceed to a prompt trial for a permanent injunction. SolarCity's

15  revised proposals below reflect that streamlining.

16  The District attempts to use its statement of the case, below, to expand its motion

17  to dismiss briefing. Its discussion mischaracterizes both the monopolization case law and

18  this Court's Order. Its goal—made clear below under item 13—is to reduce and delay

19  discovery based on a vague (and incorrect) assertion that SolarCity's existing discovery

20  requests are somehow mooted, so that the District can continue its course of stonewalling

21  SolarCity's discovery attempts. The District nowhere explains how seeking, as it

22  erroneously does, to *add* elements of proof to SolarCity's burden under Section 2 is

23  consistent with arguing for *narrower* discovery.

24  The District moved to dismiss SolarCity's monopolization claims by

25  mischaracterizing SolarCity's complaint as requiring a "duty to deal" with a competitor.

26  SolarCity's claims address conduct directed at penalizing *consumers who deal* with the

27  District's competitors. The District's suggestion that recent Supreme Court cases

28  constrain such claims is incorrect.

UPDATED JOINT PROPOSED DISCOVERY PLAN

B O I E S , S C H I L L E R & F L E X N E R L L P
O A K L A N D , C A L I F O R N I A

This Court's MTD Order articulated the elements of a monopolization claim as follows: "(1) the District has monopoly power, (2) it made a decision to change the market, (3) this decision was motivated by a desire to restrict competition, and (4) the decision has the effect of limiting competition." MTD Order at 21:23-26; *see also Image Tech. Svcs. v. Eastman Kodak Co.*, 125 F.3d 1195, 1202 (9th Cir. 1997) ("*Kodak III*") (articulating the same elements as "monopoly power in the relevant market," "willfully" engaging in conduct to acquire or maintain that power, and antitrust injury).

The District seeks to make *Aspen Skiing* and this Court's holding something they are not. As relevant here, *Aspen Skiing* simply applied the longstanding § 2 law to the particular facts of that case. *Aspen Skiing Co. v Aspen Highlands Skiing Corp.*, 472 U.S. 585, 602-04 (1985) (quoting and applying *Lorain Journal Co. v. United States*, 342 U.S. 143 (1951)). So did this Court. The issues in the Supreme Court's *Trinko* decision and related cases relate solely to the "duty to deal" issue; they do not define the substantive elements that SolarCity must or will prove.

The District's effort to argue that discovery can somehow be truncated because it says "less restrictive alternatives" are not part of the Section 2 analysis incorrectly truncates the factual analysis on which Section 2 depends. Section 2 determines whether a monopolist's conduct was "unnecessarily restrictive" or not. *Kodak II*, 125 F.3d at 1213. Purported justifications that either (1) do not *promote competition* on the merits or (2) amount to mere "pretext" are not legitimate. *Kodak III*, 125 F.3d at 1212 ("A plaintiff may rebut an asserted business justification by demonstrating either that the justification does not legitimately promote competition or that the justification is pretextual."); *see also Otter Tail Pwr. Co. v. U.S.*, 410 U.S. 366, 368, 380 (1973) (explaining that it is insufficient for a utility to plead lost revenues as a procompetitive justification because the law "assumes that an enterprise will protect itself against a loss by operating with superior service, lower costs, and improved efficiency"). Accordingly, even were the District correct about "less restrictive alternatives," nothing about that conclusion removes factual disputes, reduces the need for discovery, or forecloses proof regarding the District's

intent, the District's need for the penalties it imposed, or whether the District's asserted

justifications are pretextual.

The District's Statement.

The District's pricing plans are entirely legitimate and lawful. The District enacted its current pricing plans after careful review and public comment, and pursuant to the procedures dictated by the Arizona legislature. SolarCity's claims therefore fail as a matter of fact and law.[3]

The Court's October 27 order dismissed all antitrust damages claims against the District, and all substantive antitrust claims except for a claim under Section 2 of the Sherman Act seeking injunctive relief pursuant to *Aspen Skiing v. Aspen Highland Skiing Corp.*, 472 U.S. 585 (1985). The viability of a claim under *Aspen Skiing* is governed by the Supreme Court's decision in *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398 (2004), which is the Supreme Court's controlling interpretation of *Aspen Skiing*. *See, e.g.*, *MetroNet Servs. Corp. v. Qwest Corp.*, 383 F.3d 1124, 1131-34 (9th Cir. 2004). Accordingly, in addition to the elements of a typical monopolization case (*e.g.*, relevant market, monopoly power, standing, etc.), SolarCity must prove, among other things, that the District terminated a (1) voluntary, (2) profitable (3) prior course of dealing with SolarCity that (4) resulted in the loss of short-term profits. *Trinko*, 540 U.S. at 409.

If SolarCity proves a *prima facie* case under these requirements, the District then has the opportunity to come forward with a legitimate business reason for its conduct. Only if *no* legitimate reason exists for the District's "refusal to deal," may its conduct be deemed anticompetitive. *Oahu Gas Service, Inc. v. Pacific Resources, Inc.*, 838 F.2d 360, 368-369 (9th Cir. 1988) (holding that *a* business justification by a monopolist precludes Section 2 liability); *City of Anaheim v. Southern California Edison Co.*, 955 F.2d 1373,

---

[3] The District has answered Solar City's complaint (Doc. No. 79) and hereby incorporates its affirmative defenses into this statement.

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

1379 (9th Cir. 1992) (holding that "even if the monopolist does refuse aid partially because it wishes to restrict competition, 'we determine antitrust liability by asking whether there was a legitimate business justification for the monopolist's conduct.'") (quoting *Image Tech. Service, Inc. v. Eastman Kodak Co.*, 903 F.2d 612, 620 (9th Cir. 1990)). Whether there were less restrictive means of accomplishing the District's business objectives is irrelevant. *See id.*, *Image Tech.,* 903 F.2d at 620 ("[T]here is no least restrictive alternative requirement in the context of a Section 2 claim.").

The Court's October 27 Order also denied the District's motion to dismiss based on the state-action doctrine and A.R.S. § 12-820.01. The District believes that these aspects of the October 27 ruling were in error—as was the determination that SolarCity's claims are not barred by the filed-rate doctrine—and that an interlocutory appeal is now appropriate. *See* Doc. No. 43 (Joint Proposed Discovery Plan) at 4 (the District stating that "an immediate appeal may be taken from a district court's determination that the state action immunity does not apply"). Accordingly, the proceedings should be stayed during the pendency of an interlocutory appeal on the immunity issues.

However, should the case proceed, the District believes the scope of discovery in this action should be proportionally narrower in light of the Court's October 27 ruling, and will be committed to moving expeditiously toward a determination that the current pricing plans do not violate any federal or Arizona law.

**3.      A description of the principal factual and legal disputes in the case.**

The principal factual and legal disputes[4] remaining before this Court after the MTD Order include:

       i.      The definition of the relevant product and geographic markets;

---

[4]      The list is a combination of issues that both parties contend are relevant. An issue's inclusion in this list is not a concession of its relevance by either party, nor should the absence of any issue be deemed a waiver. Moreover, by identifying an issue here, neither party makes a representation as to whether a particular issue is of a factual or legal nature for purposes of the litigation.

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

ii.  Whether the District has monopoly power within any relevant market;

iii.  Whether the District has obtained or maintained its monopoly power by means of anticompetitive conduct;

iv.  Whether SolarCity competes with the District;

v.  Whether SolarCity has standing to sue under federal and Arizona antitrust laws;

vi.  Whether the District has a legitimate business justification for its conduct;

vii.  Whether the District's intent or purpose was to create or maintain a monopoly;

viii.  Whether any of the District's professed business justifications are pretextual;

ix.  Whether the District's conduct has any procompetitive benefits and, if so, do they outweigh any anticompetitive effects;

x.  Whether SolarCity has been unlawfully excluded from a relevant market;

xi.  Whether SolarCity has suffered cognizable harm, and if so in what amount, as a result of the District's conduct;

xii.  Whether SolarCity has suffered or will suffer irreparable harm as a result of the District's conduct;

xiii.  Whether the District's conduct and mental state meets the standards for intentional interference torts;

xiv.  Whether the District engaged in tortious conduct; and whether there was any tortious conduct independent from the alleged anticompetitive conduct.

xv.  Whether the District is immune or otherwise exempt from any or all of SolarCity's claims under the state-action doctrine, filed rate

doctrine, or any other exception to, or immunity from the application
of the antitrust laws or state and/or federal law;

    xvi.    Whether the District is immune from damages based on state law
claims under Title 12 of the A.R.S.;

    xvii.    Whether SolarCity complied with Arizona's notice of claim statute;
and

    xviii.    Whether SolarCity is entitled to any of the relief it seeks.

**4.**    **The jurisdictional basis for the case, citing specific jurisdictional statutes.**

Plaintiff's Statement.

There is personal jurisdiction over the District in this District, including under 15 U.S.C. § 22, because the District is a resident of this District and the relevant conduct took place, and continues to take place, in this District. The Court has subject-matter jurisdiction over the Complaint under 28 U.S.C. §§ 1331 and 1337(a), as well as 15 U.S.C. § 22, because this includes claims arising under the antitrust laws of the United States. SolarCity and the District agree that the Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367. Furthermore, this Court has diversity jurisdiction over the state claims in the Amended Complaint under 28 U.S.C. § 1332 because there is complete diversity between the parties and the matter in controversy exceeds $75,000 before interest and costs.

The District's Statement.

The District does not believe that the Court needs to take any further action with respect to its jurisdiction following the October 27 Order at this time, but preserves its position that injunctive relief under the federal and state antitrust laws is barred by *inter alia* the state action and filed rate doctrines, and that state law damage claims are barred by the Johnson Act and Title 12 of the A.R.S.

**5.**    **Any parties that have not been served and an explanation of why they have not been served; and any parties which have been served but have not appeared.**

All parties have been served and have appeared.

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

B O I E S   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**6.     A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings.**

No additional parties are anticipated at this time.

**7.     A listing of contemplated motions and statement of the issues to be decided by these motions (including motions under FRE 702-05).**

SolarCity does not at present contemplate filing any motions.  Of course, depending on developments during discovery, SolarCity may later decide to file dispositive, or other, motions.

The District expects to file a motion to stay litigation in this Court pending interlocutory review in the Ninth Circuit with respect to certain aspects of the Court's October 27 Order—namely, the denial of the District's state-action and Title 12 immunities, and the denial of the District's motion to dismiss under the filed-rate doctrine. The District also expects to file a motion for certification of those threshold issues pursuant to 28 U.S.C. § 1292(b).  If litigation proceeds in this Court, the District contemplates filing a dispositive motion under FRCP 56 (and/or potentially under FRCP 12(c)) on the viability of SolarCity's claims, consistent with the requirements outlined above, *supra* Section 2, and on any other dispositive basis that may arise in discovery.

The parties have disputes concerning discovery issues.  If those disputes are not mooted by or otherwise addressed at the Rule 16 conference, it is possible those or similar disputes could require motion practice.  The parties may also make additional procedural, evidentiary, or expert-related motions as the case record develops.

**8.     Whether the case is suitable for reference to arbitration or a US magistrate judge for trial.**

The parties do not believe this matter is suitable for such reference.

**9.     The status of related cases pending before other courts or other judges of this Court.**

No related cases are pending before other courts or other judges of this Court.

UPDATED JOINT PROPOSED DISCOVERY PLAN

**10.     A statement of when the parties exchanged Federal Rule of Procedure 26(a) initial disclosures.**

SolarCity and the District exchanged their initial disclosures on May 8, 2015, as directed in this Court's March 19, 2015 Order.  Dkt. No. 24.

**11.     A discussion of necessary discovery, including:**

**a.     The extent, nature, and location of discovery anticipated by the parties.**

Plaintiff's Statement.

The Court's order following the initial Rule 16(b) conference included the following directives:

> The Court instructs the parties to engage in the exchange of written discovery.  The parties are to complete the exchange of discovery currently pending and to engage in good faith discussions regarding the production of additional documents.  The parties are to meet and confer to discuss the production of data, production of contracts, and a list of the top priority custodians.

Dkt. No. 46.  Each side identified six priority custodians.  SolarCity requested production of contracts and data.  The parties also agreed to production of certain additional discrete and relatively small sets of documents (or disclosures via letter in lieu of responses to certain requests for production).

SolarCity completed every one of its priority-discovery commitments.  SolarCity's document production was substantially complete on October 29 and fully completed on November 9.  Since the May 29 hearing, SolarCity has produced 19,827 custodial documents and 137 additional documents in response to targeted requests (including investor communications and Board materials).  SolarCity also investigated and provided information in detailed letters in lieu of responding to two additional requests that the District identified as priorities.

Between the initial Rule 16(b) conference on May 29 and August 17, the District (1) made a single production of documents it had already provided to media requestors and (2) produced certain data that it had provided to its consultants during the price process.  The District did not do anything further until SolarCity indicated that it would

9

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

seek Court intervention on August 17.

The District began making custodial productions on September 4. But the District stopped making custodial productions after October 9. By mid-November, the District has produced only 5,215 custodial documents in total.

The District dragged its feet on the other priority requests. A few examples:

- Though SolarCity requested contracts on June 10, the District waited until August 20 to inform SolarCity that the District had decided it would be too burdensome to produce any contracts, and therefore intended not to produce any at all. The District eventually produced just three contracts.

- On August 21. the District sent SolarCity media containing a large dataset. However, the data was corrupted, for reasons that should be apparent to anyone familiar with the format in which the data was kept (SAS). After weeks of excuses, the District stopped responding to SolarCity's letters. To date, the District has not produced the data in a usable format.

- The District agreed to review and begin producing its Board materials. It represented on September 18 that the review was underway—but the District produced no Board materials.

- The District agreed to supplement two of its interrogatory responses on June 17, represented in July that it would serve the supplemental responses that month—and did not serve them until August 21.

For nearly six weeks, the District made no productions at all, explaining to SolarCity on November 12 that it did not intend to continue producing documents because it planned to seek a stay of the case pending a planned interlocutory appeal. The District's position was that it need not commit to any production until it decided whether to take an appeal—and assumed that its then-putative motion to stay pending the then-putative appeal would be granted.

After the District saw the above language in SolarCity's first draft of a proposed joint statement, the District changed its position, telling SolarCity that it intended a "substantial" production before the November 24 hearing. The District also said there would be some Board materials—but only *public* Board materials. The District confirmed to SolarCity that the production (1) still would not constitute substantial completion of the priority custodial requests; and (2) would not include a corrected copy of the corrupt dataset that SolarCity has been requesting for months. The District sent a production

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

cover letter the on the day this submission was filed, but SolarCity has yet not received
the actual media.

In short, after evading its discovery obligations pending the motion to dismiss, the District continued to refuse and obstruct meaningful discovery. Accordingly, SolarCity respectfully requests that the Court, as part of a discovery plan Order following the November 24 conference, order the District to complete no later than December 11, 2015 the priority discovery that the parties agreed during the motion-to-dismiss stage.[5]

The District now has decided it will seek interlocutory review of portions of the Court's motion to dismiss decision and a stay pending appeal. SolarCity will oppose the District's appeal and request for a stay. No exception to the final judgment requirement permits the District to appeal the Court's state action doctrine or other rulings. *S.C. State Board of Dental Examiners v. FTC*, 455 F.3d 436 (4th Cir. 2006) (state action doctrine does not permit interlocutory appeal), *cert. denied*, 549 U.S. 1165 (2007). This is especially so because, as the Ninth Circuit held and this Court correctly noted, there remain disputed factual issues that overlap with the merits. *Will v. Hallock*, 546 U.S. 345, 349-50 (2006) (stating the collateral-order doctrine's "stringent" requirements); MTD Order at 25 (citing *Cost Mgmt. Servs., Inc. v. Wash. Nat. Gas Co.*, 99 F.3d 937, 942-43 (9th Cir. 1996)). Moreover, this Court retains jurisdiction and remains free to move "the case along consistent with its view of the case," thereby disincentivizing attempts to "stall" litigation. *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990); *see also* FJC, Manual for Complex Litigation (4th ed. 2004), § 15.12 ("Notwithstanding

---

[5]     The District's sole complaint about SolarCity's discovery conduct relates to a work product claim. The issue is this: As part of the complaint-drafting process, counsel and businesspeople worked together to perform some analyses of the SEPPs. The District's position is that those analyses lost their work product protection because they formed some of the good faith bases for certain allegations in the complaint. The District has yet to direct SolarCity to any authority for its argument that work product analyses lose protection under these circumstances. Regardless, SolarCity produced non-work product analyses to similar effect.

UPDATED JOINT PROPOSED DISCOVERY PLAN

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

the pendency of an interlocutory appeal, the litigation usually proceeds as scheduled through discovery and other pretrial steps toward trial.").

SolarCity continues to require discovery into the District's cost structure, investments, and grid technology; historical and competitive information about the market before and after the District's challenged conduct; the motivations for the SEPPs; alternatives to the SEPPs that the District considered, if any; anticipated and actual effect of challenged conduct on the District, the District's customers, and distributed generation competitors; the District's dealings and internal discussions and analyses concerning distributed solar and other competitors or competitive technologies; the District's motivations and incentives (including its motivations as a private actor). Discovery will include depositions, documents, electronically stored information, and data maintained by the District, including its governing Boards and Councils. A significant portion of this discovery should be covered by the District's pending "priority" productions; the remainder should be susceptible to completion in relatively few months.

SolarCity will also seek discovery from third parties, including the District's consultants, customers, and the members of the District's governing Boards and Councils.

Finally, in the District's statement below, it asserts that discovery related to the "reasonableness" of the District's rates and "less restrictive alternatives" are irrelevant. The District leaves these assertions vague and cites no specific requests. And for good reason: Even assuming it were right that those issues are "irrelevant" or can be neatly segregated,[6] the District can identify nothing that relates solely to them. The fact is, the District's challenged conduct was effected through the SEPPs. And the availability and consideration of alternative structures remains relevant to the District's justifications (including whether any such justifications were pretextual or whether the District's

---

[6] Such segregation is inappropriate. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962) (antitrust plaintiffs "should be given the full benefit of their proof without tightly compartmentalizing the various factual components and wiping the slate clean after scrutiny of each").

UPDATED JOINT PROPOSED DISCOVERY PLAN

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

actions were necessary to accomplish the asserted justifications) and intent. For example, if the District knew that a small and non-discriminatory change to the SEPPs would have resolved any legitimate concern it had without harming competition, that shows intent and undermines the concern's legitimacy by showing the concern was pretext.

In sum, while SolarCity has streamlined its discovery requests, antitrust discovery is necessarily substantial because information key to SolarCity's case is held by others. *Cf. Poller v. Columbia Broad. Sys.,* 368 U.S. 464, 473 (1962) (observing the importance of fact proceedings "in complex antitrust litigation where motive and intent play leading roles, the proof is largely in the hands of the [defense], and hostile witnesses thicken the plot"); *Cyntegra, Inc. v. IDEXX Labs., Inc.*, 322 Fed. App'x 569 (9th Cir. 2009) (approving discovery far broader than what SolarCity seeks—discovery without temporal limitation into the issues at the "heart" of the antitrust case).

The District's Statement.

Despite the arguments that SolarCity makes in its statement above, the parties have been working cooperatively in the discovery process. As a result, neither party has had to bring any discovery disputes to the Court's attention in the nearly five months since the last status conference. While the parties have worked together to avoid the necessity of Court involvement, as SolarCity notes, the parties have had different views on the scope of discovery.

In sum, SolarCity has sought broad-ranging discovery that goes to the limit of relevance and beyond, while the District has sought to limit discovery during the motion-to-dismiss briefing stage to priority items. SolarCity has also requested discovery on a more expedited and costly basis than the District believes the Court contemplated at the May 29 scheduling conference. Nonetheless, the District devoted a massive amount of resources to the collection, review, and production of SolarCity's requested "priority" data requests during the pendency of the motions to dismiss. At the same time, despite SolarCity's assertion above that it has complied with its discovery obligations, SolarCity has so far refused to produce relevant documents under what appears to be the assertion of

13

UPDATED JOINT PROPOSED DISCOVERY PLAN

a specious claim of attorney work product.  Meet and confer efforts on these and other issues have been ongoing.  Moreover, the District's targeted priority document requests during the pendency of the motions to dismiss were far less burdensome and onerous than the demands for documents and data made by SolarCity during the same period.  As a consequence, a direct comparison of the parties' relative progress on document productions is not as straightforward as SolarCity suggests.

Now, however, after the resolution of the motions to dismiss, the parties appear to be at a truly more consequential difference of opinion.  First and foremost, the District believes a stay should be entered until the resolution of interlocutory appellate proceedings regarding its asserted immunities.[7]  Beyond the stay, the Court's October 27 Order has narrowed the case substantially, and made much of SolarCity's requested discovery irrelevant.  In particular, that Order states:

> SolarCity does not challenge the District's electricity rates as unreasonable, but instead alleges the District imposed the rates to exclude it from the market.  Whether the rates are reasonable has no bearing on whether the District engaged in anticompetitive conduct.

Order at 25.  SolarCity, despite claiming that it is prepared to "streamline" its case, still seeks categories of documents that go solely to the reasonableness of rates—which the Court has already held to be irrelevant here (*see id.*)—and the availability of less restrictive alternatives to the challenged rate increase, which is also irrelevant to SolarCity's remaining antitrust claim as a matter of law.  *See*, *e.g.*, *Oahu Gas Service*, 838 F.2d at 368-369; *Image Technical Service*, 903 F.2d at 620; *City of Anaheim,* 955 F.2d at 1379.

The burden and expense posed by these lines of inquiry are disproportionate to their limited relevance, if any.  This applies to both party discovery and the extensive third party discovery SolarCity has sought.  Without imposing the appropriate limitations at the

---

[7] Nonetheless, the District produced another set of documents to SolarCity on November 20.  The District will make any subsequent productions at the direction of the Court.

outset, there is a risk that discovery will veer off course and expand into areas of questionable to no relevance, and which under any scenario will result in discovery that is vastly out of proportion to SolarCity's lone antitrust theory that survives.  Accordingly, the District believes that the parties should meet and confer further on discovery issues while the District's motion to stay is pending in an effort to come to agreement on the parameters and pace of discovery.  In the event the motion is not granted, the District is committed to working cooperatively with SolarCity to resolve any outstanding discovery issues.

       **b.**      **Suggested changes, if any, to the discovery limitations imposed by the FRCP.**

Plaintiff's Statement.

SolarCity believes that this case can be brought to trial with 35 requests for production per side and 30 requests for admission per side.

SolarCity further proposes that each side may propound 20 interrogatories, plus up to 5 additional interrogatories that only seek the basis of responses to the requests for admission to which the other side's response was not, in its entirety, "ADMIT."

SolarCity also proposes that depositions (*i.e.*, all depositions that are not expert depositions) during the fact-discovery period should be limited to a cumulative total of 120 hours or 20 fact depositions (whichever is reached first) for each side.  For the sake of clarity, multiple Rule 30(b)(6) notices may issue, and a witness offered as a Rule 30(b)(6) witness on any topic(s) may be separately deposed as an individual fact witness to the extent the Rule 30(b)(6) deposition was limited to the designated Rule 30(b)(6) topics.  In this respect, SolarCity notes that the District's initial disclosures already identify 11 District-employee witnesses and 7 third-party witnesses that the District may use to support its claims or defenses.  The District also provided a list of persons involved with developing the SEPPs that includes an additional 3 District employees not on its initial disclosures.  That is a total of 21 witnesses who the District initially admits are relevant, not even including Rule 30(b)(6) witnesses, experts, or individuals who SolarCity believes

UPDATED JOINT PROPOSED DISCOVERY PLAN

have information that would support *its* case, such as individual customers and other market participants.

In addition, SolarCity proposes that each expert may be deposed once following the conclusion of that expert's report(s).

Finally, SolarCity proposes that each side may depose any witness that appears on the other side's trial witness list but who was not deposed during the fact-discovery period.

The District's Statement.

The District believes the Court's Discovery Limitations as set forth in its standard Scheduling Order (at ¶3) are appropriate for this action. The District objects SolarCity's proposal to double this Court's standard deposition limit (pursuant to FRCP 30(a)) from 10 to 20. As a compromise, however, the District would not object to expanding the 10 deposition limit for each side to accommodate additional depositions above 10 for each retained expert who submits an expert report pursuant to FRCP 26(a)(2), with the limit for all fact depositions remaining at 10. The District agrees with SolarCity that any such expert should be deposed once, after the expert has submitted his or her report(s).

**c.    The number of hours permitted for each deposition, unless extended by agreement of the parties.**

The parties agree that all depositions should remain at the 7-hour-day default, with the parties reserving the right to agree to different limits for certain depositions or to seek an order permitting more than 7 hours for good cause.

**12.    Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable).**

**a.    A deadline for completion of fact discovery and disclosure pursuant to Rule 26(a)(3).**

Plaintiff's Statement.

First, as discussed above, SolarCity respectfully requests that the Court order the District to complete no later than December 11, 2015 the priority discovery that the

UPDATED JOINT PROPOSED DISCOVERY PLAN

parties agreed during the motion-to-dismiss stage.  Second, SolarCity proposes that all fact discovery should be complete by April 15, 2016.  SolarCity also proposes the following interim deadlines and guidelines for discovery during the fact discovery period:

- Interrogatories, requests for admission, and requests for production should be served on or before March 1, 2016 (*i.e.*, 45 days prior to the fact discovery deadline).

- Production of documents responsive to any request for production served on or before December 1, 2015 should be completed by February 1, 2016, without limiting or modifying any earlier applicable deadlines imposed by any otherwise applicable rule.  SolarCity believes that this interim deadline is necessary in light of the District's discovery conduct to date.  The District has demonstrated that it will delay discovery, and use any ambiguity with respect to the scope and timing of discovery to obstruct development of SolarCity's case.

- The fact discovery deadline of April 15, 2016 should be subject to possible supplementation in advance of trial on a schedule to be set in connection with the trial.

The District's Statement.

If a stay is imposed, the District proposes that the Court convene a status conference after the resolution of all interlocutory appellate proceedings in the event that any aspect of the case survives appellate review.  The District's proposes the deadlines below in the event that no aspect of the action is stayed during the pendency of an interlocutory appeal.

- Service of Interrogatories, requests for admission, and requests for production:  May 2, 2016 (*i.e.*, 45 days prior to the fact discovery deadline)

- Fact Discovery Cut-Off:  June 17, 2016

- FRCP 26(a)(3) pre-trial disclosures:  Sixty days before trial.

UPDATED JOINT PROPOSED DISCOVERY PLAN

### b.    A deadline for complete disclosures of expert testimony.

<u>Plaintiff's Statement</u>.

SolarCity proposes that expert disclosure be made in the manner set forth by the Court's model Case Management Order, with the following specific dates:

- Plaintiff shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than May 6, 2016.

- Defendants shall provide full and complete expert disclosures, including any response or rebuttal to Plaintiff's expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than June 3, 2016.

- Plaintiff shall provide rebuttal expert disclosures, if any, no later than June 27, 2016.  Rebuttal experts shall be limited to responding to opinions stated by initial experts.

Alternatively, SolarCity is amenable to a schedule under which both parties' experts make opening disclosures on May 6, 2016, and then both parties' experts make rebuttal disclosures on June 27, 2016.

<u>The District's Statement</u>.

The District suggests that this Court structure expert disclosures according to its standard Scheduling Order (at ¶5), with the following specific dates (in the event a stay is not entered by the Court):

Plaintiff shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than July 8, 2016.

The District shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than August 10, 2016.

The parties' rebuttal expert disclosures, if any, shall be made no later than August 22, 2016.  Rebuttal experts shall be limited to responding to opinions stated by initial experts.

UPDATED JOINT PROPOSED DISCOVERY PLAN

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

**c.** **A deadline for completion of all expert depositions.**

Plaintiff's Statement.

Expert depositions should be completed no later than July 22, 2016.

The District's Statement.

Expert depositions should be completed no later than September 16, 2016.

**d.** **A deadline for filing dispositive motions.**

Plaintiff's Statement. Dispositive motions and motions challenging expert opinion testimony should be filed no later than August 26, 2016. SolarCity proposes that the motions be heard in conjunction with a bench trial to follow soon thereafter, preferably by the end of September 2016.

The District's Statement.

Dispositive motions and motions challenging expert opinion testimony should be filed no later than October 14, 2016 (i.e., four weeks after the close of expert discovery), and decided in advance of any trial date set by the Court.

**e.** **A date by which the parties shall have engaged in good faith settlement talks.**

As the parties represented in the initial discovery plan, they will engage in good faith settlement discussions within 30 days following the MTD Order (*i.e.*, before November 27, 2015). That process has begun with a preliminary call among counsel on November 16, 2015.

**13.** **Whether a jury has been requested and whether the request for a jury trial is contested (if the request is contested, set forth separately).**

In light of the MTD Order's ruling on the LGAA, and reserving its right to appeal, SolarCity is prepared to proceed to a bench trial on all remaining issues in the case, consolidated with a hearing on injunctive relief.

UPDATED JOINT PROPOSED DISCOVERY PLAN

B O I E S , S C H I L L E R & F L E X N E R L L P
O A K L A N D , C A L I F O R N I A

1  **14.     The estimated length of trial and any suggestions for shortening trial.**

2          The parties anticipate that trial will take 1-2 weeks (assuming full trial days).  The

3  parties will work together on ways to shorten the trial as the record develops.

4  **15.     The prospects for settlement, including any request of the Court for assistance**

5          **in settlement efforts.**

6          Plaintiff's Statement.

7          SolarCity believes that reasonable, non-discriminatory, non-anticompetitive

8  alternatives to the District policies exist that could form the basis for settlement.

9  SolarCity has reached out to the District to explore the prospects for negotiation or

10 mediation along these lines.  SolarCity remains committed to an efficient resolution of the

11 dispute, both during and after further discovery.  To that end, SolarCity would be

12 amenable to the Court's assistance, if necessary.  Otherwise, SolarCity is prepared to

13 undertake settlement discussions on a private basis.

14          The District's Statement.

15         The District is committed to an efficient resolution of this dispute and is open to

16 assistance for resolving the matter through the Court or otherwise, but remains obligated

17 to adhere to the rate-making procedures enacted by the Arizona legislature.

18

19                              *              *              *

20

21

22

23

24

25

26

27

28

UPDATED JOINT PROPOSED DISCOVERY PLAN

**16.** **Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by FRCP 1.**

Plaintiff's Statement.

SolarCity respectfully refers the Court to SolarCity's statement in response to item 15 above.

The District's Statement.

The District respectfully refers the Court to its statement in response to section 15 above.

Dated: November 20, 2015      Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: *s/Steven C. Holtzman*
            Steven C. Holtzman

*Attorneys for Plaintiff* SolarCity Corporation

Dated: November 20, 2015      Respectfully Submitted,

WILMER CUTLER PICKERING HALE
    & DORR LLP

By: */s/ Christopher T. Casamassima*

*Attorneys for Defendant* Salt River Project Agricultural Improvement and Power District

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

UPDATED JOINT PROPOSED DISCOVERY PLAN

*Attorneys for Plaintiff* **SolarCity Corporation**

Steven C. Holtzman *(admitted pro hac vice)*
John F. Cove , Jr. *(admitted pro hac vice)*
Kieran P. Ringgenberg *(admitted pro hac vice)*
Sean P. Rodriguez *(admitted pro hac vice)*
BOIES SCHILLER & FLEXNER LLP
1999 Harrison St., Ste. 900
Oakland, CA 94612
510-874-1000
Fax: 510-874-1460
sholtzman@bsfllp.com
jcove@bsfllp.com
kringgenberg@bsfllp.com
srodriguez@bsfllp.com

Keith Beauchamp (#012434)
Roopali H. Desai (#024295)
Coppersmith Brockelman PLC
2800 N. Central Ave., Ste. 1200
Phoenix, AZ 85004
602-224-0999
Fax: 602-224-6020
kbeauchamp@cblawyers.com
rdesai@cblawyers.com

*Attorneys for Defendant* **Salt River Project Agricultural Improvement and Power District**

Molly S. Boast *(admitted pro hac vice)*
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
molly.boast@wilmerhale.com

Christopher E. Babbitt *(admitted pro hac vice)*
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
202 663 6000
Fax: 202-663-6363
eric.mahr@wilmerhale.com
christopher.babbitt@wilmerhale.com

Christopher T. Casamassima *(admitted pro hac vice)*
Wilmer Cutler Pickering Hale & Dorr LLP
350 South Grand Ave.
Los Angeles, CA 90071
chris.casamassima@wilmerhale.com

Karl Michael Tilleman (012449)
Paul Kipp Charlton (013435)
Steptoe & Johnson LLP
201 E Washington St., Ste. 1600
Phoenix, AZ 85004-2382
602-257-5200
Fax: 602-257-5299
ktilleman@steptoe.com
pcharlton@steptoe.com

UPDATED JOINT PROPOSED DISCOVERY PLAN

# CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

WILMER CUTLER PICKERING HALE & DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Molly S. Boast (*admitted pro hac vice*)
1875 Pennsylvania Ave. NW
Washington, DC 20006
Christopher E Babbitt (*admitted pro hac vice*)
350 South Grand Ave.
Los Angeles, CA 90071
Christopher T. Casamassina (*admitted pro hac vice*)

STEPTOE & JOHNSON LLP
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
Paul K. Charlton (012449)
Karl M. Tilleman (013435)
Quintin Cushner (027303)
Jason M. Porter (027475)

*s/Steven C. Holtzman*
Steven C. Holtzman