WILMER CUTLER PICKERING
 HALE AND DORR LLP
Molly S. Boast (*admitted pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
molly.boast@wilmerhale.com

Christopher E. Babbitt (*admitted pro hac vice*)
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
christopher.babbitt@wilmerhale.com

Christopher T. Casamassima (*admitted pro hac vice*)
350 South Grand Ave.
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400
chris.casamassima@wilmerhale.com

STEPTOE & JOHNSON LLP
Paul K. Charlton (012449)
Karl M. Tilleman (013435)
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299
pcharlton@steptoe.com
ktilleman@steptoe.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| SolarCity Corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>Salt River Project Agricultural Improvement and Power District,<br><br>            Defendant. | Case No. 2:15-CV-00374-DLR<br><br>**DEFENDANT SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT'S REPLY IN SUPPORT OF ITS MOTION TO STAY** |

**INTRODUCTION**

As a preliminary matter, the District recognizes this Court's strong desire to keep this case moving forward and is working with SolarCity to do so. Nonetheless, the District believes that a stay is warranted so that the Ninth Circuit can decide the District's governmental immunities as a matter of law—and do so before they are eroded through further litigation that may prove to be unnecessary. The District observes that the duration of any stay of litigation may be minimal: SolarCity has already committed to "seek[ing] quick disposition" of the appeal, Opp. Mot. Stay ("Opp. MTS"), Dkt. No. 96 at 2, and the Ninth Circuit has set an aggressive briefing schedule on the merits in which the District's opening brief is due on February 29, 2016. (Time Sch. Order, No. 15-17302 (9th Cir. Nov. 23, 2015), Dkt. No. 1-4 at 2.)

Accordingly, the Court should stay further proceedings pending the Ninth Circuit's resolution of the District's governmental immunities for the reasons set forth in the District's Motion. First, the pendency of the appeal divests this Court of jurisdiction over the matters that are the subject of the appeal. Where, as here, the appeal concerns the application of governmental immunities that would fully dispose of the claims that remain, the Court is divested of jurisdiction over the merits of those claims until the threshold immunity issues are resolved. *See generally* Wright & Miller, 16A Fed. Prac. & Proc. Juris. § 3949.1 (4th ed.) ("[I]f further district court proceedings would violate the very right being asserted in the appeal taken under the collateral order doctrine … the pendency of the appeal … oust[s] the district court of authority to proceed[.]").[1] Second, even if the Court concludes that it was not automatically divested of jurisdiction, the Court should exercise its discretion to stay litigation under the traditional factors that govern stays pending appeal.

---

[1] The District acknowledges that state action immunity would not directly dispose of SolarCity's tort claims to the extent those claims challenge conduct independent of the alleged antitrust violations. Similarly, Title 12 immunity would dispose only of SolarCity's state law damages claims. A decision disposing of SolarCity's federal claims, however, would require the Court to dismiss any remaining state claims under the Johnson Act, 28 U.S.C. § 1342.

-1-

SolarCity's arguments to the contrary are incorrect. As a threshold matter, it cannot diminish the governmental interest in the immunities on appeal by simply recasting the District as a "business enterprise," engaged in solely "proprietary" activity. (Opp. MTS at 4-6.) This Court has already determined that, "[a]s a matter of law, the District is a political subdivision of the state created by state law and the state constitution," and that "SolarCity's allegations do not undermine the District's status." (Dkt. No. 77 at 23.) *See also* A.R.S. § 48-2302; Ariz. Const. art. 13, § 7. Moreover, SolarCity's position ignores the quintessentially governmental character of the District's ratemaking function at the heart of this case. Indeed, SolarCity is asking this Court to enjoin rates set pursuant to the District's statutory ratemaking authority and to order the District's elected Board to exercise that authority to adopt rates preferred by SolarCity.

Nor can SolarCity plausibly contend that the District's appeal is "frivolous" or "a nullity." As explained in the District's Motion to Stay, the circuits are evenly split on whether the denial of state action immunity is immediately appealable under the collateral order doctrine (with two others acknowledging the rule urged by the District in dicta), controlling Ninth Circuit authority compels a finding that the District is entitled to state action immunity, and Arizona courts have squarely held both that the denial of Title 12 immunities is immediately appealable. The courts permitting immediate appeal of these immunities have recognized that denying such review would undermine the policies embodied in the immunities—namely, to permit governmental officials to carry out their public responsibilities without the fear, distraction, or expense of costly litigation, and to allow their judgment and discretion to be exercised freely without concern that their decisions will be second-guessed in court.

The concerns warranting interlocutory review of those immunities apply with equal force to whether litigation should be stayed pending such review. Those concerns are particularly salient when the appeal is taken after a ruling on a motion to dismiss and before fact and expert discovery begins in full. Where, as here, the legal questions are ripe for appeal at the pleading stage, it makes no sense to allow litigation to proceed on the merits

-2-

1  (either through discovery or trial) until those threshold questions are definitively resolved.

2  (*See generally* Mot. Stay, Dkt. No. 83 at 5 & n.5 (citing cases).)

## ARGUMENT

### I. THE DISTRICT'S APPEAL DIVESTS THIS COURT OF JURISDICTION TO PROCEED ON THE MERITS OF THE CLAIMS SUBJECT TO THE IMMUNITIES ON APPEAL

As set forth in the District's Motion to Stay, Dkt. No. 83 at 4-8, the filing of a notice of appeal divests the district court of jurisdiction to proceed over the aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). In immunity cases, this divestment of jurisdiction extends to all district court proceedings that would "violate the very right being asserted in the appeal taken under the collateral order doctrine." Wright & Miller, 16A Fed. Prac. & Proc. Juris. § 3949.1 (4th ed.). Because the benefit of immunity from suit is lost as a case proceeds past the pleading stage and into discovery, an appeal of such a denial requires a stay of all proceedings before the district court, including discovery. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993).

In response, SolarCity contends that the immunities on appeal do not satisfy the requirements of the collateral order doctrine—and that even if the District's appeal were to proceed in the Ninth Circuit, this Court nonetheless would retain jurisdiction to conduct pre-trial matters. It argues that the cases upon which the District relies require only that *a trial* be stayed and that other cases have allowed pre-trial proceedings to continue pending interlocutory review of other governmental immunities. Each of these contentions should be rejected for the reasons below.

### A. The Collateral Order Doctrine Applies To The Immunities On Appeal

Under the collateral order doctrine, rulings that are "conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action" are immediately appealable. *Mohawk Indus., Inc. v.*

-3-

*Carpenter*, 558 U.S. 100, 106 (2009). The Court's denial of the District's state action and Title 12 immunities satisfies each of these requirements.

### 1. State Action Immunity

SolarCity's contention that the District's position on the collateral order doctrine is "frivolous" or "absurd[]," Opp. MTS at 9-10 n.1, 12, is not only hyperbolic, but incorrect, given the circuit split on whether the denial of state action immunity is immediately appealable and controlling Ninth Circuit authority applying the underlying immunity.

The issue of immediate appealability presents a question of first impression in the Ninth Circuit, and SolarCity has no basis to presume the outcome of the pending appeal. The District will argue (1) that the circuits that have permitted interlocutory review correctly concluded that state action immunity presents an important issue, separate from the merits, the denial of which is effectively unreviewable after final judgment, and (2) that this Court's decision conclusively held the District's immunities could not be resolved as a matter of law, such that interlocutory review is warranted.

*First*, state action immunity is an "important" issue. The doctrine arises from "[s]tates' … sovereign interest in structuring their governments." *North Carolina State Bd. of Dental Exam'rs v. FTC*, 135 S. Ct. 1101, 1115 (2015). That interest, in turn, lies "at the heart of representative government." *Gregory v. Ashcroft*, 501 U.S. 452, 463 (1991). So understood, state action immunity is based on the same principles that underlie other sovereign immunities and should be treated comparably for purposes of the collateral order doctrine. The Ninth Circuit has held that such immunities are *ipso facto* imbued with the kind of "significant public interest" that calls for application of the collateral order doctrine. *D.C. Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015 (9th Cir. 2013). Other Circuits have therefore held that the denial of state action immunity is immediately appealable. *See, e.g., Commuter Transp. Sys., Inc. v. Hillsborough Cty. Aviation Auth.*, 801 F.2d 1286, 1289 (11th Cir. 1986); *Martin v. Mem'l Hosp. at Gulfport*, 86 F.3d 1391, 1396 (5th Cir. 1996).

SolarCity is incorrect that *Will v. Hallock*, 546 U.S. 345 (2006), alters this analysis. While the Court in *Will* reiterated that the collateral order doctrine is limited, it recognized

1 that the cases in which the doctrine applied involved "some particular value of a high order
2 …. honoring the separation of powers, preserving the efficiency of government and the
3 initiative of its officials, [or] respecting a State's dignitary interests." *Id.* at 352.  Each of
4 those interests is present here in light of the governmental interests served by state action
5 immunity.  *See, e.g., Commuter Transp. Sys.,* 801 F.2d at 1289 ("Absent state [action]
6 immunity, local officials will avoid decisions involving antitrust laws which would expose
7 such officials to costly litigation …. The purpose of the state action doctrine is to avoid
8 needless waste of public time and money."); *Martin*, 86 F.3d at 1396 (explaining that the
9 interests served by the immunity doctrines "were not limited to liability for money damages;
10 they also included the general costs of subjecting officials to the risks of trial—distraction of
11 officials from their governmental duties, inhibition of discretionary action, and deterrence of
12 able people from public service").  Indeed, the Eleventh Circuit has continued to apply the
13 collateral order doctrine to denials of state action immunity since *Will* was decided.  *See
14 Danner Constr. Co. v. Hillsborough Cty.*, 608 F.3d 809, 812 n.1 (11th Cir. 2010).

15       ***Second***, the application of state action immunity to the District is separate from the
16 merits of SolarCity's underlying antitrust claims.  As a general rule, "a question of immunity
17 is separate from the merits of the underlying action" even if the court "must consider the
18 plaintiff's factual allegations in resolving the immunity issue." *Mitchell v. Forsyth*, 472 U.S.
19 511, 528-29 (1985).  The circuits have split on this issue, *compare South Carolina State
20 Board of Dentistry v. FTC*, 455 F.3d 436, 442 (4th Cir. 2006) (state action immunity not
21 separate from merits) *with Commuter Transportation Systems*, 801 F.2d at 1290 (state action
22 immunity separate from the merits), but as applied here, the District's state action immunity
23 is a pure question of law that is entirely separate from the merits.  This Court has already
24 ruled that the District is a political subdivision of the State subject to certain governmental
25 immunities as a matter of law (i.e., immunity from antitrust damages).  The questions on
26 appeal, therefore, are whether Arizona has a clearly articulated state policy displacing
27 competition with regulation for the rates challenged here, and whether the District must also
28 satisfy the "active supervision" element of the state action doctrine that applies to non-

-5-

sovereign entities controlled by active market participants—as briefed by the parties on the motion to dismiss. The answer to these questions turns on a legal analysis of Arizona's statutory and regulatory landscape and the results that foreseeably follow from it—not on whether, for example, the District had a legitimate justification for adopting the rates at issue. *See, e.g., Martin*, 86 F.3d at 1397 ("[A] claim of … state action immunity is conceptually distinct from the merits of the plaintiff's claim that he has been damaged by the defendant's alleged violation of the federal antitrust laws.").

*Third*, an order denying the protections of state action immunity is effectively unreviewable on appeal from final judgment. State action immunity is an immunity from suit, not just a defense from liability. *E.g., Martin*, 86 F.3d at 1395-96 ("primary justification" of the immunity is to "prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the insistence of private parties"); Areeda & Hovenkamp, Fundamentals of Antitrust Law § 2.04b, at 2-51 (4th ed. 2011, 2015 supp.) (the immunity "is designed to be an immunity, not merely a defense that can be offered at trial"). The Ninth Circuit considers the denial of such immunities to be effectively unreviewable on appeal from final judgment. *See DC Comics*, 706 F.3d at 1014. That is true even if a plaintiff seeks only injunctive relief. *See Martin*, 86 F.3d at 1394-95 (appeal proper on state action immunity when only injunctive relief and attorney's fees at stake); *Danner*, 608 F.3d at 812 (permitting appeal on state action immunity in case involving only injunctive relief).

*Fourth,* the order conclusively determined that the District's immunities could not be decided as a matter of law. (Dkt. No. 77 at 25.) The Supreme Court has explained in the qualified immunity context that decisions denying such immunity are "final" for purposes of immediate appeal where they turn on "purely legal" issues or "neat abstract [questions] of law." *Ortiz v. Jordan*, 562 U.S. 180, 188, 190, 191 (2011). That is the case here, for the reasons explained in the District's briefing with respect to its request for certification under 28 U.S.C. § 1292(b). (Dkt. No. 82 at 2-5.) Moreover, these determinations denied the District the benefit of the immunities from suit to which it is entitled. Because the value of

immunity from suit is "for the most part lost as litigation proceeds past motion practice," *Puerto Rico Aqueduct*, 506 U.S. at 145, the Court's denial of the motion is conclusive.

*Finally*, the comparisons SolarCity seeks to draw between state action immunity and other doctrines are unavailing. While it is true that the *Noerr-Pennington* doctrine does not give rise to collateral order appeal, courts expressly contrast that doctrine to state action immunity in so deciding. *See Segni v. Commercial Office of Spain*, 816 F.2d 344, 346 (7th Cir. 1987) (declining to allow immediate appeal of *Noerr-Pennington* doctrine and distinguishing cases holding that state action immunity is immediately reviewable); *We, Inc. v. City of Phila.*, 174 F.3d 322, 329 (3d Cir. 1999) (same). And though exceptions to Eleventh Amendment and qualified immunity do exist for certain forms of injunctive relief, no such exception exists for state action immunity. *See S. Motor Carriers Rate Conference, Inc. v. United States*, 471 U.S. 48 (1985) (applying state action doctrine in case involving only injunctive relief).

### 2. Title 12 Absolute Immunity

SolarCity does not distinguish the authority cited by the District, Dkt. No. 83 at 1, clearly establishing that the denial of Title 12 immunities is immediately appealable under Arizona law. Rather, it contends that its "election to proceed without tort damages … moots the § 12.801.01 issue." (Opp. MTS at 7-8.) Whatever tactical advantage it seeks to gain by taking this position while the case is in its present posture, that position should be taken in an amended pleading or through voluntary dismissal of the claims, not by disclaiming damages through motion practice. *See Rizzo v. Ins. Co. of State of Pa.*, 969 F. Supp. 2d 1180, 1196-97 (C.D. Cal. 2013) (counsel's disclaimer of any intent to seek damages did not conclusively eliminate them from suit because no such disclaimer appeared in the operative complaint), *aff'd in part, remanded in part by* No. 13-56770, 2015 WL 7567450 (9th Cir. Nov. 25, 2015). This is particularly true because SolarCity has committed to appealing the Court's October 27 ruling on the availability of antitrust damages. (Dkt. No. 95 at 10.) In any event, the Title 12 immunity issue satisfies each of the requirements for collateral order review.

*First*, the interests protected by the "absolute" immunity conferred by Title 12 are important. The immunity is intended to "give the government the room it needs to govern, allowing judgment and discretion to be exercised freely without concern that decisions will be second-guessed by judges or juries." *Goss v. City of Globe*, 883 P.2d 466, 469 (Ariz. Ct. App. 1994). Thus, it does more than protect officials and entities from burdens of litigation; rather, it provides necessary decision-making space for public officials and entities. *Cf. Will*, 546 U.S. at 352 (immunity that exists to prevent "inhibiting able people from exercising discretion in public service" is directed to a "compelling public end").

*Second,* it is entirely separate from the merits of this case—and SolarCity makes no argument to the contrary. All the Ninth Circuit must determine is whether the District's ratemaking is a "legislative function." A.R.S. § 12-820.01. That is a question of law that does not turn on whether the District's exercise of that power was anticompetitive.

*Third,* denial of the protections of Title 12 is effectively unreviewable on appeal from final judgment because Title 12 provides substantive immunity from suit. The immunity on appeal protects entities from liability arising from the exercise of "legislative" functions. A.R.S. § 12-820.01(A)(1). It is therefore akin to the absolute immunity afforded individual federal legislators, the denial of which the Ninth Circuit has found can be appealed under the collateral order doctrine. *See Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 952 (9th Cir. 2010). Arizona state courts also permit immediate appeal of denials of Title 12 immunity, *Tucson Unified School District v. Borek*, 322 P.3d 181, 184 (Ariz. Ct. App. 2014), further demonstrating that such denials are essentially unreviewable on appeal from final judgment.

*Fourth,* the Court's ruling is also "conclusive" as to the application of Title 12. Like it did for state action immunity, the ruling conclusively determined that Title 12 could not be determined as a matter of law, depriving the District of many of the benefits of that immunity. *See Kohl v. City of Phoenix*, 160 P.3d 170, 176 (Ariz. 2007) (immunity under A.R.S. § 12-820.01 is an "immunity from suit").

*Finally,* SolarCity is incorrect that the immediate appealability of Title 12 immunities under Arizona law is irrelevant. (Opp. MTS at 14.) Whether a state-law defense is

-8-

immediately appealable under state law is directly relevant to whether collateral order review is permitted under federal law. *See generally Godin v. Schencks*, 629 F.3d 79, 85 (1st Cir. 2010) (availability of immediate appeal under state law indicates whether claimed immunity is a true immunity or a defense to liability). Thus, the Ninth Circuit has looked to how state courts treat state statutory immunities to determine whether they are subject to collateral order review under federal law. *Compare Metabolic Research, Inc. v. Ferrell*, 693 F.3d 795, 800 (9th Cir. 2012) (Nevada anti-SLAPP law did not give rise to immediate appeal because it was not immunity from suit, as demonstrated by fact that there was no immediate appeal right in state court) *with Liberal v. Estrada*, 632 F.3d 1064 (9th Cir. 2011) (relying in part on fact that California permits immediate appeals of denials of immunity under Cal. Gov. Code § 820.2 to find an immunity from suit).

### B. The Pendency Of The Appeal Divests The Court Of Jurisdiction Even As To Pre-Trial Matters That Are The Subject To The Appeal

For the reasons explained above and in the District's Motion to Stay, the immunities on appeal are immunities from suit, not just from judgment—and where, as here, they turn on questions of law that can be resolved on the pleadings, pretrial matters should be stayed until the immunities have been definitively resolved. The cases on which SolarCity relies to argue that discovery should proceed are easily distinguishable.

First, in *Donahoe v. Arpaio*, No. CV 10-02756, 2012 WL 2063455 (D. Ariz. June 7, 2012), the immunity on appeal concerned only one of the many claims at issue, and a stay of discovery tailored to that claim "would at most slightly reduce [the defendants] immediate discovery burden[s]." *Id.* at *3. The Court explained that "[w]here an immunity defense applies to one claim not another, the claims are separable for purposes of the collateral order doctrine." *Id.* at *2. Here, by contrast, the immunities at issue would completely dispose of this litigation. Second, in *Castaneda v. Molinar*, No. CV 07-07241, 2008 WL 9449576 (C.D. Cal. May 20, 2008), while the Court found that it had discretion to proceed pending resolution of the appeal, it concluded the law was so clear with respect to the immunity on

-9-

1  appeal that the defendants had not shown even "a *possibility*—much less a likelihood—of
2  success" that would warrant a stay. *Id.* at *4. This case is far different for the reasons above.
3        Solar City also contends that this Court need not follow established Ninth Circuit
4  procedure requiring it to certify the District's appeal as frivolous to allow litigation to
5  continue pending appeal. (Opp. MTS at 9-10 n.1.) That procedure, it argues, applies only to
6  qualified immunity and Eleventh Amendment cases in which trial is imminent. The cases
7  the District cites arose in those contexts and involved appeals from denials of summary
8  judgment, but SolarCity cites no case in which the Ninth Circuit has addressed whether its
9  rule is limited to those contexts (and the District is aware of none), nor would such a
10 distinction make sense in light of the interests the immunities are intended to protect.

## II. ALTERNATIVELY, THE COURT SHOULD EXERCISE ITS INHERENT DISCRETION TO ISSUE A STAY PENDING APPEAL

      Even if the Court determines that it has jurisdiction to proceed, it should exercise its discretion to stay further proceedings while this case is pending before the Ninth Circuit.

      SolarCity is incorrect that the District has no likelihood of success on the merits. The Supreme Court has held that "substate governmental entities" like the District "receive immunity from antitrust scrutiny when they act pursuant to state policy to displace competition with regulation or monopoly public service." *F.T.C. v. Phoebe Putney Health Sys., Inc.*, 133 S. Ct. 1003, 1010 (2013). That is precisely the situation here. Arizona has a clear policy precluding retail rate competition—in fact no such competition is currently permitted—and the District's ratemaking authority is subject to a detailed regulatory process before its ratemaking body.

      SolarCity is also incorrect that additional proceedings will not cause SRP any irreparable harm, while SolarCity will suffer such harm from a stay. Indeed, "merely deciding other issues may irreparably impair the benefits of immunity." *In re Papandreou*, 139 F.3d 247, 254 (D.C. Cir. 1998). On the other hand, a pause in the proceedings is unlikely to harm SolarCity. Other solar providers continue to operate in SRP's territory, suggesting that SolarCity has not been "forced from the market" as it contends. (Opp. MTS

-10-

1  at 16.) SolarCity's contention that "[u]nder the MTD Order, SolarCity cannot be fully
2  compensated for the business it has lost" similarly does not demonstrate irreparable harm.
3  *Id.* The unavailability of damages in this case reflects a deliberate choice by elected
4  policymakers to immunize public entities like the District from damages. SolarCity cannot
5  be irreparably harmed by a delay in receiving relief to which it is not entitled.

6  SolarCity also asserts that harm to its customers justifies denying the stay, citing *New
7  York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 661 (2d Cir 2015). (Opp. MTS at
8  16.) But *Actavis* was a suit brought by the New York Attorney General, standing in the
9  shoes of the consumers of the State of New York. *Id.* SolarCity has no such claim to
10 representation of Arizona's consumers. Indeed, the public entity in this case is the District,
11 and its elected ratemaking body determined that it was no longer in the public interest for the
12 District's non-solar ratepayers to bear an undue portion of the costs of supplying electricity.

13 SolarCity argues that the public interest does not justify a stay. But SolarCity's
14 desire, as a private, for-profit corporation, to conduct business on more preferable terms
15 cannot trump the interests set forth in Arizona's statutory scheme, both as it applies to the
16 District's ratemaking and to the underlying immunities. While Arizona has a public interest
17 in holding public entities accountable for its actions, it just as strongly provides absolute
18 immunity to its political subdivisions under A.R.S. § 12-820.01 for activities—like the
19 District's ratemaking—that are "legislative" in character. A.R.S. § 12-820.01. As explained
20 in the District's reply brief related to its request for certification, Arizona's Electric Power
21 Competition Act does not abrogate this immunity. (Dkt. No. 99 at 8-9.) Further, Arizona
22 has made clear that the District is entitled to immunity from the antitrust laws for its
23 ratemaking and other conduct expressly approved under Arizona law. *See* A.R.S. § 48-247.

24 **CONCLUSION**

25 For the foregoing reasons and those set forth in the District's Motion to Stay, the
26 District respectfully requests that this Court enter a stay of all proceedings before it while the
27 District's appeal is pending before the Ninth Circuit.

28

-11-

RESPECTFULLY SUBMITTED this 17th day of December, 2015.

| | |
|---|---|
| | /s/ Christopher E. Babbitt |
| STEPTOE & JOHNSON LLP | WILMER CUTLER PICKERING HALE AND DORR LLP |
| Paul K. Charlton | |
| Karl M. Tilleman | Molly S. Boast |
| 201 East Washington Street, Suite 1600 | 7 World Trade Center |
| Phoenix, AZ 85004 | 250 Greenwich Street |
| Telephone: (602) 257-5200 | New York, NY 10007 |
| Facsimile: (602) 257-5299 | Telephone: (212) 230-8800 |
| pcharlton@steptoe.com | Facsimile: (212) 230-8888 |
| ktilleman@steptoe.com | molly.boast@wilmerhale.com |
| | |
| | Christopher E. Babbitt |
| | 1875 Pennsylvania Avenue NW |
| | Washington, DC 20006 |
| | Telephone: (202) 663 6000 |
| | Facsimile: (202) 663 6363 |
| | christopher.babbitt@wilmerhale.com |
| | |
| | Christopher T. Casamassima |
| | 350 South Grand Ave. |
| | Los Angeles, CA 90071 |
| | Telephone: (213) 443-5300 |
| | Facsimile: (213) 443-5400 |
| | chris.casamassima@wilmerhale.com |
| | |
| | Attorneys for Defendant |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Richard J. Pocker

BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
William A. Isaacson
Karen L. Dunn

BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Steven C. Holtzman
John F. Cove, Jr.
Kieran P. Ringgenberg
Sean P. Rodriguez

COPPERSMITH BROCKELMAN PLC
2800 North Central Avenue, Suite 1200
Phoenix, AZ 85004
Keith Beauchamp
Roopali H. Desai

　　　　　　　　　　　　　　　　　　/s/Christopher E. Babbitt