# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SolarCity Corporation, | No. CV-15-00374-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Salt River Project Agricultural Improvement and Power District, et al., | |
| Defendants. | |

Before the Court is Salt River Agricultural Improvement and Power District's (the "District") Motion for Protective Order. (Doc. 94.) The motion is fully briefed, and neither party requested oral argument. For the reasons stated below, the motion is denied.

## **LEGAL STANDARD**

Information that is relevant and proportional to the needs of the case is generally discoverable. Fed. R. Civ. P. 26(b)(1). However, "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). On a motion for protective order, the party from whom such discovery is sought bears the burden of demonstrating undue burden or cost. *See id.*

## **ANALYSIS**

The District seeks a protective order with respect to four categories of information

sought by SolarCity: (1) data showing customer demand in kilowatt usage; (2) data showing customer usage in kilowatt hours; (3) data showing customer distributed generation – the electricity generated by customers, and (4) data showing the District's generation of electricity from its Community Solar generating facilities. (Doc. 97 at 4-5.) SolarCity seeks this data for a period of three years. (*Id.* at 5.) The District argues this information is irrelevant to SolarCity's remaining claims and is unduly burdensome to produce because it encompasses more than five terabytes of data. The Court disagrees.

**I. Relevance**

The crux of SolarCity's case is its monopolization claim based on the Supreme Court's holding in *Aspen Skiing Co. v. Highlands Skiing Corp.* 472 U.S. 585, 595 (1985). Under this theory, SolarCity must prove that "(1) the District has monopoly power, (2) it made a decision to change the market, (3) this decision was motivated by a desire to restrict competition, and (4) the decision has the effect of limiting competition." (Doc. 77 at 21.) If the District can demonstrate a legitimate business reason underlying the allegedly anticompetitive conduct, SolarCity's claim fails. *Aspen Skiing*, 472 U.S. at 605. The effect on the antitrust plaintiff, as well as the "effect of the challenged pattern of conduct on consumers," is relevant in determining whether the conduct "has impaired competition in an unnecessarily restrictive way." *Id.* (internal quotations and citations omitted).

The District claims the new prices are necessary to cover the additional costs created by distributed solar customers. (Doc. 94 at 6.) It asserts that for distributed solar customers, "the energy use is more like a [customer with low usage], but the demand level is more like a [customer with high usage]." (Doc. 98-6 at 5.) According to the District, distributed solar reduces sales without a commensurate reduction in costs; the costs are passed on to customers who do not use distributed solar. (Doc. 98-2 at 16-17.)

The data sought by SolarCity is relevant to test the legitimacy of the District's asserted business justifications. The District's overarching justification is cost. Whether distributed solar customers increase costs because of their unique demand characteristics

can readily be determined by examining the hard data. Customer usage, customer demand, distributed solar customer generation, and the District's generation of electricity from its solar program, are all highly relevant to this inquiry. Without this information, SolarCity cannot examine whether the District's choice to charge distributed solar customers an increased fee is motivated by legitimate business reasons.

The District claims it is already producing the "data that the District's analysts, executives, and Board relied upon during the ratemaking process," including internal emails and other documents created by the District's employees. (Doc. 94 at 6-7.) It claims the data sought by SolarCity was never used in the decision-making process regarding the pricing structure changes. The District appears to argue that summary exhibits that incorporate the data should suffice. But SolarCity should be able to test the legitimacy of the documents prepared by the District for its decision-makers. Permitting SolarCity to analyze the hard data will avoid disputes involving the sufficiency of those very documents.

**II.  Undue Burden**

Even if information is relevant, the Court may limit discovery if the information would create an undue burden to produce. *See* Fed. R. Civ. P. 26(b)(2)(B). Here, the District fails to establish that the data sought is not readily accessible because of undue burden or cost. Its sole position is that five terabytes of data is a large amount of data that would be expensive to produce, and thus it is disproportionate to the needs of the case. (Doc. 94 at 8.) But the District offers no evidence regarding the effort and cost to produce it. In contrast, SolarCity produced evidence that a five terabyte external hard drive retails for approximately $130. (Doc. 98-5). The District has failed to meet its burden, and the Court will not issue a protective order with respect to the data sought by SolarCity.

/ / /

/ / /

/ / /

**IT IS ORDERED** that the District's motion for protective order, (Doc. 94), is **DENIED**.

Dated this 22nd day of December, 2015.

Douglas L. Rayes
United States District Judge