WILMER CUTLER PICKERING
  HALE AND DORR LLP
Molly S. Boast (*admitted pro hac vice*)
Christopher E. Babbitt (*admitted pro hac vice*)
Christopher T. Casamassima (*admitted pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile:  (202) 663-6363
molly.boast@wilmerhale.com
christopher.babbitt@wilmerhale.com
chris.casamassima@wilmerhale.com

STEPTOE & JOHNSON LLP
Paul K. Charlton (012449)
Karl M. Tilleman (013435)
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299
pcharlton@steptoe.com
ktilleman@steptoe.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| SolarCity Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Salt River Project Agricultural Improvement and Power District; Salt River Valley Water Users' Association,<br><br>Defendants. | No. 2:15-CV-00374-DLR<br><br>**DEFENDANT SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT'S NOTICE OF ISSUES FOR TELEPHONIC STATUS CONFERENCE** |

1     Pursuant to Rule 16 Defendant ("the District") submits this notice of issues to discuss at a telephonic status conference scheduled for 9:30 am on Friday, July 24, 2016. Counsel have conferred regarding the issues below and have been unable to reach agreement. For the Court's reference, a transcript of the last scheduling conference is attached as **Exhibit A**.

    **<u>The classification for purposes of Rule 26(a)(2) of third-party consultants retained by the District's management or board during the 2014-2015 pricing process prior to the litigation.</u>** The deadline for the District's expert disclosures is July 1. The parties have been unable to reach agreement on the extent of expert discovery or permissible trial testimony with regard to third-party consultants (the "Public Process Consultants") retained by the District's management or board during the 2014-15 pricing process. The District intends to call two of the consultants to testify as Rule 26 experts, including with regard to the reports and testimony they provided from December 2014 to February 2015. The parties seek the Court's guidance as to the permissible scope of testimony from the others.

    <u>The District's Position.</u> The District believes that the Public Process Consultants should be permitted to testify to their role in the pricing process, including the work they performed and the opinions they provided to the District's board during that process. While the District intends to offer independent expert opinion testimony in this litigation, it submits that the Public Process Consultants' roles in the pricing process—including their opinions at that time—have independent factual relevance. As such, in May 2015, the District included the Public Process Consultants from whom the District intended to offer testimony in its initial disclosures; the consultants produced documents in response to SolarCity subpoenas; and their prior reports and testimony were provided to SolarCity.

    <u>SolarCity's Position.</u> SolarCity contends that, if the Public Process Consultants are trial witnesses and the evidence extends beyond the facts (1) that they were retained and (2) that they submitted reports that were made available, then SolarCity is entitled to expert discovery concerning the consultants, including the opportunity for SolarCity's

experts to offer rebuttal opinions and for SolarCity to depose the consultants during the expert phase. To the extent that SRP intends to introduce any opinion by any expert retained by SRP, whether that expert expressed that opinion in the pricing process or not, SolarCity is entitled to timely disclosure of that expert, his or her conclusions, the material relied upon or considered in forming the opinion, and a deposition relating to that opinion during the expert phase.

**The effect of the District's pending Ninth Circuit appeal on the issues before this Court.**  The Ninth Circuit ordered that the District's appeal regarding the state action doctrine, immunity under A.R.S. §12-820.01(A), and the filed rate doctrine be expedited, and SolarCity's contention that the Ninth Circuit lacks jurisdiction has been deferred to the merits panel.  Merits briefing was completed on June 20, 2016, and the Ninth Circuit has not yet scheduled oral argument.

The District's Position.  The issues on appeal include the state action doctrine, absolute immunity from damages under A.R.S. §12-820.01(A), and the filed rate doctrine.  The District believes that a stay of litigation in this Court following the completion of expert discovery (scheduled for August 15) should be discussed and may be warranted because a decision by the Ninth Circuit on the merits will significantly affect the remainder of the case, including the issues on summary judgment. The District acknowledges that, in December 2015, this Court denied the District's prior motion to stay the litigation in its entirety, but the Court also stated that it "must wait for the Ninth Circuit's determination before proceeding" on the District's state action and Title 12 immunity defenses (Dkt. 102 at 10:9-13).  The District intends to move for summary judgment on these defenses and other grounds and seeks the Court's views on the appropriate time to do so.

SolarCity's Position.  SolarCity contends that SRP's appeal provides no reason to delay or defer any aspect of the case.  Nothing has changed since this Court declined the District's request for a stay:  The Court is free to "continue with other phases of the case" (Dkt. 102 at 10) so long as it does not alter its decisions on the Arizona statutory issue or

2

1 the state-action doctrine. SRP contends on appeal that the issues it now cites are
2 "completely separate from the merits," which means SRP cannot argue that trial on the
3 merits raises any jurisdictional issue. Moreover, the Arizona statutory issue is moot
4 because it applies only to damages (and SolarCity does not seek damages at the
5 upcoming trial), and SolarCity's trial presentation will be the same regardless whether the
6 state-action doctrine is at issue because the same facts relevant to the state-action doctrine
7 are relevant to the antitrust merits issues of incentives and intent. In sum, the trial
8 presentation will remain the same no matter the appellate outcome and, in light of the
9 ongoing harm caused by SRP's conduct, the case should proceed as scheduled with the
10 potential minor modification discussed below.

11 **How the case should proceed with respect to any dispositive motions and**
12 **trial.**

13 The District's Position. The District submits that, in the event the Court declines
14 to stay the litigation, the current schedule (see Appendix) does not provide a meaningful
15 opportunity for the parties to brief—and the Court to rule upon—the District's expected
16 motion for summary judgment prior to the deadlines for pretrial submissions and trial.
17 The District believes the extensive factual record, scope of expert testimony, and the
18 complexity of the issues in the case warrant an adjustment of the schedule and page limits
19 for summary judgment briefing.

20 SolarCity's Position. SolarCity believes that the current schedule is both adequate
21 to accomplish what needs to be accomplished before trial and necessary to address the
22 ongoing harm that SRP has caused by effectively shutting down new solar installations in
23 its territory. The only potential exception is that, depending on the resolution of the
24 expert issues above, an additional 1-2 weeks for expert rebuttal reports and expert
25 depositions may be needed. This is because of the uncertainty of the number of experts
26 the District intends to call. SolarCity opposes any other change to the schedule or
27 briefing requirements.
28

3

RESPECTFULLY SUBMITTED this 23rd day of June, 2016.

| | |
|---|---|
| Steptoe & Johnson LLP<br>Paul K. Charlton<br>Karl M. Tilleman<br>201 East Washington Street, Suite 1600<br>Phoenix, AZ 85004<br>Telephone: (602) 257-5200<br>Facsimile: (602) 257-5299<br>pcharlton@steptoe.com<br>ktilleman@steptoe.com | s/Christopher E. Babbitt<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>Molly S. Boast<br>Christopher E. Babbitt<br>Christopher T. Casamassima<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br>Telephone: (202) 663 6000<br>Facsimile: (202) 663 6363<br>molly.boast@wilmerhale.com<br>christopher.babbitt@wilmerhale.com<br>chris.casamassima@wilmerhale.com<br><br>Attorneys for Defendant |

**APPENDIX: CURRENT SCHEDULE**

For the Court's convenience, the District sets forth the current schedule, which follows from the Court's November 24, 2015 Minute Order (Dkt. 87), Scheduling Order (Dkt. 89), and Order Setting Final Pretrial Conference (Dkt. 91), in conjunction with the Federal and Local Rules of Civil Procedure and a stipulation by the parties (Dkts. 132, 134):

- **May 15, 2016** – Deadline for Completion of Fact Discovery (Dkt. 89)
- **June 1, 2016** – Deadline for Plaintiffs' Expert Disclosures (Dkt. 89)
- **July 1, 2016** – Deadline for Defendants' Expert Disclosures (Dkt. 89)
- **July 15, 2016** – Deadline for Rebuttal Expert Disclosures (Dkt. 89)
- **August 1, 2016** – Deadline for Additional Rule 26(a)(3) Disclosures (Dkt. 134)
- **August 15, 2016** – Deadline for Expert Depositions (Dkt. 89)
- **August 15, 2016** – Deadline for Objections to Rule 26(a)(3) Disclosures (Dkt. 134)
- **September 1, 2016** – Deadline for Dispositive Motions (Dkt. 89)
- **September 15, 2016** – Deadline for Engaging in Settlement Talks (Dkt. 89)
- **October 6, 2016** – Deadline for Oppositions to Motions to Summary Judgment (Local Rule 56.1(d), Fed. R. Civ. P. 6(a)(1)(C),(d)).
- **October 13, 2016** – Deadline for Parties to Exchange Drafts of Joint Final Pretrial Statement, Meet in Person, and Exchange Marked Exhibits (Dkt. 91)
- **October 24, 2016** – Deadline for Replies in Support of Motions for Summary Judgment (Local Rule 56.1(d), Fed. R. Civ. P. 6(a)(1)(C),(d))
- **October 27, 2016** – Deadline for Parties to Submit Joint Proposed Final Pretrial Order and to Each Lodge Proposed Findings of Fact and Conclusions of Law (Dkt. 91)
- **November 1, 2016** – Final Pretrial Conference (Dkt. 91)
- **November 7, 2016** – Earliest Date for Oral Argument on Any Dispositive Motion (Local Rule 56.1)
- **November 8-18, 2016** – Bench Trial (Dkt. 87)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23rd, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
William A. Isaacson (*admitted pro hac vice*)
Karen L. Dunn (*admitted pro hac vice*)

BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Steven C. Holtzman (*admitted pro hac vice*)
Sean P. Rodriguez (*admitted pro hac vice*)

SHEARMAN & STERLING LLP
JOHN F. COVE, JR. (*admitted pro hac vice*)
535 Mission Street
25th Floor
San Francisco, CA  94105

COPPERSMITH BROCKELMAN PLC
2800 North Central Avenue, Suite 1200
Phoenix, AZ 85004
Keith Beauchamp
Roopali H. Desai

s/ Christopher E. Babbitt