WILMER CUTLER PICKERING
 HALE AND DORR LLP
Molly S. Boast (*admitted pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
molly.boast@wilmerhale.com

Christopher E. Babbitt (*admitted pro hac vice*)
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
christopher.babbitt@wilmerhale.com

Christopher T. Casamassima (*admitted pro hac vice*)
350 South Grand Ave.
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400
chris.casamassima@wilmerhale.com

STEPTOE & JOHNSON LLP
Paul K. Charlton (012449)
Karl M. Tilleman (013435)
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299
pcharlton@steptoe.com
ktilleman@steptoe.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| SolarCity Corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>Salt River Project Agricultural Improvement and Power District,<br><br>　　　　　　　Defendant. | Case No. 2:15-CV-00374-DLR<br><br>**DEFENDANT SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT'S RENEWED MOTION TO STAY** |

**INTRODUCTION**

As requested by the Court, the Salt River Project Agricultural Improvement and Power District ("the District") hereby moves for a stay of proceedings in this Court following the August 31 close of expert discovery. A stay at that juncture is necessary to allow the Ninth Circuit to decide the issues on appeal before the parties devote substantial resources to briefing those issues and this Court is called upon to adjudicate them on summary judgment or at trial—indeed, a Ninth Circuit ruling in the District's favor could itself dispose of the case, leaving nothing further for this Court to decide. As set forth in the District's prior stay motion (Dkt. 83), a stay is warranted for both jurisdictional and prudential reasons, and the reasons for a stay have only grown more compelling since the Court previously considered the issue. The Court lacks jurisdiction to decide the immunity issues pending before the Ninth Circuit, and where the subject of the appeal is immunity from suit, it lacks jurisdiction to rule on the claims to which the immunities apply. Whereas the parties were able to devote the past year to factual and expert discovery without risk of inconsistent or duplicative judicial rulings, the schedule for resolving the case on the merits in this Court now overlaps with the Ninth Circuit's consideration of the appeal; the risk of inconsistent rulings, duplication of effort, and further erosion of the District's immunities is now acute.

The appeal raises three issues—the District's entitlement to state-action immunity, its entitlement to absolute immunity under A.R.S. § 12-820.01, and application of the filed-rate doctrine—that could dispose of this case in its entirety or substantially limit the scope of the issues before this Court. This Court has previously recognized that "state-action immunity is a controlling question of law" and stated that it "must wait for the Ninth Circuit's determination before proceeding" on both that issue and absolute immunity under Arizona law (Dkt. 102 at 4:4-5; 10:4-13). And even if the Ninth Circuit does not rule for the District outright on any of the issues on appeal, a ruling on the merits will shape the issues the parties need to brief and this Court will need to adjudicate and the standards it must apply.

These circumstances warrant a stay. Moreover, with fact discovery complete and expert discovery scheduled for completion on August 31, the parties will be well-positioned to proceed promptly with summary judgment and trial in the event the appeal is resolved in SolarCity's favor. SolarCity's voluntary decision to cease selling solar hardware in the District's territory during the pendency of this litigation leaves it in no position to ask this Court to rush to adjudicate issues pending before the Ninth Circuit, particularly where SolarCity's competitors continue to sign up solar customers under the very rate plan that SolarCity is asking this Court to enjoin.

## BACKGROUND

### A.     Ninth Circuit Appeal

On November 20, 2015, the District appealed this Court's partial denial of its motion to dismiss based on the state-action immunity and filed-rate doctrines, as well as the District's statutory entitlement to "absolute immunity" under A.R.S. § 12-820.01. The Ninth Circuit's consideration of the appeal was delayed, however, because SolarCity elected to file a motion to dismiss the District's appeal on jurisdictional grounds, which stayed the original briefing schedule set by the court of appeals. Dkt. 20, No. 15-17302 (9th Cir. Dec. 23, 2015). The Ninth Circuit ultimately denied SolarCity's motion to dismiss, ordered the appeal expedited, and permitted SolarCity to renew its jurisdictional arguments in merits briefing. Dkt. 28, No. 15-17302 (9th Cir. Mar. 14, 2016). The parties have completed merits briefing, but oral argument has not been scheduled.[1]

---

[1] The United States filed an amicus brief in the Ninth Circuit (supporting SolarCity on the application of the collateral order doctrine and the clear articulation prong of the state-action immunity doctrine, and taking no position on the other issues) and recently requested to participate in oral argument. Dkt. 60, No. 15-17302 (9th Cir. June 7, 2016); Dkt. 72, No. 17302 (9th Cir. July 1, 2016).[2] To prevent abuse of the rule divesting courts of jurisdiction pending interlocutory review, the Ninth Circuit permits district courts to proceed by certifying that the appeal is frivolous or has been waived. *See Chuman*, 960 F.2d at 105. That is a high bar, however, that is not met here. *See, e.g., Schering Corp. v. First DataBank Inc.*, No. C 07-01142, 2007 WL 1747115, at *3 (N.D. Cal. June 18, 2007) ("To declare the appeal frivolous, the Court must find that it is 'wholly without merit.'") (citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002)). Indeed, the Ninth

### B. District Court Proceedings

Since this Court's ruling on the motion to dismiss, the parties have completed substantial fact discovery and exchanged opening expert reports. The fact and expert discovery to date has been extensive: the parties produced over one million pages of material, took 37 fact depositions, and have exchanged over a thousand pages of expert reports so far. The parties have been litigating at a very fast pace for complex antitrust litigation and have been using a significant number of lawyers on a nearly full-time basis to meet this accelerated schedule. SolarCity's rebuttal expert reports are due August 1, and expert depositions are scheduled to be completed on August 31. Absent a stay, summary judgment motions are due September 15, oppositions are due October 10, and replies are due October 25. *Id.* A two-week bench trial is scheduled to begin on December 6. *Id.*

## ARGUMENT

### I. THIS COURT LACKS JURISDICTION OVER THE ISSUES PENDING BEFORE THE NINTH CIRCUIT

#### A. The Filing Of An Appeal Divests A District Court Of Jurisdiction Over The Issues On Appeal

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Where, as here, the subject of the appeal is the defendant's immunity from suit, the divestiture extends to the claims to which the immunities apply. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (staying trial on merits pending appeal on qualified immunity defense). As the Seventh Circuit has explained:

> The justification for the interlocutory appeal [of the denial of qualified immunity] is that the trial destroys rights created by the immunity. It makes no sense for trial to go forward while the court of appeals cogitates on whether

---

Circuit denied SolarCity's motion to dismiss the appeal on jurisdictional grounds. Dkt. 28, No. 15-17302 (9th Cir. Mar. 14, 2016).

-3-

> there should be one. *Griggs* says that the notice of appeal 'divests the district court of its control over those aspects of the case involved in the appeal.' Whether there shall be a trial is precisely the 'aspect[] of the case involved in the appeal[.]

*Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) (citations omitted). Wright & Miller likewise state: "[I]f further district court proceedings would violate the very right being asserted in the appeal taken under the collateral order doctrine—as is the case with claims of qualified immunity or double jeopardy—then the pendency of the appeal … oust[s] the district court of authority to proceed, at least if the appeal is properly taken and not patently frivolous." Wright & Miller, 16A Fed. Prac. & Proc. Juris. § 3949.1 (4th ed. 2008).[2] This doctrine is "designed to promote judicial economy and avoid the confusion and inefficiency that might flow from putting the same issue before two courts at the same time." 20-303 Moore's Federal Practice § 303.32 (2015).

District courts in Arizona and throughout the Ninth Circuit commonly stay proceedings pending interlocutory review of threshold issues. *See, e.g. Atencio v. Arpaio*, No. CV-12-02376, 2015 WL 5337145, at *5 (D. Ariz. Sept. 15, 2015) (indicating that immunity-based appeal divested court of jurisdiction to proceed with trial on the implicated claims and exercising discretion to stay remainder of proceedings pending resolution of appeal because "[f]ailure to stay the proceedings pending the outcome of the appeal could result in two separate trials, inconsistent results, the waste of judicial resources, and increased expense to the parties."); *Ayala v. Mohave County*, No. CV-07-8105, 2008 WL 5381251, at *1 (D. Ariz. Dec. 22, 2008) (staying trial pending immunity-based interlocutory appeal because the interlocutory appeal divested court of jurisdiction to proceed with trial);

---

[2] To prevent abuse of the rule divesting courts of jurisdiction pending interlocutory review, the Ninth Circuit permits district courts to proceed by certifying that the appeal is frivolous or has been waived. *See Chuman*, 960 F.2d at 105. That is a high bar, however, that is not met here. *See, e.g., Schering Corp. v. First DataBank Inc.*, No. C 07-01142, 2007 WL 1747115, at *3 (N.D. Cal. June 18, 2007) ("To declare the appeal frivolous, the Court must find that it is 'wholly without merit.'") (citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002)). Indeed, the Ninth Circuit denied SolarCity's motion to dismiss the appeal on jurisdictional grounds. Dkt. 28, No. 15-17302 (9th Cir. Mar. 14, 2016).

-4-

*Wellons, Inc. v. Sia Energoremonts Riga, Ltd.*, No. 3:13-cv-05654, 2013 WL 5913266, at *2 (W.D. Wash. Nov. 4, 2013) (staying all proceedings in the district court, except settlement negotiations, during interlocutory appeal of ruling on motion to dismiss); *Dagdagan v. City of Vallejo*, 682 F. Supp. 2d 1110, 1116-17 (E.D. Cal. 2010) (staying further proceedings in district court, including ruling on pending summary judgment motion, where issues involved in immunity-based interlocutory appeal were also potentially involved in the summary judgment motion); *Jenkins v. Vail*, No. CV-08-5075, 2009 WL 3415902, at *1 (E.D. Wash. Oct. 21, 2009) (staying ruling on summary judgment motions until conclusion of interlocutory appeal).[3]

### B. The Issues In The District's Appeal Must Be Decided Before Resolution On The Merits

SolarCity has previously argued (Dkt. 96 at 1:18-20) that "[a]ppealing the type of immunity SRP incorrectly invokes may prevent a ***trial*** on the issues appealed, but it does not (1) affect the Court's jurisdiction over discovery and other pretrial proceedings or (2) prevent a trial on injunctive relief." That position is untenable in the current posture of this case. First, as explained above, fact discovery is complete and expert discovery is scheduled for completion on August 31—and both are outside the scope of the requested stay. Second, SolarCity cannot establish an entitlement to injunctive relief unless it overcomes the District's state-action immunity and filed-rate doctrine defenses, both of which are currently before the Ninth Circuit. In other words, SolarCity cannot obtain judgment in its favor

---

[3] *See also Asis Internet Servs. v. Active Response Grp.*, No. C 07-6211, 2008 WL 4279695, at *4 (N.D. Cal. Sept. 16, 2008) (staying all district court proceedings except limited discovery during interlocutory appeal of motion to dismiss ruling); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) (staying all proceedings in district court pending resolution of interlocutory appeal of motion to dismiss ruling); *Yoshimoto v. O'Reilly Auto., Inc.*, No. C 10-05438, 2011 WL 26694, at *5 (N.D. Cal. July 7, 2011) (staying all district court proceedings, including trial, pending interlocutory appeal of summary judgment ruling); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. CV 13-5693, 2015 WL 4397175, at *3 (C.D. Cal. June 8, 2015) (staying case pending resolution of appeal, in part because "it is probable that, in the absence of a stay, this case will proceed to trial and final judgment prior to the Ninth Circuit's consideration and disposition" of the Defendant's appeal).

-5-

1   unless and until those threshold issues are first resolved in its favor—but they cannot be
2   resolved in this Court while they are before the Ninth Circuit.  After the parties' recent status
3   conference, nearly 17 months after filing its initial complaint, counsel for SolarCity asserted
4   that SolarCity would move for a preliminary injunction if the District requested a stay of
5   litigation in this Court pending resolution of the appeal.  The District will respond to any
6   such motion if and when SolarCity files it.  As an initial matter, however, the District
7   submits that the same jurisdictional and prudential reasons (among other issues) would apply
8   to bar consideration of SolarCity's request for "preliminary" injunctive relief as would bar
9   consideration of SolarCity's request for permanent injunctive relief in the trial currently
10  scheduled for December, assuming the Ninth Circuit has not decided the appeal by then.

  For the same reasons that the issues on appeal must be resolved before a trial on injunctive relief, they must also be resolved before a ruling on summary judgment.  The core issues on appeal are whether state-action immunity, Title 12 immunity, and the filed-rate doctrine bar SolarCity's claims.  Dkt. 32 at 13-15, No. 15-17302 (9th Cir. May 2, 2016).  While the District submits that these issues should be resolved in its favor as a matter of law, the District will be prepared, if necessary, to present these defenses based on the factual record developed in the case—yet under the authorities cited above, they cannot be resolved in this Court while the appeal is pending.  The practical considerations supporting a stay are straightforward under these circumstances.  If the Ninth Circuit rules in the District's favor on state-action immunity, that doctrine will bar SolarCity's claims sounding in state and federal antitrust law, and likely its tort claims too.  *See Mothershed v. Justices of Sup. Ct.*, 410 F.3d 602, 609 (9th Cir. 2005) (state and federal antitrust claims); *United Nat'l Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1012 (9th Cir. 2014) (tort claims).  If the Ninth Circuit resolves the Arizona Title 12 immunity arguments in the District's favor, that ruling will eliminate SolarCity's state-law damages claims, *see* A.R.S. § 12-820.01, insofar as SolarCity continues to seek them.  And if the Ninth Circuit rules in favor of the District on the filed-rate doctrine, the doctrine will bar SolarCity's state and federal law

1  claims entirely and require entry of judgment in the District's favor on all claims.  *See Carlin*
2  *v. DairyAmerica, Inc.*, 705 F.3d 856, 867-868 (9th Cir. 2013).

3       Even if the Ninth Circuit did not rule outright in the District's favor on any of the
4  three issues on appeal, a ruling that touches on the merits of any one of them could affect the
5  issues before the Court on summary judgment and at trial.  For example, with respect to the
6  state-action doctrine, the Ninth Circuit could hold that the District has adequately shown that
7  Arizona has a clearly articulated policy to displace competition as a matter of law, but
8  remand to this Court to determine whether the District must satisfy the "active supervision"
9  prong of the state-action immunity test.  Likewise, the Ninth Circuit might reverse this
10 Court's ruling that the filed-rate doctrine is limited to challenges to the reasonableness of
11 rates (or conclude that SolarCity's case *is* such a challenge), and remand for application of
12 the doctrine in the first instance by this Court.  The Ninth Circuit could also hold that Title
13 12 immunity does not apply to the District, in which case SolarCity might seek damages,
14 entitling the District to a jury trial.  In each of these and other possible scenarios, the parties'
15 briefing and the issues before this Court will be fundamentally affected.

16      Interlocutory appeals of immunity-based defenses are permitted to avoid this very
17 outcome:  they are intended to permit review of immunities in advance of trial because they
18 "would be significantly imperiled if [the Ninth Circuit] did not permit an immediate appeal."
19 *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015 (9th Cir. 2013).  Proceeding to
20 judgment in the interim in this case would undermine the very reason the Ninth Circuit
21 permits such appeals.

22 **II.  THE COURT SHOULD EXERCISE ITS DISCRETION TO STAY THE
23      REMAINDER OF THE CASE**

24      In the event the Court does not stay the litigation on jurisdictional grounds for the
25 reasons above, it should exercise its discretion to do so.  If the case is allowed to proceed
26 "without a ruling from the Ninth Circuit on the appeal herein, and the Ninth Circuit
27 ultimately reverses this Court … this Court's substantive rulings may be for naught, and the
28 parties will have expended significant resources to obtain what, in all likelihood, would

-7-

1  constitute non-binding advisory opinions." *Mohamed v. Uber Techs.*, 115 F. Supp. 3d 1024, 1034 (N.D. Cal. 2015) (staying all non-discovery-related activity pending appeal of denial of motion to compel arbitration).[4]

The Court's exercise of discretion to stay the case is guided by four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Lair v. Bullock*, 697 F.3d 1200, 1203-04 (9th Cir. 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).  On balance, these factors weigh in favor of a stay at the close of expert discovery.

*First*, to satisfy the first factor, the District must only raise "serious questions going to the merits." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011). "Serious questions need not promise a certainty of success, nor even present a probability of success, but must involve a 'fair chance of success on the merits.'" *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991) (quoting *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (*en banc*)).  As detailed in its initial stay motion (Dkt. 83 at 9-12) and reply brief (Dkt. 100 at 9-12), the District meets this standard.

And the District's likelihood of success has only strengthened over time.  Despite SolarCity's assurances that it would "seek quick disposition of [the District's] meritless appeal," and that the District's appeal would "not be heard on the merits" (Dkt. 96 at 2, 10), the Ninth Circuit has denied the District's motion to dismiss and has ordered and received briefing on the merits of the District's appeal.  The District continues to have a substantial

---

[4] The District recognizes that this Court has distinguished *Mohamed* with respect to the proper construction of the arbitration language at issue, without opining on the question at issue here: whether a stay of district court proceedings is warranted pending the outcome of an appeal on a threshold question that could dispose of the litigation in its entirety. *See Sena v. Uber Techs., Inc.*, No. CV-15-02418, 2016 WL 1376445, at *3 (D. Ariz. April 7, 2016).

1 case that at least one of the state-action doctrine, Arizona's Title 12, or the filed-rate doctrine
2 operates to bar part, if not all, of SolarCity's suit.[5]

3 ***Second***, the District will suffer irreparable harm if this case is not stayed. The
4 District's entitlement to state-action immunity is an immunity from suit, which will be
5 "effectively lost if a case is erroneously permitted to go to trial." *Liberal v. Estrada*, 632
6 F.3d 1064, 1074 (9th Cir. 2011); *see also Castro v. Melchor*, 760 F. Supp. 2d 970 (D. Haw.
7 2010). There is no way to retroactively grant the District the immunity to which it is entitled
8 following a favorable, post-trial ruling from the Ninth Circuit. *See Artukovic v. Rison*, 784
9 F.2d 1354, 1356 (9th Cir. 1986) (irreparable harm found where denial of stay would inflict
10 the injury the interlocutory appeal was taken to prevent, rendering the appeal moot).

11 The potential harm here is analogous to the irreparable harm suffered by a defendant
12 who would be forced to proceed to summary judgment and trial while an appeal of a denial
13 of a motion to compel arbitration is pending—irreparable harm that has been found to justify
14 stays by several courts within this Circuit. For example, in *Mohamed v. Uber Technologies*,
15 the Northern District of California found that "monetary and non-monetary harm to
16 [defendant] from the actual *adjudication* of this case on the merits in federal court would
17 likely constitute a significant irreparable injury were the arbitration forum wrongly denied"
18 and ultimately concluded that allowing "anything more than reasonable discovery" would
19 cause "significant irreparable harm" to the defendant. 115 F. Supp. 3d at 1034 (emphasis in
20 original); *see also Ontiveros v. Zamora*, No. Civ. S-08-567, 2013 WL 1785891, at *4 (E.D.
21 Cal. Apr. 25, 2013) (defendant would be irreparably harmed by proceeding to trial pending
22 appeal of denial of motion to compel arbitration); *Rajagopalan v. Noteworld, LLC*, C11-
23 5574, 2012 WL 2115482, at *3 (W.D. Wash. June 11, 2012) (continued litigation pending
24 appeal of denial of motion to compel arbitration would irreparably harm defendant). The
25 same is true here: allowing anything more than "reasonable discovery"—that is, proceeding

26

27
28
---
[5] Indeed, in the Ninth Circuit, trade associations representing thousands of publicly owned (i.e., not investor-owned) utilities around the country filed an amicus brief supporting the District's position on state-action immunity. Dkt. 38, No. 15-17302 (9th Cir. May 9, 2016).

past the close of expert discovery on August 31—while the District's immunity-based appeal is pending risks denying the District the benefit of the immunities on appeal.

*Third*, SolarCity's suggestion during the June 24 status conference that a stay "imposes grave prejudice to … consumers in this case"[6] is simply wrong.  As the Arizona Republic reported last month, customers are continuing to install solar systems in the District's service area, and new competitors are entering the market (notwithstanding SolarCity's business decision to voluntarily abandon the District's territory in favor of more profitable markets).  *See* Ryan Randazzo, Battery surge:  The technology is here, but 'demand rates' might be key to promoting them, *Arizona Republic* (June 13, 2016) (attached as Exhibit B); *see also* Ryan Randazzo, SRP data shows some solar customers save money with demand rates, *Arizona Republic* (Mar. 28, 2016), http://www.azcentral.com/story/money/business/energy/2016/03/25/srp-data-shows-some-solar-customers-save-money-demand-rates/81886548/.

Nor is SolarCity substantially harmed by a stay.  SolarCity is a global, publicly-traded corporation, and its decision to abandon the District's service area has, according to SolarCity's CEO, "actually end[ed] up better for SolarCity."[7]  Indeed, Tesla offered last month to acquire SolarCity at a premium of 21% to 30% over the closing price of SolarCity's shares.[8]  Thus, even if the District's rates are determined to be unlawful, SolarCity will suffer "little additional injury" from a stay, *Winig v. Cingular Wireless LLC*, No. C-06-4297, 2006 WL 3201047, at *2 (N.D. Cal., Nov. 6, 2006), and certainly not the "severe economic impact" that the law requires.  *See Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 n.3 (D.C. Cir. 1977).

---

[6] Ex. A at 10:18-20.  Crediting this argument would also require the court to assume the truth of Plaintiff's unproven allegations, which courts are often hesitant to do.  *See, e.g.*, *Ward v. Estate of Goossen*, No. 14-cv-03510, 2014 WL 7273911, at *5 (N.D. Cal. Dec. 22, 2014).

[7] Ryan Randazzo, SolarCity relocating 85 Arizona workers, cites solar fees, *Arizona Republic* (Apr. 30, 2015), http://www.azcentral.com/story/money/business/2015/04/30/solarcity-relocating-arizona-workers/26614771/.

[8]   SolarCity Corp., Current Report (Form 8-K) Ex. 99.1 (June 21, 2016).

1    And, with respect to the litigation itself, the postponement of proceedings, after a full
2    fact and expert record has been created, will not cause substantial harm. *See, e.g.*,
3    *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) (describing postponement
4    resulting from stay as "slight harm").  This is especially true here because the District did not
5    oppose—and the Ninth Circuit granted—SolarCity's request for expedited appellate review.
6    *See, e.g.*, *Manier v. MedTech Prods., Inc.*, 29 F. Supp. 3d 1284, 1289 (S.D. Cal. 2014)
7    ("expedited appellate review process will limit any irreparable harm that will result [from
8    issuance of stay pending appeal]").  And because fact and expert discovery will have been
9    completed, no evidence will be lost over time. *Cf. Ontiveros*, 2013 WL 1785891, at *5
10   (explaining that where irreparable harm to the nonmoving party has arisen from a stay courts
11   are "generally concerned with undue loss or destruction of evidence stemming from a
12   delay"); *City of Oakland v. Holder*, 961 F. Supp. 2d 1005, 1014 (N.D. Cal. 2013) (no harm
13   to nonmovant where relevant evidence will not become "stale" during pendency of stay).  In
14   short, SolarCity will still receive its day in court in a timely fashion if the Ninth Circuit rules
15   in its favor, and it is free to prepare for trial in the interim.

16   ***Fourth***, a stay is in the public interest.  The public has an interest in avoiding
17   inconsistent results and preserving judicial economy, which would be supported by a stay
18   here. *See Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 330 (9th Cir. 1995)
19   (identifying "preserving judicial economy" as a public interest); *Richards v. Ernst & Young,*
20   *LLP*, No. C-08-04988, 2012 WL 92738, at *4 (N.D. Cal. Jan. 11, 2012) (public's interest in
21   "economical use of judicial resources" favored a stay).  In the absence of a stay, this Court
22   will either be called upon to rule on matters presently within the jurisdiction of the court of
23   appeals, or entertain briefing and evidence that will sit idle until the Ninth Circuit rules (at
24   which point the briefing and evidence may be unnecessary or insufficient).

25   Further, Arizona's legislature grants the elected board of the District, a political
26   subdivision of the state and a public entity, the ability to set rates for electricity.  The District
27   is entitled to vindicate those rights against legal challenge, and its effort to do so against a
28   private corporation pursuing the necessarily private pecuniary interests of its shareholders

-11-

advances the public's interest. *See Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*, 512 F.3d 1112, 1127 (9th Cir. 2008) ("[I]t is in the public interest that federal courts of equity should exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic policy.") (quoting *Burford v. Sun Oil Co.*, 319 U.S. 315, 318 (1943)). Indeed, the District conducted an extensive public process in 2014-2015, during which members of the public provided their views to the District's elected board prior to its adoption of the rate plans at issue here. As the District will be prepared to show on the record at summary judgment or at trial, the board's decision was entirely proper. And it bears noting that no one—including SolarCity—requested a rehearing before the board or challenged any aspect of the board's decision in state court pursuant to Arizona law. *See generally* A.R.S. §§ 30-810-812. Moreover, the appeal concerns the District's immunity from suit under the state-action doctrine, a doctrine that reflects "the federalism principle that the States possess a significant measure of sovereignty under our Constitution." *N.C. State Bd. of Dental Exam'rs v. FTC*, 135 S. Ct. 1101, 1110 (2015). Where an appeal "invokes significant concerns related to principles of federalism and comity," a stay pending that appeal is particularly appropriate. *Moore v. Tangipahoa Parish Sch. Bd.*, 507 F. App'x 389, 399 (5th Cir. 2013).

## CONCLUSION

For the foregoing reasons, the District respectfully requests that this Court enter a stay of further proceedings following the close of expert discovery on August 31 and continuing until the District's appeal is resolved.

RESPECTFULLY SUBMITTED this 11th day of July, 2016.

| | | |
|---|---|---|
| 1 | STEPTOE & JOHNSON LLP | /s/ Christopher E. Babbitt |
| | Paul K. Charlton | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 2 | Karl M. Tilleman | Molly S. Boast |
| 3 | 201 East Washington Street, Suite 1600 | 7 World Trade Center |
| | Phoenix, AZ 85004 | 250 Greenwich Street |
| 4 | Telephone: (602) 257-5200 | New York, NY 10007 |
| | Facsimile: (602) 257-5299 | Telephone: (212) 230-8800 |
| 5 | pcharlton@steptoe.com | Facsimile: (212) 230-8888 |
| | ktilleman@steptoe.com | molly.boast@wilmerhale.com |

Christopher E. Babbitt
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663 6000
Facsimile: (202) 663 6363
christopher.babbitt@wilmerhale.com

Christopher T. Casamassima
350 South Grand Ave.
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400
chris.casamassima@wilmerhale.com

Attorneys for Defendant

-13-

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Richard J. Pocke

BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
William A. Isaacson
Karen L. Dunn

BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Steven C. Holtzman
Sean P. Rodriguez

SHEARMAN & STERLING LLP
535 Mission Street
25th Floor
San Francisco, CA 94105
John F. Cove, Jr.

COPPERSMITH BROCKELMAN PLC
2800 North Central Avenue, Suite 1200
Phoenix, AZ 85004
Keith Beauchamp
Roopali H. Desai

/s/Christopher E. Babbitt ____