COPPERSMITH BROCKELMAN PLC
KEITH BEAUCHAMP (#012434)
ROOPALI H. DESAI (#024295)
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone:  (602) 381-5490
kbeauchamp@cblawyers.com
rdesai@cblawyers.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM A. ISAACSON *(admitted pro hac vice)*
KAREN L. DUNN *(admitted pro hac vice)*
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone:  (202) 237-2727
wisaacson@bsfllp.com
kdunn@bsfllp.com

STEVEN C. HOLTZMAN *(admitted pro hac vice)*
SEAN P. RODRIGUEZ *(admitted pro hac vice)*
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
sholtzman@bsfllp.com
jcove@bsfllp.com
srodriguez@bsfllp.com

SHEARMAN & STERLING LLP
JOHN F. COVE, JR. (*admitted pro hac vice*)
535 Mission Street, 25th Floor
San Francisco, CA  94105
Telephone:  (415) 616-1139
john.cove@shearman.com

*Attorneys for Plaintiff SolarCity Corporation*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SolarCity Corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Salt River Project Agricultural Improvement and Power District,<br><br>                    Defendant. | No.  2:15-CV-00374-DLR<br><br>**PLAINTIFF SOLARCITY CORPORATION'S OPPOSITION TO DEFENDANT'S RENEWED MOTION TO STAY** |

# TABLE OF CONTENTS

PROCEDURAL AND LEGAL BACKGROUND ..........................................................2

I.      SRP's Attempted Appeal ............................................................2

II.     Appeal-Related Proceedings In This Court And The Appeals Court ...................4

III.    The Trial Date And Pending Motions ...............................................5

ARGUMENT .........................................................................................6

I.      There Is No Jurisdictional Issue .................................................6

        A.      The Court Can Proceed Through Trial .......................................6

        B.      SRP Has No Sound Jurisdictional Argument ................................8

        C.      SRP Misstates How The Appeal Might Affect Proceedings
                Here .....................................................................11

II.     This Court Should Not Exercise Its Discretion To Grant A Stay ...................13

III.    Alternatively, SRP's Proposed Procedure Is Inappropriate .......................15

CONCLUSION ......................................................................................16

# TABLE OF AUTHORITIES

## CASES

*Alliance for the Wild Rockies v. Cottrell*,
    632 F.3d 1127 (9th Cir. 2011) ...................................................................... 14

*American Fire, Theft & Collision Managers, Inc. v. Gillespie*,
    932 F.2d 816 (9th Cir. 1991) ......................................................................... 9

*Backus v. State*,
    220 Ariz. 101 (2009) ................................................................................... 15

*Ball v. James*,
    451 U.S. 355 (1981) .................................................................................... 12

*Behrens v. Pelletier*,
    516 U.S. 299 (1996) .................................................................................... 10

*Carroll v. United States*,
    354 U.S. 394 (1954) .................................................................................... 12

*Chuman v. Wright*,
    960 F.2d 104 (9th Cir. 1992) ....................................................................... 10

*Cost Mgmt. Svcs., Inc. v. Wash. Nat. Gas Co.*,
    99 F.3d 937 (9th Cir. 1996) ........................................................................... 3

*F.T.C v. Phoebe Putney Health Sys., Inc.*,
    133 S. Ct. 1003 (2013) .................................................................................. 3

*Fishman v. Estate of Wirtz*,
    807 F.2d 520 (7th Cir. 1986) ....................................................................... 15

*Green v. Mansour*,
    474 U.S. 64 (1985) ........................................................................................ 9

*Hydrick v. Hunter*,
    669 F.3d 937 (9th Cir. 2012) ......................................................................... 9

*In re Airline Ticket Comm'n Antitrust Litig.*,
    918 F. Supp. 283 (D. Minn. 1996) ............................................................... 15

*In re School Asbestos Litig.*,
    977 F.2d 764 (3d Cir. 1992) ........................................................................... 4

*Int'l Bd. of Elec. Workers v. Salt River Project Agr. Imp. & Pwr. Dist.*,
    78 Ariz. 30 (1954) ....................................................................................... 13

*Johnson v. Jones*,
    515 U.S. 304 (1995) ...................................................................................... 8

*Knevelbaard Dairies v. Kraft Foods, Inc.*,
    232 F.3d 979 (9th Cir. 2000) ....................................................................... 15

*Kwai Fun Wong v. U.S.*,
    373 F.3d 952 (9th Cir. 2004) ....................................................................... 10

*Local 266, Int'l Bd. of Elec. Workers v. Salt River Project Agr. Imp. & Pwr. Dist.*,
  78 Ariz. 30 (1954) ..................................................................................... 3, 12

*Melendres v. Arpaio*,
  695 F.3d 990 (9th Cir. 2012) ..................................................................... 6, 13

*Mohawk Indus., Inc. v. Carpenter*,
  558 U.S. 100 (2009) ......................................................................................... 12

*N.C. State Board of Dental Exam'rs v. F.T.C.*,
  135 S. Ct. 1101 (2015) ................................................................................... 2, 3

*Nken v. Holder*,
  556 U.S. 418 (2009) ................................................................................. 13, 14

*Ore & Chem. Corp. v. Stinnes Interoil, Inc.*,
  611 F. Supp. 237 (S.D.N.Y. 1985) ................................................................... 8

*Plotkin v. Pac. Tel. & Tel. Co.*,
  688 F.2d 1291 (9th Cir. 1982) .................................................................. 6, 7, 8

*Rivera-Torres v. Ortiz Velez*,
  341 F.3d 86, 94 (1st Cir. 2002) ...................................................................... 10

*Rouser v. White*,
  707 F. Supp. 2d 1055 (E.D. Cal. 2010) ..................................................... 7, 12

*S.C. State Board of Dentistry v. F.T.C.*,
  455 F.3d 436 (4th Cir. 2006) ............................................................... 2, 9, 14

*Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*,
  476 U.S. 409 (1986) ................................................................................... 3, 11

*Swint v. Chambers County Comm'n*,
  514 U.S. 35 (1995) ............................................................................................. 9

*Sycuan Band of Mission Indians v. Roache*,
  788 F. Supp. 1498 (S.D. Cal. 1992),
  *aff'd on other grounds,* 54 F.3d 535 (9th Cir. 1994) .................................. 7, 12

*U.S. v. Flores-Perez*,
  646 F.3d 667 (9th Cir. 2011) ............................................................................ 4

*United States v. Bastanipour*,
  697 F.2d 170 (7th Cir. 1982) ............................................................................ 7

*United States v. Guerrero*,
  693 F.3d 990 (9th Cir. 2012) .......................................................................... 12

*Univ. of Texas v. Camenisch*,
  451 U.S. 390 (1981) ........................................................................................ 12

*Will v. Hallock*,
  546 U.S. 345 (2006) ................................................................................. 3, 8, 9

*Zenith Radio Corp. v. Hazeltine Research*,
  395 U.S. 100 (1969) ........................................................................................ 15

**STATUTES**

Arizona Revised Statutes
    Section 12-820.01 ........................................................................................................... 3

**RULES**

Federal Rule of Appellate Procedure
    Rule 8(a)(1)(A) ........................................................................................................... 4, 6
    Rule 41 ......................................................................................................................... 15

Federal Rules of Civil Procedure
    Rule 12(b)(6) .............................................................................................................. 15

**TREATISES**

15A Wright & Miller
    Section 3911 ............................................................................................................. 6, 9
15A Wright & Miller
    Section 3914.10 ...................................................................................................... 9, 10

1   From its first filing in this case, and at every opportunity thereafter, Defendant Salt

2   River Project Agricultural Improvement & Power District ("SRP") has sought delay.  Its

3   latest attempt is a renewed motion to stay that largely repeats the jurisdictional and

4   discretionary arguments it made previously.  Dkt. No. 148 (hereafter the "Motion" or

5   "Mtn.").  The Court rejected these arguments when it denied SRP's original motion to

6   stay last December.  Dkt. No. 102 (hereafter "Dec. Order").  SRP never asked the Ninth

7   Circuit to impose a stay pending appeal.

8   Contrary to SRP's contentions, there is no jurisdictional issue and no risk of

9   inconsistent decisions because nothing about trial on the merits resolves any issue that

10   SRP attempts to appeal.  Indeed, SRP argues on appeal (as it must, to maintain its

11   interlocutory appeal) that the issues for review are *completely separate from the merits*.

12   Moreover, most of the issues that SRP raises cannot be implicated at any stage of

13   proceedings before final judgment on the merits in this Court because they apply only to

14   damages.  Damages will not be at issue in the upcoming trial.

15   This Court has the power to proceed on the merits pending resolution of its

16   putative interlocutory appeal.  The law is clear:  Although the Court generally cannot

17   modify the appealed interlocutory order or the decision on the particular issue appealed, it

18   is free to address issues involving the same *subject matter* if they arise in a different legal

19   context in later phases of the case.  The Ninth Circuit has made clear that those later

20   phases may include trial.

21   In making its "jurisdictional" arguments, SRP again asserts that its appeal invokes

22   the type of immunity from the judicial process or from suit that *permits* an interlocutory

23   appeal.  The parties have already briefed that issue.  Dkt. No. 96 at 9-14.  SRP is

24   incorrect about the nature of its alleged "immunity," but even if it were right, there is still

25   no jurisdictional issue with proceeding to trial.

26   Nor is a discretionary stay appropriate.  No reasonably possible resolution of the

27   appeal will significantly alter dispositive-motion briefing or trial presentations, and every

28   day SRP successfully delays resolution is a day that SRP—whose exclusionary conduct

has reduced rooftop solar installations by about 95% across all providers—irreparably harms SolarCity, other solar providers, consumers, and competition.  The issues presented in this case are of great public interest and there is no reason to delay their resolution.

This Court already explained that SRP has no likelihood of prevailing on its appeal.  Since then the United States, through the Department of Justice, entered the appeal as *amicus* supporting SolarCity.  The DOJ elaborates why SolarCity is right that the Ninth Circuit has no jurisdiction to hear SRP's attempted appeal and endorses this Court's December analysis on the state-action doctrine.

If this Court were to entertain the possibility of a stay, it should make its decision in conjunction with ruling on SolarCity's lodged conditional motion for a preliminary injunction.  Dkt. No. 154 (hereafter "PI Motion").  The PI Motion requests the minimum necessary to protect the public interest if SRP is permitted to continue its illegal conduct while it uses a notice of appeal to delay trial for an indefinite period.

## PROCEDURAL AND LEGAL BACKGROUND

SRP's first filing in this case sought delay.  Dkt. No. 9.  Since then it has tried no fewer than six more times.[1]  SRP's present attempt derives from SRP's notice of appeal on the motion to dismiss order.  Dkt. No. 81.

### I.   SRP's Attempted Appeal

SRP claims as a colorable basis for its notice of appeal a discredited, minority view of the state-action doctrine from some older cases.  *S.C. State Board of Dentistry v. F.T.C.*, 455 F.3d 436, 441-45 (4th Cir. 2006) (explaining those cases).  But the state-action doctrine is a "disfavored" rule of statutory interpretation that bars some antitrust suits under narrow circumstances.  *N.C. State Board of Dental Exam'rs v. F.T.C.*, 135 S. Ct. 1101, 1110 (2015).  To use it, SRP has to show two things.  *First*, that the State of

---

[1] Dkt. No. 35 (teleconference); Dkt. No. 49 at 18-19 (first scheduling conference); Dkt. No. 84 (first motion to stay); Dkt. No. 83 at 5, 17-18 (updated discovery plan); Dkt. No. 144 at 3 (teleconference); Dkt. No 148 (present Motion).

Arizona "clearly articulated" a policy to displace competition and allow its anticompetitive conduct.  *F.T.C. v. Phoebe Putney Health Sys., Inc.*, 133 S. Ct. 1003, 1010 (2013).  *Second*, SRP must show that it is in fact "actively supervised by the State." *Id.*  That is because SRP lacks structural accountability to anyone except a narrow class of landholders for whose "personal profit" it was established.  *N.C. State Bd.* at 1111-14 (active supervision requirement); *Local 266, Int'l Bd. of Elec. Workers v. Salt River Project Agr. Imp. & Pwr. Dist.*, 78 Ariz. 30, 44 (1954) (SRP structurally designed to serve the private interests of a narrow group for their "personal profit").  Active supervision raises factual issues.  *Cost Mgmt. Svcs., Inc. v. Wash. Nat. Gas Co.*, 99 F.3d 937, 943 (9th Cir. 1996).

To maintain its appeal, SRP must establish appellate jurisdiction by satisfying the collateral-order doctrine.  The collateral order doctrine is "stringent" and "narrow," and it can only apply to appeals that, *inter alia*, would decide "an important issue completely separate from the merits of the action" and would be "effectively unreviewable" on an ordinary appeal.  *Will v. Hallock*, 546 U.S. 345, 349-50 (2006) (quoting precedent).  As a result, SRP argues on appeal—as it must—that its appealed issues are "completely separate from the merits" while its Motion protests that further proceedings in this Court would be too bound up with the merits to go forward.  *Id.*; 9th Cir. Dkt. No. 24 at 7.

SRP also tries to bring two additional issues—a state statutory defense (A.R.S. § 12-820.01) and a narrow federal antitrust doctrine (the "filed-rate doctrine")—into its appeal via the doctrine of pendent jurisdiction.  Dkt. No. 82.  Even if pendent jurisdiction were proper, those issues present no live issue for either this Court or the Ninth Circuit because (among other reasons) both apply only to damages cases.  Dec. Order at 7; *id.* at 9; *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.,* 476 U.S. 409, 418 n.22 (1986) (filed-rate doctrine prevents recovery of damages based on tariff but "does not dispose of . . . relief by way of injunction" (quoting precedent)).  Damages will not be at issue in the upcoming trial.  Dkt. No. 77 at 26:7-8; Dkt. No. 84 at 2; Dkt. No. 93 at 33:9-11, 35:23-36:7.

1    Finally, SRP's attempted appeal could not possibly stop the entire case.

2    SolarCity's tort claims can proceed no matter the outcome on appeal.  Dec. Order at n.1.

3    **II.    Appeal-Related Proceedings In This Court And The Appeals Court**

4    This Court denied SRP's first motion to stay last December 21.  Dec. Order.  It

5    explained that SRP has little chance of success on the merits of its defenses because SRP

6    could not show that Arizona clearly articulated a policy to displace competition, and

7    because the state statute and filed-rate doctrine cannot apply.  *Id.* at 4-9 & 11.

8    SRP could have taken its motion to stay to the Ninth Circuit.  F.R.A.P. 8(a)(1)(A).

9    It never did.  Meanwhile, SolarCity moved to dismiss SRP's appeal for lack of appellate

10   jurisdiction and to expedite.  9th Cir. Dkt. 15-17302, No. 20-1.  The Appellate

11   Commissioner expedited the merits briefing schedule and *deferred* the jurisdictional

12   decision to the merits panel.  9th Cir. Dkt. 15-17302, No. 28.  SRP's motion is

13   intentionally misleading on the latter point:  It both mislabels the Commissioner's

14   decision a decision of the "Ninth Circuit" and incorrectly states that it "ultimately denied

15   SolarCity's motion to dismiss" for lack of jurisdiction.  Mtn. at 2.  The Commissioner is

16   not an Article III judge, but rather an officer who can review certain motions, make

17   *nondispositive* decisions, and act as a special master.  Circuit Rules, Court Structure and

18   Procedures C(2).  Here, the Commissioner here did not *deny* the motion to dismiss the

19   appeal; he or she simply deferred it to the merits panel and expedited briefing.  Nothing

20   can be gleaned from the Commissioner's decision not to decide the jurisdictional issue.

21   *See U.S. v. Flores-Perez*, 646 F.3d 667, 668 (9th Cir. 2011); *In re School Asbestos Litig.*,

22   977 F.2d 764, 792 n.33 (3d Cir. 1992) ("reference to a merits panel is on its face a

23   decision not to decide anything").

24   The Department of Justice's *amicus* brief supporting SolarCity explains that "the

25   United States has a strong interest in the proper development of antitrust doctrine."  9th

26   Cir. Dkt. 15-17302, No. 60 at 7.  It also explains why there is no appellate jurisdiction

27   and supports this Court's December reasoning on "clear articulation."  9th Cir. Dkt. 15-

28   17302, No. 60; Dec. Order at 5-6.

1   Full briefing to the merits panel is complete.  Cir. Dkt. 15-17302.  The Ninth

2   Circuit Clerk may set oral argument for November.  *Id*. at No. 73.  The appeal could be

3   decided prior to or after the oral argument date.  9th Cir. App. Lawyer Representatives

4   Guide to Practice in the Ninth Circuit at 12 (2015) ("Merits panels often elect to decide

5   appeals 'on the briefs' . . . even after they are placed on an argument calendar.").[2]  When

6   oral argument does go forward, decisions generally come down within a year afterwards,

7   but some cases remain pending longer.  *Id.*

8   **III.    The Trial Date And Pending Motions**

9       SolarCity has consistently sought a prompt trial.  This Court originally set a trial

10  for November of this year.  Dkt. No. 93 at 24:10-25:6, 34:12-35:19 (Rule 16(b) tr.).  Last

11  month, the Court deferred trial by a month in light of the expert and summary judgment

12  schedule.  Dkt. No. 164 at 18:22-20:2.

13      Shortly after SRP filed its renewed Motion, SolarCity lodged a motion for a

14  preliminary injunction.  As SolarCity explained, SolarCity is willing to proceed with the

15  scheduled trial date without seeking preliminary relief, but feels it must pursue

16  preliminary relief if an indefinite stay the trial to determine permanent relief is granted.

17  *Id.* at 1.  If the Court denies SRP's motion to stay, SolarCity will withdraw the motion

18  and proceed to trial and final relief.  *Id.*  SolarCity submits that, in the event of any stay, a

19  preliminary injunction is necessary to prevent further irreparable harm from SRP's

20  anticompetitive conduct while proceedings are indefinitely delayed.  Further, a stay of

21  additional pretrial work, including the upcoming date by which good-faith settlement

22  talks must have commenced and summary judgment, may serve only to prolong the case

23  further.[3]

24

25  _____

    [2] *Available at* http://cdn.ca9.uscourts.gov/datastore/uploads/guides/
    AppellatePracticeGuide.pdf

26  [3] Staying trial but not these and other pretrial matters would create les total delay, but it
27  also is likely to lead to less intensive settlement discussions since SRP has little incentive
    to reach a mutually acceptable conclusion for so long as it can continue its profit-
28  enhancing conduct.

1

**ARGUMENT**

2
**I.     There Is No Jurisdictional Issue**

3
    **A.     The Court Can Proceed Through Trial**

4
      This Court made the controlling rule for jurisdiction pending interlocutory appeal

5
the law of the case in its December order:

6
> "It 'is firmly established that an appeal from an interlocutory order does not

7
> divest the trial court of jurisdiction to continue with other phases of the case.'
> *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982)."

8
Dec. Order at 10.

9
      The permissible "other phases" include trial.  For example, in *Melendres v.*

10
*Arpaio*, the Ninth Circuit commended a court in this District for proceeding to trial

11
pending interlocutory appeal.  695 F.3d 990, 1002-03 (9th Cir. 2012).  One of the

12
appealed issues was constitutional standing on Fourth Amendment claims—a

13
jurisdictional predicate to those claims.  *Id.* at 997.  Review of the standing issue also

14
implicated merits issues including the nature and fact of harm, as well as the alleged

15
conduct at issue.  *Id.* at 998.   When it issued its decision, the Circuit "applaud[ed]" the

16
District Court for moving the case by holding the merits trial while appeal was pending.

17
*Id.* at 1002-03.[4]  *See also* 15A Wright & Miller § 3911 n.86 (West 2016) ("It has been

18
asserted, without supporting authority, that trial usually is stayed pending collateral order

19
appeals.  There is no intrinsic reason why this should be the case.").

20
      The Court generally cannot modify the appealed interlocutory *order* or *decision*.

21
15A Wright & Miller § 3911 (trial court barred from "directly reconsidering the order").

22
But it is free to address issues involving the same *subject matter* if they arise in a

23
different legal context in later phases of the case.  The *Plotkin* case quoted by the

24
December order illustrates this principle.  There, the Ninth Circuit held that the district

25

26
[4] *Melendres* involved review of a preliminary injunction, but there is no distinction
between that interlocutory review and interlocutory review under the collateral-order

27
doctrine. 5A Wright & Miller § 3911 n.86 (West 2016) ("It has been asserted, without
supporting authority, that trial usually is stayed pending collateral order appeals.  There is

28
no intrinsic reason why this should be the case.").

court *could* entertain a motion for summary judgment even though the district court's previous denial of a motion for a preliminary injunction was on interlocutory appeal. 688 F.2d at 1293. The "subject matter of the two motions in *Plotkin* was virtually identical," yet there was no jurisdictional bar to making a decision on the same subject matter pending interlocutory appeal of a different decision. *Rouser v. White*, 707 F. Supp. 2d 1055, 1063-64 (E.D. Cal. 2010). Thus, pending interlocutory appeals—including on qualified immunity—cannot bar a preliminary injunction. *Id.*; *Sycuan Band of Mission Indians v. Roache*, 788 F. Supp. 1498, 1509-1511 (S.D. Cal. 1992), *aff'd on other grounds,* 54 F.3d 535 (9th Cir. 1994).[5]

There is even jurisdiction to terminate the case by entering judgment against a party that has an interlocutory appeal pending. *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1411-12 (9th Cir. 1990) ("*Britton I*"). In *Britton I*, the defendant took an interlocutory appeal from a denied motion to compel arbitration. *Id.* at 1411. While that appeal was pending, the the district court entered judgment against him (specifically, a "default judgment" as a discovery sanction). *Id.* at 1409, 1411. The Ninth Circuit explained there was no jurisdictional issue with that judgment. *Id.* at 1411-12.[6] It stood as final and binding when later reviewed by a different panel in an ordinary appeal. *Britton*, 4 F.3d 742 (9th Cir. 1993) ("*Britton II*").

In sum, there is no jurisdictional bar and this Court remains free to move "the case along consistent with its view of the case" and reach decisions on the merits. *Britton I* at 1412.

---

[5] Some courts use the phrase "subject matter" to explain the limited withdrawal of jurisdiction, but they define "subject matter" to cover the particular legal context in which the appealed order arose. For example, the Seventh Circuit— in a decision from which SRP's motion block quotes, Motion at 3-4, explains: "Even assuming *Cohen* [collateral-order doctrine] finality and appealability so that the district court lost jurisdiction over the subject matter *of the particular order*, we conclude *it still would have had jurisdiction over the merits of the case*." *United States v. Bastanipour*, 697 F.2d 170, 173 (7th Cir. 1982) (emphases added).

[6] *Britton*'s reasoning on the issue proceeds from the same jurisdictional principles discussed above; nothing in it turns on the nature of a default judgment or discovery sanctions, nor does its jurisdictional reasoning rely on the arbitration context.

### B.   SRP Has No Sound Jurisdictional Argument

Most of the arguments SRP styles as "jurisdictional" have nothing to do with how or whether the notice of appeal stripped this Court of jurisdiction.  Instead, they are assertions and speculation about how appeal might affect the proceedings before this Court.  *See, e.g.*, Mtn. at 4 (asserting that "courts commonly stay" cases pending interlocutory appeal); *id.* at 6-7 (arguing about "practical considerations" and how various possible outcomes might "affect" briefing).   Those points do not fit into the discretionary stay analysis, so SRP incorrectly denominates them "jurisdictional."  SolarCity addresses these points in the next section.  This section addresses SRP's actual jurisdictional arguments.

*First*, SRP conflates a trial on the merits of the case with modifying the order SRP attempts to appeal under the collateral-order doctrine.  To maintain its appeal, SRP has already recognized that it must show that the issues it appeals are "completely separate from the merits" of this case.  *Will*, 546 U.S. at 349-50.  By SRP's own logic in filing an interlocutory appeal, trial on the merits can proceed while its "completely separate" appeal attempt moves forward.  *Cf. Johnson v. Jones*, 515 U.S. 304, 311 (1995) ("if the matter is truly collateral, [trial court] proceedings might continue while the appeal is pending."); *Ore & Chem. Corp. v. Stinnes Interoil, Inc.*, 611 F. Supp. 237, 240 (S.D.N.Y. 1985).

*Second*, SRP's discussion of how the "issues" on appeal might relate to trial on the merits frames the "issues" incorrectly.  The issues on appeal are whether SolarCity's complaint *should be dismissed as a matter of law* on the state-action doctrine, the Arizona statute, or the filed-rate doctrine.  The issue at trial is whether SolarCity can prove the facts needed to establish the antitrust and tort merits.  *Cf. Plotkin*, 688 F.2d at 1293 (summary judgment proper despite pending interlocutory appeal of preliminary injunction implicating the merits).[7]

---

[7] SRP's argument also proves too much.  By SRP's reasoning, this Court lacked jurisdiction for the December order because that order involved predicting the probability (footnote continued on next page)

*Third*, throughout its brief SRP tries to analogize to the type of "immunity" from the judicial process or trial that *sometimes* (not always) fulfill the requirements of the collateral-order doctrine and thereby permit an interlocutory appeal.  As already discussed in previous briefing, SRP is incorrect.  Dkt. No. 96 at 10, 13-14.  The occasional use of the word "immunity" to describe a defense is not enough.  The relevant type of immunity must be more than just "a claim of right to prevail without trial," *Will*, 546 U.S. at 351, and the law "requires" arguments for such rights to be viewed "with skepticism, if not a jaundiced eye."  *Swint v. Chambers County Comm'n*, 514 U.S. 35, 43 (1995).  SRP violates the collateral-order doctrine by mistaking the state-action doctrine for a right not to be tried—and misapplies every other collateral-order requirement.  *S.C. State*, 455 F.3d 436.

But even accepting *arguendo* SRP's collateral-order doctrine approach would not change the jurisdictional result *for this Court* pending the appeal.  Even actual immunities from the judicial process—including Eleventh Amendment immunity and qualified immunity—would not stop the upcoming trial because they apply only to damages claims.  *Green v. Mansour*, 474 U.S. 64, 69 (1985) ("the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law" but it bars "an award of money damages for past violations of federal law"); *Hydrick v. Hunter*, 669 F.3d 937, 939-40 (9th Cir. 2012) ("Qualified immunity is only an immunity from a suit for money damages, and does not provide immunity from a suit seeking declaratory or injunctive relief."); *see also American Fire, Theft & Collision Managers, Inc. v. Gillespie* 932 F.2d 816, 818 (9th Cir. 1991) (qualified immunity; "it is unlikely that the possibility of injunctions will deter officials from the decisive exercise of their duties"; "The concern about the burdens and risks of litigation is therefore much diminished in actions involving only equitable relief").

---

of success on the appeal.  *See* Dec. Order.  SRP's present motion would also be improper because it asks the Court to do it again.  That is nonsensical, because the law governing stays pending appeal requires this Court to make the prediction.  *Id.* at 11.

1    As a result, SRP's argument amounts to the absurd position that the disfavored

2    state-action doctrine can prevent a trial that even the Constitution would not stop if the

3    State itself were the defendant.  *See also* 9th Cir. Dkt.15-17302, No. 60 at 21-25 (DOJ

4    explaining that "SRP does not assert sovereign immunity" but an antitrust defense no

5    different than what "any private party might" claim).

6    SRP also tries to analogize to the qualified immunity context, which in some

7    circuits, including this one, uses a unique procedure for a trial court to conclude that the

8    argument for appellate jurisdiction is "frivolous" before proceeding with the case.  Mtn.

9    3-4 & n.2.  The procedure is "jurisdictional" only in the sense that it manages the "dual

10   jurisdiction" of the trial and appellate courts caused by interlocutory appeals.  *See*

11   *Behrens v. Pelletier*, 516 U.S. 299, 310 (1996) (frivolousness determination is a

12   "summary procedure[]" to "weed out" cases); *Rivera-Torres v. Ortiz Velez*, 341 F.3d 86,

13   94 (1st Cir. 2002); *see also Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)

14   (frivolousness procedure manages the "dual jurisdiction" of the trial and appellate courts

15   when there is an interlocutory appeal).  Thus, even appeal on a colorable qualified-

16   immunity claim cannot divest the trial court's *jurisdiction* to make rulings and proceed

17   with other phases of the case.  15A Wright & Miller § 3911 ("Even [with double

18   jeopardy and official immunity claims] it is settled that appeal on a merely colorable

19   claim does not oust the jurisdiction of the trial court.").

20   There is no reason to extend the frivolousness procedure beyond its existing

21   confines, even if SRP were right (which it is not) that a disfavored antitrust rule of

22   statutory interpretation could be analogous to qualified immunity.  Qualified immunity's

23   appellate doctrines are a "clear departure from ordinary concepts" of jurisdiction and

24   finality.  15A Wright & Miller § 3914.10.  The frivolousness procedure offsets some of

25   the ill effects of permitting qualified-immunity appeals to disrupt trial court

26   proceedings—including by hindering doctrinal development, burdening the courts, and

27   delaying justice.  *See Kwai Fun Wong v. U.S.*, 373 F.3d 952, 956-57 (9th Cir. 2004);

28   *Behrens*, 516 U.S. at 310.  The frivolousness procedure is thus an aberration necessitated

by another aberration.  It cannot be justified outside the context of well established, traditional immunities from suit.  *See* 15A Wright & Miller § 3914.10.  This case is far outside that context.[8]

## C.   SRP Misstates How The Appeal Might Affect Proceedings Here

The remaining arguments in SRP's "jurisdiction" section revolve around how the appeal might interact with summary judgment or trial.  Mtn. at 5-7.  They all proceed from one of two false premises:  Either SRP might win on appeal and trial will not be necessary, or the Ninth Circuit opinion could materially affect trial presentations.

Assessing the possibility that SRP might win is part of the discretionary stay analysis.  Dec. Order at 11.  It is not jurisdictional.  It is SRP's burden to make a "strong showing" that it is likely to win.  *Id.*  SRP could not carry that burden in December when this Court explained why SRP is unlikely to win on the state action doctrine.  *Id.*  For the same reason, it cannot carry it now.

SRP argues that SolarCity could not get final injunctive relief if SRP meets its burden to establish the defenses it attempts to appeal.  That is unequivocally false for two of the three defenses SRP appeals, because they do not concern injunctive relief.  Dec. Order at 6 (Arizona statute); *Square D.*, 476 U.S. at 418 n.22 (filed-rate doctrine).[9]  But even if SRP were right, it is no reason not to proceed through summary judgment and

---

[8] SRP says that a "jurisdictional" position SolarCity took in opposition to SRP's December Motion is "untenable" now.  Mtn. at 5.  It does so only by mischaracterizing SolarCity's previous argument.  The supposed position comes from the summary of one argument in the first page of SolarCity's December stay opposition:  "the *type* of immunity SRP *incorrectly* invokes *may* prevent a *trial*, but it does not" interfere with pretrial matters.  Dkt. No. 96 at 1 (first three emphases added).  SolarCity's position is the same today.  In December the issue was whether to halt all pretrial proceedings, so that argument went:  Assuming, *arguendo*, that SRP were right about the type of immunity, there still could be no jurisdictional issue with pretrial matters.  *Id.* at 8-9.  The "type" was the type that uses the "frivolousness" procedure discussed above—a point that SolarCity made in a December footnote.  *Id.* at n.1. Now trial is nearer, so SolarCity elaborates the same doctrinal issues.

[9] Federal and state antitrust damages are not available unless and until SolarCity appeals from final judgment. Dkt. No. 27:7-8.  SolarCity has repeatedly said in this Court and in the Circuit Court that it will not seek damages on the tort claims.  SolarCity wants a swift trial focusing first and foremost on injunctive relief that will benefit everyone in the market, from consumers to competitors.  SRP's Motion accordingly incorrectly imagines there is a way SRP could have a right to a jury trial before final judgment.  Motion at n.7.

1   trial on the merits.  If the Ninth Circuit still has not decided the appeal by the time post-

2   trial motions are resolved and it is time to enter final judgment, the Court could still grant

3   preliminary injunctive relief based on the same trial record.[10]

4        SRP next suggests various ways that a decision on the state-action doctrine might

5   affect this particular case's later phases as a purported "jurisdictional" matter.  But any

6   jurisdictional issues presented by interlocutory appeals "cannot depend on the facts of a

7   particular case," and must instead draw lines on a *"categorical"* basis or as to a "class" of

8   decisions.  *Carroll v. United States*, 354 U.S. 394, 405 (1954) (first two quotes; emphasis

9   added); *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109 (2009) ("class" of orders);

10  *United States v. Guerrero*, 693 F.3d 990, 996-97 (9th Cir. 2012) ("type" of orders).  This

11  requirement ensures certainty; the actual rules about "jurisdiction" pending interlocutory

12  appeal do not leave doubt.

13       SRP's decision to call these arguments jurisdictional is therefore inexplicable

14  unless SRP is trying to avoid having them evaluated under the discretionary stay

15  standard, which requires it to make a "strong showings," as the next section explains.

16       For its part, SRP's Motion does not explain how the state-action doctrine might

17  "fundamentally affect[]" its case on the merits.  Mtn. at 7.  No matter the decision, SRP

18  will undoubtedly continue to make assertions about its nature and status, which implicate

19  not just SRP's "government entity"-related defenses, but to affirmative merits issues of

20  anticompetitive incentives, exclusionary intent, and exclusionary effects.  PI Motion at 9-

21  11, 19.  No matter what the state-action reasoning, SolarCity's trial presentation will

22  include the same facts, which will demonstrate the Supreme Court was right when it

23  explained that SRP is "a business enterprise," *Ball v. James*, 451 U.S. 355, 370 (1981);

24  that SRP seeks its self-interest and serves "private lands for personal profit," *Local 266,*

25  _____

     [10] There is no question that preliminary injunctions can issue pending interlocutory
26  appeal.  *E.g.*, *Rouser*, 707 F. Supp. 2d at 1063; *Sycuan Band*, 788 F. Supp. at 1509-1515.
     A preliminary injunction analysis simply assesses the likelihood of success on the
27  merits—which is not a decision on the merits, *Univ. of Texas v. Camenisch*, 451 U.S.
     390, 395 (1981), and cannot be distinguished from assessments about the likelihood of
28  success on appeal on a motion to stay pending appeal.  *Supra* n.7.

*Int'l Bd. of Elec. Workers v. Salt River Project Agr. Imp. & Pwr. Dist.*, 78 Ariz. 30, 44 (1954); and that it is not actively supervised by the State—indeed, that it acts in a manner contrary to any State oversight.  PI Motion at 9-11. For instance, both sides' economic experts discuss SRP's nature and status at length.  *E.g.,* Dkt. Nos. 153-33, 153-35.

To the extent SRP's complaint is that it will have to go to trial (*see* Motion at 4), that is no different than any other District Court proceeding.  A plaintiff might lose at trial.  A decision might get overturned.  There is nothing remarkable (or jurisdictional) about that.  The Ninth Circuit has commended the decision to proceed to trial pending interlocutory appeal.  *Melendres*, 695 F.3d at 1002-03.  That is the right course here.

## II.    This Court Should Not Exercise Its Discretion To Grant A Stay

SRP's real argument is, just as it was in December, that this Court should exercise its discretion to grant a stay pending appeal.  This Court's December order explained the legal standard:

> "'A stay is not a matter of right, even if irreparable injury might otherwise result.' *Nken v. Holder*, 556 U.S. 418, 433 (2009).  Whether to impose a stay is an exercise of judicial discretion guided by four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other [parties]; and (4) where the public interest lies.' *Id.* at 434."

Dec. Order at 11.  The first two factors are the "most critical."  *Nken*, 556 U.S. at 433-34.

SRP cannot satisfy those elements.  Only one thing has changed since last December:  SRP's own internal documents and admissions now confirm the meritorious nature of SolarCity's claims that SRP has (and admits that it has) monopoly power; that rooftop solar providers posed a competitive threat to that power; that SRP acted with exclusionary and discriminatory intent to eliminate that threat; that SRP's conduct has had extreme, unjustifiably exclusionary effects; that consumers and competition are being irreparably harmed every additional day that passes; and that expeditious resolution of this case will serve the public interest.  PI Motion at 23-25.

SRP still cannot make the "most critical" requisite "strong showing" that it is

likely to succeed on the merits of its appeal. *Nken*, 556 U.S. at 434.[11]   Indeed, since last December the DOJ has weighed in to support SolarCity and endorse this Court's state-action analysis in the December order.   SRP relies on the Appellate Commissioner's procedural decision to refer the jurisdictional issue to the merits panel, but as discussed above, nothing can be inferred from that.

SRP also still cannot establish the other "most critical" factor of irreparable harm. *Nken*, 556 U.S. at 434.   SRP asserts that facing trial will cause it irreparable harm.   Trial is not irreparable harm.   SRP and other would-be claimants of the state-action doctrine are "in much the same position as a defendant arguing that his conduct falls outside the scope of a criminal statute."   *S.C. State*, 455 F.3d at 445.

Conversely, the issuance of the stay will substantially harm SolarCity, competition, and consumers.   SolarCity's CEO has explained the ongoing harm.   Dkt. No. 157-44 (Rive).   Other rooftop installers have done so too.   Dkt. Nos. 158-41 (Murphy, a small local installer) & 158-27 (Fenster, chairman of another of the nation's largest residential solar installers).   So have consumers.   PI Motion at 18 & n.14, 25. According to publicly available data and SRP's own admissions, SRP's conduct halted about 95% of solar installations in its service area.   PI Motion at 17.   SRP tries to suggest otherwise by citing double hearsay in an articles with self-serving quotes from SRP and investor-owned utilities.   Mtn. at 11.[12]   But one of those articles does contain a true and relevant fact:   There were 348 rooftop solar installations in SRP territory in the *entire 18 months* SRP has engaged in the challenged conduct—less than the 600 *per month* that were occurring before.   Dkt. No. 169, Ex. B at 3.

---

[11] SRP disregards the Supreme Court and the law of this case by inventing the standard that it need only raise "serious questions" to get a stay.   Mtn. at 8.   SRP cites cases that explain the minimum showing to obtain a preliminary injunction—*i.e.*, the minimum that SolarCity needs to show to stop SRP's conduct in advance of trial.   *Id.* (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011)).   Delaying justice shifts the burden to SRP, and ratchets it up to a "strong showing" that SRP is likely to succeed. *Nken*, 556 U.S. at 434; Dec. Order at 11.

[12] We object on hearsay grounds.

1    SRP also suggests that SolarCity's mitigation of damagesby moving employees

2    and resources out of the Phoenix area somehow means SolarCity "voluntarily" inflicted

3    the harm on itself.  For this point, SRP selectively quotes another press article,

4    disregarding the actual testimony and ignoring that another large national installer that

5    continued selling residential systems in SRP's service area has explained that it has sold

6    only *three* systems under SRP's new regime.  Given that SRP's conduct dramatically

7    reduced rooftop solar installations across *all* providers, with those struggling to remain

8    afloat doing so by making sales to the small fringe of customers still willing to go solar

9    despite (or not understanding).[13]  SRP's argument is just as factually meritless as it is

10   legally incorrect.[14]

11        Finally, SRP gets the public interest backwards.  The public interest lies in the

12   competition this case seeks to reinstate.  *Zenith Radio Corp. v. Hazeltine Research*, 395

13   U.S. 100, 130-31 (1969) (private antitrust suits such as this one have the "high purpose"

14   of protecting competition and consumers); *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232

15   F.3d 979, 988 (9th Cir. 2000) (antitrust laws serve a "vital" public interest).  Arizona law

16   is clear that the public's interest lies in holding even putative government actors to

17   account.  *Backus v. State*, 220 Ariz. 101, 104 (2009) (Arizona has an "overarching policy

18   of holding a public entity responsible for its conduct").

19   **III.    Alternatively, SRP's Proposed Procedure Is Inappropriate**

20        SolarCity has filed a motion for a preliminary injunction that seeks the minimum

21   necessary to protect the public interest if SRP is permitted to continue its illegal conduct

22   while it uses a notice of appeal to delay trial for an indefinite period.  If this Court does

23   not deny the stay outright, then this motion to stay should be heard in conjunction with

---

24   [13] *E.g.*, Dkt. Nos. 160-8 at ¶ 3, 160-12 at ¶ 3, 160-13 at ¶ 3, 160-14 at ¶¶ 2-3, 160-5 at ¶ 3
25   (SRP customer declarations);  Dkt. Nos. 159-86, 159-82, 159-90, 159-91 (SRP business
     documents reporting customer experiences); *see also* PI Motion at 18 & n.14.

26   [14] *See, e.g.*, *Fishman v. Estate of Wirtz*, 807 F.2d 520, 558 (7th Cir. 1986) (an antitrust
     "plaintiff has a duty to mitigate damages" and "should not be required to take undue
27   risks"); *see also In re Airline Ticket Comm'n Antitrust Litig.*, 918 F. Supp. 283, 287 (D.
     Minn. 1996) ("Defendants, however, may not establish an absence of antitrust injury
28   simply by showing plaintiffs secured alternative revenue sources.").

1   the preliminary injunction motion.

2         SRP protests that the preliminary injunction motion is complicated, but it is not.

3   Discovery has revealed that the theoretical arguments and formalistic doctrinal

4   distractions SRP briefed on its motion to dismiss cannot overcome its own damning

5   documents.  The motion rests principally on the admissions of SRP and its own expert.

6   SolarCity's likelihood of success is plain from that evidence alone.

7         SRP's proposed order is designed to provide maximum delay.  It seeks to defer

8   any further proceedings until the mandate issues.  That leaves SRP time to petition for

9   rehearing, then rehearing *en banc*, and maybe even *certiorari,* Fed. R. App. Proc. 41,

10  none of which have any hope of success on an interlocutory appeal of a Rule 12(b)(6)

11  ruling, but would let SRP enjoy further delay.  SRP's request reinforces what has always

12  been its plan to defend this case—delay at every turn rather than defense on the merits.

13                                    **CONCLUSION**

14        For the foregoing reasons, the schedule in this case should stand.  Defendant's

15  motion to stay should be denied.

16  Dated:  July 28, 2016                    Respectfully submitted,

17                                           BOIES, SCHILLER & FLEXNER LLP

18                                           By:  s/Steven C. Holtzman

19                                                Steven C. Holtzman

20                                           *Attorneys for Plaintiff SolarCity Corporation*

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2

I hereby certify that on July 28, 2016, I electronically transmitted the attached

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4

Notice of Electronic Filing to the following CM/ECF registrants:

5

WILMER CUTLER PICKERING HALE & DORR LLP

6

Molly S. Boast (*admitted pro hac vice*)
7 World Trade Center

7

250 Greenwich Street
New York, NY 10007

8

molly.boast@wilmerhale.com

9

Christopher E. Babbitt (*admitted pro hac vice*)

10

1875 Pennsylvania Ave. NW
Washington, DC 20006

11

christopher.babbitt@wilmerhale.com

12

Christopher T. Casamassina (*admitted pro hac vice*)

13

350 South Grand Ave.
Los Angeles, CA 90071

14

chris.casamassina@wilmerhale.com

15

STEPTOE & JOHNSON LLP

16

Paul K. Charlton (012449)

17

Karl M. Tilleman (013435)
201 East Washington Street, Suite 1600

18

Phoenix, Arizona 85004-2382
pcharlton@steptoe.com

19

ktilleman@steptoe.com

20

21

22

s/Steven C. Holtzman

23

Steven C. Holtzman

24

25

26

27

28

CERTIFICATE OF SERVICE