COPPERSMITH BROCKELMAN PLC
KEITH BEAUCHAMP (#012434)
ROOPALI H. DESAI (#024295)
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 381-5490
kbeauchamp@cblawyers.com
rdesai@cblawyers.com

BOIES, SCHILLER & FLEXNER LLP
WILLIAM A. ISAACSON *(admitted pro hac vice)*
KAREN L. DUNN *(admitted pro hac vice)*
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
wisaacson@bsfllp.com
kdunn@bsfllp.com

STEVEN C. HOLTZMAN *(admitted pro hac vice)*
SEAN P. RODRIGUEZ *(admitted pro hac vice)*
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
sholtzman@bsfllp.com
jcove@bsfllp.com
srodriguez@bsfllp.com

SHEARMAN & STERLING LLP
JOHN F. COVE, JR. (*admitted pro hac vice*)
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 616-1139
john.cove@shearman.com

*Attorneys for Plaintiff SolarCity Corporation*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SolarCity Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Salt River Project Agricultural Improvement and Power District,<br><br>    Defendant. | No. 2:15-CV-00374-DLR<br><br>**PLAINTIFF SOLARCITY CORPORATION'S COMBINED REPLY ON PAGE LIMITS AND RESPONSE TO SRP'S MOTION FOR A BRIEFING SCHEDULE** |

**INTRODUCTION AND SUMMARY**

Plaintiff SolarCity Corporation ("SolarCity") asked for 9 extra pages for its preliminary injunction motion ("PI Motion").[1] Defendant Salt River Project Agricultural Improvement & Power District ("SRP") responded with a 15-page brief. Dkt. No 167 ("Opp." or "Opposition"). Though styled an objection to additional pages and a request for a briefing schedule, the Opposition contains a single sentence of argument on page limits. Opp. at 12:14-16. The rest is almost entirely devoted to opposing the underlying PI Motion with a variety of fact assertions and legal arguments—everything from jurisdiction to the substantive merits to ill-defined evidentiary objections. Given it takes SRP so many words to address a page-limit extension, SRP's Opposition on its face demonstrates why an opening brief of more than 17 pages is reasonable.

SRP's Opposition also includes two alternative motions.

*First*, SRP proposes the same principle that SolarCity offered SRP more than a week before lodging the PI Motion: Identical page limits for the opening brief and opposition. SolarCity continues to agree to that.

*Second*, SRP moves to delay PI Motion briefing. SolarCity respectfully requests that the Court follow an ordinary briefing schedule on the PI Motion and coordinate it with consideration of SRP's motion to stay. SRP's lengthy engagement on the merits of the PI Motion in the present Opposition makes plain that SRP can properly brief the PI Motion in the usual course.

SolarCity's present filing first responds to SRP's Opposition and alternative motions. It then briefly addresses the incorrect and irrelevant arguments and assertions that litter SRP's submission.

\*       \*       \*

---

[1] SolarCity's motion to exceed the page limit was filed at Docket Number 151. SolarCity's PI Motion was lodged at Docket Number 154.

**ARGUMENT**

A procedural motion for a page-limit extension is not the vehicle for merits arguments, and it is an incomplete record on which to make any decision about the underlying motion. *Cf. Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727–28 (7th Cir. 2006) (Easterbrook, J.) (a "motion to strike" that is argument for the lack of merit of the underlying motion is unauthorized and improper), *as cited with approval in Temple v. Hartford Ins. Co. of Midwest*, 40 F. Supp. 3d 1156, 1159–60 (D. Ariz. 2014) (discussing this District's policy in favor of unitary briefing). SolarCity respectfully submits that it is appropriate to strike SRP's improper Opposition.

**I.     SRP's "Page Limits" Arguments Improperly Go To The Merits Of The Underlying Lodged Motion**

The page-limit issue is straightforward. SolarCity asks for 9 extra pages of briefing on the PI Motion—a total of 26 pages. Dkt. No. 151. SRP offers no reason why 26 pages is unreasonable. It could not; SRP took 30 pages for its motion to dismiss. Dkt. No. 53. SolarCity exercised discipline and condensed the relevant law and much of the key evidence into fewer pages for the PI Motion.

Prior to filing the PI Motion, SolarCity sought to meet and confer with SRP regarding the length of briefs on the motion. SRP declined to engage. Dkt. No. 151-3 (Ex. A). As a result, SolarCity moved for 9 extra pages of briefing on the PI Motion. Dkt. No. 151. The 26-page PI Motion necessarily addresses the governing procedural and substantive law, each substantive element of the relevant antitrust claim, and each prerequisite for preliminary relief. The PI Motion's length is reasonable, especially in a case that involves ongoing harm to approximately a million consumers and the economy.

**II.    SolarCity Already Agreed To The Relief SRP Proposes In Its Alternative Motion For Its Own Page-Limit Extension**

SRP alternatively requests the same number of pages for its opposition as SolarCity's motion. Opp. at 12. No dispute there; SolarCity invited SRP to agree to that principle more than a week before filing the PI Motion. Dkt. No. 151-3 at 5 (Ex. A).

### III. SRP Provides No Reason To Change The Ordinary Briefing Schedule

SRP also wants to delay briefing on the PI Motion so it can continue to forestall its day of reckoning. Opp. at 11. SolarCity opposes that request.

SolarCity filed the preliminary injunction motion as an alternative to indefinite delay of trial if the Court does not reject SRP's stay. PI Motion at 1. Accordingly, SolarCity seeks only to ensure its motion can be heard promptly in the event that the Court defers or considers deferring trial significantly beyond the currently set December date. SolarCity therefore requests that PI Motion briefing promptly commence and conclude so that it can be coordinated with decision on the motion to stay. *Cf.* Federal Judicial Center, Manual for Complex Litigation § 15.12 (4th ed. 2004) ("it may be appropriate" to take a flexible approach to the sequence of proceedings when an interlocutory appeal interrupts proceedings).

Indeed, the fact that SRP's Opposition already embarks on factual, evidentiary, and substantive legal opposition to the PI Motion suggests that SRP overstates any incremental burden in briefing the PI Motion. The simple fact is, discovery shows this case is far more straightforward than SRP's motion to dismiss briefing tried to make it.

### IV. SRP's Remaining Improper Arguments Are Also Wrong

SRP's Opposition is almost entirely devoted to issues having nothing to do with page limits or scheduling. As requested above, SRP's improper arguments on those issues should be stricken; SRP can copy and paste them into a merits opposition to the PI Motion. The balance of this brief responds to them in the event they are not stricken.

*First*, SRP tries to deny SolarCity even the opportunity to file its PI Motion by arguing there is a jurisdictional problem. Opp. at 1–2. Not so: Even accepting SRP's demonstrably false view of jurisdiction, a preliminary injunction motion can always be heard pending interlocutory appeal—even on actual immunities from aspects of the judicial process, such as when an interlocutory appeal on qualified immunity is pending. *E.g.*, *Rouser v. White*, 707 F. Supp. 2d 1055, 1063–64 (E.D. Cal. 2010) (preliminary injunction properly heard while defendant had pending interlocutory appeal on qualified

immunity); *Sycuan Band of Mission Indians v. Roache*, 788 F. Supp. 1498, 1509–11 (S.D. Cal. 1992) (same), *aff'd on other grounds,* 54 F.3d 535 (9th Cir. 1994).

The reasoning is simple and follows from the body of law on interlocutory appeals that that the parties have already briefed.[2] In sum, there can be no jurisdictional bar even under SRP's view of jurisdiction pending appeal because a preliminary injunction requires no more than *non-binding predictions* about the likelihood of success on the merits. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (no requirement to prove the "case in full at a preliminary-injunction hearing, and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits") (citations omitted); *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291 (9th Cir. 1982) (summary judgment proceedings appropriate while preliminary injunction is on interlocutory appeal), *as discussed in Rouser*, 707 F. Supp. 2d at 1063–64; *see also Melendres v. Arpaio*, 695 F.3d 990, 1002–03 (9th Cir. 2012) (trial on the merits appropriate and efficient even while standing to pursue Fourth Amendment claim was on interlocutory appeal).[3] Were the law otherwise, a defendant could notice an appeal and then inflict irreparable harm with impunity. That has never been the rule; it could not be.

*Second*, SRP argues about the PI Motion's timing. Opp. at 1, 7. SRP wants to prevent filing of the PI Motion on an invented one-size-fits-all rule. But it is indisputable that there is no time limit on a motion for a preliminary injunction, and "courts are 'loath to withhold relief solely on that ground.'" *Arc of Cal. v. Douglas*, 757 F.3d 975, 990 (9th Cir. 2014) (quoting *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1214 (9th Cir. 1984)); *accord Jacobson v. Cox Paving Co.*, 1991 WL 328445, at *21–22 (D. Ariz. May 16, 1991) (collecting "cases issuing preliminary injunctions from 3½ to 8 years after

---

[2] Dkt. Nos. 96 (SolarCity's opposition to SRP's first stay motion) & 173 (SolarCity's opposition to SRP's second stay motion).

[3] Another illustration of the same principle: SRP's putative appeal is about certain of its defenses, and this Court assessed the strength of SRP's arguments on those defenses when it analyzed whether there were "substantial grounds for disagreement" about the issues SRP tries to appeal—just as it was *required* to do under the law governing stays pending appeal. Dkt. No. 102 at 2–9. There was plainly jurisdiction to make that decision, and there is no distinction between it and the preliminary injunction decision.

defendant commenced infringement" and holding that plaintiff's delay in filing suit due to, among other things, a pending formal patent reexamination did not preclude finding of irreparable harm), *aff'd* 949 F.2d 404 (Fed. Cir. 1991); *see also Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 903 (7th Cir. 2001) (delay in filing for injunctive relief does not defeat irreparable harm unless the defendant has been "lulled into a false sense of security or had acted in reliance on the plaintiff's delay") (citation omitted); *Lisa Frank, Inc. v. Impact Int'l, Inc.*, 799 F. Supp. 980, 1001 (D. Ariz. 1992) (even excuses such as being busy with the litigation suffice). Timing is just one factor that may be considered on the PI Motion's merits, and that is where it should be addressed. *See Arc of Cal.*, 757 at 990 ("Usually, delay is but a single factor to consider in evaluating irreparable injury.").

*Third*, SRP mischaracterizes the facts and evidence presented with the PI Motion, and adds false assertions and irrelevant "background." Opp. at 2–7. If SRP thinks it can challenge the facts in the PI Motion—which are drawn mostly from SRP's own admissions and documents—or the PI Motion's relevant legal conclusions, then SRP can do so in briefing on the PI Motion. These arguments have no place here.[4]

Relatedly, SRP apparently challenges the evidentiary form and admissibility of some of the materials cited in the PI Motion. *E.g.*, Opp. at 2, 7. SolarCity welcomes the Court's examination of the evidence cited in support of the PI Motion, but the time for

---

[4] Indeed, because many of the legal arguments are insinuated or incompletely expressed in SRP's disjointed brief, considering them carries a high risk of error. They illustrate why it is dangerous to make substantive decisions on procedural motions. To take one example, SRP adverts to supposed "administrative remedies in state court." Opp. at 1. The procedures it obliquely references do not apply, and they were already addressed. Dkt. No. 77 at 21–22 n.5 ("The Court will not dismiss the claims on this basis."); Dkt. No. 58 at 19–20 (explaining additional reasons why the procedures do not apply). Even if the statutes could apply, no state tribunal has the power to hear federal antitrust claims, which are *exclusively* within the federal courts' jurisdiction. *Marrese v. Am. Acad. of Orthopedic Surgeons*, 470 U.S. 373, 379–80 (1985) ("federal antitrust claims are within the exclusive jurisdiction of the federal courts"). Nor can any state statute or procedure burden a plaintiff's right to pursue federal claims in federal court. *Felder v. Casey*, 487 U.S. 131, 152 (1988). There is an abstention doctrine that could have handled any legitimate concern, but it would not have stopped SolarCity's antitrust claims—it would have only *delayed* having them heard—and SRP never raised it because SRP cannot meet the doctrine's requirements. *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1243 (10th Cir. 2007); *Davel Commc'ns., Inc. v. Qwest Corp.*, 460 F.3d 1075, 1091 (9th Cir. 2006).

that is in proceedings on the actual motion, not now. Regardless, whenever the Court reaches SRP's evidentiary objections, they should be overruled: A preliminary injunction is necessarily *pre-trial*, and thus there is no requirement that all testimony be in the form of admissible evidence. *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). But, in fact, the vast majority of evidence lodged with the PI Motion will be admissible at trial in the form submitted.

SRP's only discernable evidentiary objection concerns expert reports cited in the PI Motion. Opp. at 12 n.6. The reports are offered to show the opinions that will be offered at trial, including concessions by SRP's own experts, and to provide a Rule 1006 summary. PI Motion at 9, 21 (concessions), 10 n.4 (FRE 1006), & 10, 14–15, 17, 20–22, 24 (opinions that will become evidence when offered in trial testimony; in most instances these opinion citations *accompany SRP's own documents* which prove the same point).

Considering the reports would therefore be proper even at summary judgment, which *does* require "admissible evidence," but not in the formalistic manner SRP imagines: "admissible evidence" at summary judgment does "not focus on the admissibility of the evidence's form," but "on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *see also Marceau v. Int'l Bhd. of Elec. Workers*, 618 F. Supp. 2d 1127, 1142–44 (D. Ariz. 2009) (considering expert reports at summary judgment).

SRP also complains that SolarCity offered declarations from customer witnesses whom SRP says had not been disclosed prior to the fact discovery cut-off, and whom SRP now would like to depose. SRP ignores that it refused to identify customers who were discussed in SRP internal documents or who made complaints to SRP about the conduct at issue. In a joint motion with SRP, filed with this Court on April 25, 2016, SolarCity memorialized

> that the District's redactions have limited SolarCity's efforts to analyze and link data sets produced by the District, **as well as to assess potential third-party witnesses.** Because the parties' agreement still permits the District to withhold numerous customer names, SolarCity's efforts may continue to be impeded.

Dkt. No. 127 at 3 (emphasis added). The Court entered a stipulated order to eliminate SRP's meritless concerns about customer names. Dkt. No. 130.

Yet well after the close of discovery SRP was still producing new documents about those customer witnesses. It was still improperly redacting their names. Rodriguez Decl. ¶¶ 6-8 & Ex. 2.

SRP apparently also forgets that *SolarCity* repeatedly proposed that each party have the right to depose witnesses whom the other intended to call at trial but who had not been deposed during fact discovery, and specifically stated that SolarCity was likely to call customers it could not specifically identify prior to the fact discovery cutoff given SRP's refusal to provide customer-specific information. Holtzman Decl. ¶¶ 3-6; Rodriguez Decl. ¶¶ 3-5 & Ex. 1. SRP declined. Holtzman ¶¶ 3-6 & Rodriguez Decl. ¶ 5. SRP now wants to keep the truth about its customers out of the record.

These are not even all the reasons the declarations are appropriately considered.[5] But they illustrate that SRP's buyer's response is a problem of its own making.

*Fourth*, SRP misstates the irreparable harm requirement and mischaracterizes SolarCity's decision to mitigate damages by shifting people and resources out of SRP's service area after SRP excluded competition by making it economically untenable to continue to offer rooftop solar to any but the most dedicated fringe of potential solar customers. Opp. at 8–9. The actual standard is explained in the PI Motion. The actual evidence is there too: SRP decimated solar installations (just as it intended and knew it would). Even large national firms that continue to offer systems in SRP's service area do virtually zero business (one declarant, chairman of one of the nation's largest residential solar companies, Sunrun, explains that Sunrun has sold three systems in the year-and-a-

---

[5] For instance, two of the declarations come from customers who provided SRP declarations that SRP served the day discovery closed. Rodriguez Dec. ¶ 9-12. SRP obtained from those two customers narrow and misleading declarations about their solar experience. When SolarCity contacted the customers, they readily explained their full situation and experience—undermining SRP's positions and demonstrating why the declarations SRP obtained are misleading. *E.g.*, Dkt. No. 160-53. Those declarations are proper, both to provide context for the misleading declarations SRP served on the last day of discovery and as impeachment evidence.

half since SRP's anticompetitive conduct);[6] ethical small installers in SRP's service area have likewise been forced out;[7] and that those few consumers who have installed systems subject to SRP's anticompetitive rate structures have quickly learned the harsh truth.[8] PI Motion at 14–19 & n.1.

*Fourth*, SRP says a preliminary injunction and a stay are incompatible, arguing that since the two standards have some similar factors, a decision to grant a stay should moot the PI Motion. Opp. 9–10. Not so. As an initial matter, both standards use factors to guide discretion; it is impossible for two discretionary decisions to be mutually exclusive—especially when they have different factors, considerations, and standards. *Compare Nken v. Holder*, 556 U.S. 418, 426 (2009) (stay pending interlocutory appeal), *with Weinberger v. Romero-Barcelo*, 456 U.S. 305, 314 (1984) (preliminary injunction). This is particularly true where, as here, the nature of what each party must show it has a substantial likelihood of success of establishing is different.

Moreover, SRP has a greater burden to meet its needed factual showing than SolarCity does. To get a stay it is SRP's burden to make a *"strong showing"* that it is "likely to succeed on the merits." *Nken*, 556 U.S. at 426. But for SolarCity's PI Motion, SolarCity need only raise "serious questions." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

Finally, the strength of the plaintiff's showing on each of the preliminary injunction factors can vary; so long as the plaintiff makes a sufficient showing on each factor, a relatively stronger showing on some factors can offset a relatively weaker showing on others. *Id.* at 1133–35; *Mellen Inc. v. Biltmore Loan & Jewelry*, 2016 WL 3144165, at *2 (June 6, 2016) (Rayes, J.). Thus, the dissimilar factors alone can readily accommodate different results.

---

[6] Dkt. No. 158-27 (Ex. Fenster)
[7] Dkt. Ns. 158-41 (Ex. Murphy, a declaration from a small local installer).
[8] *E.g.*, Dkt. Nos. 160-8 at ¶ 3, 160-12 at ¶ 3, 160-13 at ¶ 3, 160-14 at ¶¶ 2-3, 160-5 at ¶ 3 (SRP customer declarations); Dkt. Nos. 159-86, 159-82, 159-90, 159-91 (SRP business documents reporting customer experiences); *see also* PI Motion at 18 & n.14.

## CONCLUSION

For the foregoing reasons, SolarCity's request for leave to file its 26-page PI Motion should granted, and this Court should establish a schedule on the PI Motion that permits it to be heard in tandem with SRP's motion to stay, if that motion is not denied outright. SRP's other arguments should be stricken or disregarded.

Dated: July 29, 2016               Respectfully submitted,

                                          BOIES, SCHILLER & FLEXNER LLP

                                          By:   s/Steven C. Holtzman
                                                  Steven C. Holtzman

                                          *Attorneys for Plaintiff SolarCity Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2016, I electronically transmitted the attached document, together with the materials attached to and electronically lodged with it, to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

WILMER CUTLER PICKERING HALE & DORR LLP
Molly S. Boast *(admitted pro hac vice)*
7 World Trade Center
250 Greenwich Street
New York, NY 10007
molly.boast@wilmerhale.com

Christopher E. Babbitt *(admitted pro hac vice)*
1875 Pennsylvania Ave. NW
Washington, DC 20006
christopher.babbitt@wilmerhale.com

Christopher T. Casamassina (*admitted pro hac vice*)
350 South Grand Ave.
Los Angeles, CA 90071
chris.casamassina@wilmerhale.com

STEPTOE & JOHNSON LLP
Paul K. Charlton (012449)
Karl M. Tilleman (013435)
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
pcharlton@steptoe.com
ktilleman@steptoe.com

s/Steven C. Holtzman
Steven C. Holtzman