WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SolarCity Corporation, | No. CV-15-00374-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Salt River Project Agricultural Improvement and Power District, et al., | |
| Defendants. | |

This case involves Plaintiff SolarCity Corporation's ongoing challenge to Defendant Salt River Project Agricultural Improvement and Power District's (the District) recent changes to its retail electricity rate structure. On October 27, 2015, the Court partially denied the District's motion to dismiss, finding that SolarCity had adequately alleged its Sherman Act claim. (Doc. 77 at 19-21.) In ruling, the Court rejected three of the District's defenses: absolute immunity under A.R.S. § 12-820.01, immunity under the state action doctrine, and application of the filed-rate doctrine. (*Id.* at 23-25.) On November 20, 2015, the District filed a notice of interlocutory appeal of the Court's Order, (Doc. 81), moved to certify those issues for appeal, (Doc. 82), and requested that the Court stay all further proceedings pending appeal, (Doc. 83). The Court denied the motion for certification, denied the motion to stay, and ordered the parties to complete discovery. (Doc. 102.) Discovery is now complete, and the District's appeal is set for argument before the Ninth Circuit.

1  The District has filed a renewed motion to stay proceedings pending resolution of its appeal, (Doc. 148), and SolarCity has filed a motion for preliminary injunction, two motions to seal, and a motion for leave to file excess pages, (Docs. 151, 152, 153, 161). The District has filed a cross-motion for leave to file excess pages and for a briefing schedule regarding SolarCity's motion for preliminary injunction. (Doc. 167.) The motions are fully briefed, and neither party requested oral argument. For the reasons below, the District's motion to stay is granted and the remaining motions are denied as moot.

## MOTION TO STAY

The District argues that a stay pending resolution of the interlocutory appeal is necessary because the appeal divests the Court of jurisdiction to rule on claims to which the appealed immunities and defenses apply. The District also argues that proceeding to trial on these issues risks wasting judicial resources because a Ninth Circuit decision in its favor could dispose of all of SolarCity's claims. Alternatively, in the event the Court declines to issue a stay on jurisdictional grounds, the District argues the Court should exercise its discretion and stay the case because it would suffer irreparable harm if forced to proceed to trial. Given the current posture of the case, the Court agrees that a stay is necessary at this juncture because it lacks jurisdiction to decide the issues on appeal and proceeding in this case risks wasting judicial resources.[1]

"The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over *those aspects of the case involved in the appeal*." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (emphasis added); *see also City of L.A., Harbor Div. v. Santa*

---

[1] In its previous order denying the District's first motion to stay, the Court rejected the District's argument for a discretionary stay. (Doc. 102 at 10-11.) The Court concluded that the District was unlikely to succeed on the merits of its appeal because state action immunity did not protect the District's conduct, fact issues precluded a determination of whether the District was absolutely immune under Arizona law, and the filed-rate doctrine did not apply to this case. (*Id.* at 3-9, 11.) The Court also found that the District failed to demonstrate irreparable harm absent a stay. (*Id.* at 11.) The Court stands by its prior decision, and thus the District's renewed request for a discretionary stay is denied.

- 2 -

*Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal."). At the same time, an interlocutory appeal "does not divest the trial court of jurisdiction to continue with other phases of the case" not related to the issues on appeal. *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). Here, the issue before the Ninth Circuit is whether the District's three defenses bar SolarCity's claims as a matter of law. Oral argument is scheduled for November—the same month in which this case is set for trial.

An important factor in determining whether an interlocutory appeal divests the district court of jurisdiction over particular aspects of the case is whether the appeal has the potential to substantially affect the merits of the case. For example, in *Melendres v. Arpaio*, 695 F.3d 990, 1002-03 (9th Cir. 2012), the Ninth Circuit "applaud[ed]" the district court's decision to proceed to trial notwithstanding the defendants' interlocutory appeal of the district court's grant of preliminary injunctive relief. The Ninth Circuit noted that the appeal "affect[ed] the rights of the parties only until the district court renders judgments on the merits of the case[.]" *Id.* at 1003 (quoting *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 2012)). The Ninth Circuit's reversal of the district court's grant of preliminary relief would not affect the ultimate disposition of the case. In other words, no matter the result of the appeal, the case would move forward given that preliminary relief is non-dispositive and there is no risk of inconsistent rulings on the merits.

The result is not the same here, where the Ninth Circuit's ruling has the potential to substantially and permanently affect the rights of the parties. Discovery is complete and the parties are preparing to file summary judgment motions. The District will certainly raise the state action doctrine, immunity under Arizona law, and the filed-rate doctrine as defenses to SolarCity's claims in its summary judgment brief or at trial. Indeed, in ruling on the first motion to stay, the Court noted that the District was free to raise these defenses at summary judgment. (Doc. 102 at 10 n.7.) These defenses are

potentially case dispositive, and are thus intertwined with the merits of SolarCity's claims. The Court cannot rule on the merits of the case without addressing those defenses. As such, the Court will no longer be faced with "other phases of the case" over which it retains jurisdiction, such as discovery. *Plotkin*, 688 F.2d at 1293. Rather, it will be forced to consider "aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. In addition, it would be an inefficient use of judicial resources for both this Court and the Ninth Circuit to consider the same issues simultaneously with the looming risk of inconsistent rulings. Consequently, the Court concludes that it lacks jurisdiction to rule on issues that will certainly be raised in the next phase of this litigation, and thus a stay pending resolution of the District's interlocutory appeal is necessary.[2]

SolarCity argues that a ruling by the Ninth Circuit in favor of the District on its defenses would only bar its damages claims, not its claim for prospective injunctive relief. (Doc. 173 at 14.) But the state action doctrine exempts state and local regulation from federal and state antitrust liability. *Cost Mgmt. Servs, Inc. v. Wash. Nat. Gas Co.*, 99 F.3d 937, 941 (9th Cir. 1996); *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 610 (9th Cir. 2005) (finding Arizona state law antitrust claims barred by state action doctrine). In addition, the filed-rate doctrine bars injunctive relief in the antitrust context. *See Pub. Utility Dist. No. 1 of Snohomish Cty. v. Dynergy Power Mktg., Inc.*, 384 F.3d 756, 761-62 (9th Cir. 2004). Last, the application of A.R.S. § 12-820.01 would bar SolarCity's state law damages claims. Thus, a Ninth Circuit ruling in the District's favor on all issues could dispose of all of SolarCity's claims.

SolarCity argues that the issues pending before the two courts are different: this Court is charged with determining whether SolarCity "can prove the facts needed to establish the antitrust and tort merits," while the Ninth Circuit is charged with

---

[2] The District also argues a stay is necessary because, in the Ninth Circuit "where . . . the interlocutory claim is *immediately appealable*, its filing divests the district court of jurisdiction to *proceed with trial*." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (emphasis added). In denying the first motion to stay, however, the Court expressed serious doubts as to whether the issues were immediately appealable given that the Court did not render a final decision on the issues and the District was free to raise them again at summary judgment. (Doc. 102 at 10 n.7.)

- 4 -

1 determining whether the District's defenses apply as a matter of law. (Doc. 173 at 13.)
2 However, the Court cannot ignore the District's defenses at summary judgment or trial.
3 Proceeding to trial would place the Court in the untenable position of ruling on the
4 District's defenses while the Ninth Circuit is considering whether they bar SolarCity's
5 case completely, running the risk of wasting substantial resources of the Court and the
6 parties.

7 In conclusion, given the posture of this case and the issues presented on appeal,
8 the Court finds that it lacks jurisdiction over SolarCity's claims. The issues on appeal are
9 intertwined with the merits of this case and the result of the appeal could permanently
10 affect the rights of the parties. To conserve judicial resources and mitigate the risk of
11 inconsistent rulings, the Court stays this matter pending resolution of the District's
12 appeal.

### **REMAINING MOTIONS**

14 SolarCity filed a motion for preliminary injunction and a motion for leave to file
15 excess pages. (Docs. 151, 153.) The District opposes the motion for leave to file excess
16 pages and argues a motion for preliminary injunction is inappropriate at this time given
17 the procedural posture of the case. (Doc. 167.) The Court agrees with the District.

18 The Court has already concluded that a stay is appropriate in this case given that
19 the issues raised on appeal are potentially dispositive of SolarCity's claims. The Court
20 has serious doubts that it retains jurisdiction to issue a preliminary injunction, and even if
21 it did, judicial economy cautions against granting preliminary relief in this case. A Ninth
22 Circuit ruling in favor of the District would invalidate any preliminary relief, dispose of
23 the entire case, and result in wasted resources of the Court and the parties. In addition,
24 the appeal is set for argument in November, and thus a Ninth Circuit decision likely is
25 imminent. Should the stay be lifted after resolution of the appeal, SolarCity may refile its
26 motion if necessary. Accordingly, all three motions are denied as moot.

27 **IT IS ORDERED** that the District's motion to stay, (Doc. 148), is **GRANTED**.
28 All further proceedings in this matter are stayed pending resolution of the District's

interlocutory appeal before the Ninth Circuit. All deadlines in this matter are vacated. Upon resolution of the appeal, the parties shall contact the Court to schedule a status conference.

**IT IS FURTHER ORDERED** that SolarCity's motion for leave to file excess pages, (Doc. 151), SolarCity's motion to seal, (Doc. 152), SolarCity's motion to seal (Doc. 161), and the District's motion for leave to file excess pages and for a briefing schedule, (Doc. 167), are **DENIED**.

Dated this 19th day of September, 2016.

Douglas L. Rayes
United States District Judge